UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANIEL R. GOLDENSON, et al., )
)
    Plaintiffs, )
)
v. ) No. 2:10-cv-440-JAW
)
JOHN L. STEFFENS, et al., )
)
    Defendants )

## MEMORANDUM DECISION ON MOTION FOR RULING ON CHOICE OF LAW

The defendants, John L. Steffens, Gregory P. Ho, Spring Mountain Capital, GP, LLC, Spring Mountain Capital, LP, and Spring Mountain Capital, LLC, move "in the interests of efficiency" for a ruling "in advance of the responsive pleading deadline" that New York law applies to the plaintiffs' state-law claims. Defendants' Motion for Ruling on Choice of Law ("Motion") (Docket No. 14). The plaintiffs oppose the motion. Plaintiffs' Objection to Defendants' Motion for Ruling on Choice of Law ("Opposition") (Docket No. 18).

Contrary to the defendants' assertion, it is not clear from the opinion in *Gates Formed Fibre Prods., Inc. v. Plasti-Vac, Inc.*, 687 F. Supp. 688 (D. Me. 1988), that Judge Carter of this court "decide[d the] choice-of-law question prior to merits briefing[,]" Motion at 3, in that case. All that is clear is that the parties in that declaratory judgment action filed cross motions *in limine* on the choice-of-law question and that the court ruled on those motions, noting that it would "apply Maine law in construing the insurance contract." 687 F. Supp. at 691. For all that appears in the opinion, the briefing on the merits, if any, could already have been completed by the time the court chose to decide the choice-of-law question separately.

In any event, the customary practice in this court is to brief choice-of-law issues, if any, along with the merits in a motion to dismiss or for summary judgment.

The defendants have already indicated that, if the instant motion is denied, they will file a motion to dismiss by the existing December 27, 2010, responsive pleading deadline. *See* Docket No. 17 at 2. They have not offered any reason unique to this case why the court should depart from its customary practice and decide the choice-of-law issue first. In any case in which a choice-of-law question arises, the parties could reasonably assert that it would serve "judicial economy," Motion at 1, if the court would, at the outset of the case, advise the party or parties interested in filing dispositive motions of which state's law it would apply to certain claims. In any case in which a choice-of-law issue arises, early resolution of that issue might well make it possible for the parties to file shorter briefs thereafter on any dispositive issues. *Id*. at 3-4. Those reasons, which are all that the defendants offer, are not enough to justify what could only be a longer procedure for the court, possibly on a less-developed record. Under the defendants' proposal, the court would have to decide two separate issues at two separate times, rather than at the same time, as is the norm in this district.

The defendants have already done fairly extensive briefing on the substance of the choice-of-law issue, and the plaintiffs have done some. Motion at 4-10, Opposition at 4-5. The parties will not need to repeat that effort in order to incorporate the issue into the defendants' anticipated motion to dismiss and the plaintiffs' response.

The Defendants' Motion for Ruling on Choice of Law is **DENIED**.

Dated this 8th day of December, 2010.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge