UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL R. GOLDENSON, <br> SUZANNE K. GOLDENSON, <br> SKG PARTNERS, L.P., and <br> SKG GENERAL CORP., <br> <br> Plaintiffs, <br> <br> v. <br> <br> JOHN L. STEFFENS, GREGORY P. HO, <br> SPRING MOUNTAIN CAPITAL G.P., LLC <br> SPRING MOUNTAIN CAPITAL, LP, and <br> SPRING MOUNTAIN CAPITAL, LLC <br> <br> Defendants. | ) <br> ) <br> ) Case No. 10-CV-440 (JAW) <br> ) <br> ) <br> ) **DEFENDANTS' MOTION AND** <br> ) **INCORPORATED MEMORANDUM** <br> ) **OF LAW FOR SANCTIONS AND AN** <br> ) **AWARD OF COSTS INCURRED IN** <br> ) **OPPOSING PLAINTIFFS' MOTION** <br> ) **TO COMPEL AGAINST SIMPSON** <br> ) **THACHER & BARTLETT LLP** <br> ) <br> ) <br> ) |

Defendants John L. Steffens, Gregory P. Ho, Spring Mountain Capital, G.P., LLC, Spring Mountain Capital, LP, and Spring Mountain Capital, LLC ("Defendants") seek the imposition of sanctions, and an award of costs in an amount to be determined at a hearing, against Plaintiffs Daniel R. Goldenson, Suzanne K. Goldenson, SKG Partners, L.P. and SKG General Corp. ("Plaintiffs") for legal fees and expenses incurred by Simpson Thacher & Bartlett LLP ("STB"), and Defendants' counsel in this proceeding, Spears & Imes LLP, in defending against Plaintiffs' motion to compel the production of documents by STB pursuant to a subpoena issued to STB by Plaintiffs out of the United States District Court for the Southern District of New York ("Motion to Compel").

### I. INTRODUCTION

Plaintiffs issued a Rule 45 subpoena to STB in the Southern District of New York in October 2011, calling for production of an enormous volume of privileged materials relating to STB's attorney-client relationship with certain Defendants. After STB made a timely objection on grounds of privilege, Plaintiffs gave notice to STB in December 2011 of Plaintiffs' intention

to abandon the subpoena. In February 2012, Plaintiffs made a document request to Defendants seeking the same privileged materials directly from Defendants that they had previously sought from STB. However, after a period of intense and acrimonious discovery disputes before this Court in February 2012, Plaintiffs executed a 180 degree turn, commencing a subpoena enforcement proceeding against STB in the District Court in New York and abandoned their direct request to Defendants. In pursuing that course, Plaintiffs made misleading statements to the District Court in New York and willfully disregarded an order of this Court. At a hearing before the District Court in New York, that Court summarily dismissed Plaintiffs' Motion to Compel.

Plaintiffs' conduct amounted to the kind of improper discovery tactics that warrant sanctions under the law. Accordingly, Defendants seek the imposition of sanctions against Plaintiffs, specifically an award of costs to Defendants for the legal fees and expenses incurred by STB and Spears & Imes in connection with their mutual opposition to the Motion To Compel, in an amount to be determined by this Court at a hearing.

## II. FACTS[1]

STB is a large international law firm with offices in New York City and other locations. STB was retained by various Spring Mountain entities and affiliates ("Spring Mountain") in December 2008 in the aftermath of, and in response to, the arrest of Bernard Madoff on December 11, 2008, and the consequent public revelation of the large-scale fraud Madoff had orchestrated. *See* SDNY Dkt. No. 20, ¶ 2; SDNY Dkt. No. 21, ¶¶ 3-4.

---

[1] Defendants cite herein to certain filings made in this proceeding in the United States District Court for the District of Maine, and in a proceeding in the United States District Court for the Southern District of New York captioned *In re Goldenson Subpoena Enforcement Action*, No. 1:12-mc-00068-P1, by the docket number associated with that filing in the respective District Court where the filing occurred. Filings made in this Court are cited as "Dkt. No.___" and filings made in the Southern District of New York are cited as "SDNY Dkt. No.___." Upon request by the Court, Defendants will provide hard copies of any and all of the filings cited herein in this manner. In addition, Defendants cite herein to the Declaration of David Spears In Support Of Motion For Sanctions And An Award Of Costs, dated April 18, 2012, and to exhibits attached thereto, as "Spears Decl. Ex. ___."

2

On October 24, 2011, Plaintiffs served on STB in New York City a Rule 45 subpoena calling for the production of documents relating to STB's attorney-client relationship with Spring Mountain. *See* Spears Decl. Ex. A. The two requests for documents set out in the subpoena read as follows:

1. All documents … concerning your provision of professional legal services to the investors of the Spring Mountain Partners QP I, LP (the "Fund"), or to persons or entities having authority to obtain professional legal services on behalf of the Fund or its investors, between December 1, 2008 and the present; and

2. All non-privileged documents … arising out of your provision of legal services to any of the following persons or entities, or to persons or entitles having authority to obtain professional legal services on behalf of the following persons or entities:

   a. John L. Steffens;
   b. Gregory P. Ho;
   c. Spring Mountain Partners QP 1, LP;
   d. Spring Mountain Capital GP, LLC;
   e. Spring Mountain Capital LP; or
   f. Spring Mountain Capital, LLC,

   between January 1, 2001 and the present, that relate to or reference J. Ezra Merkin, Bernard Madoff, Bernard L. Madoff Investment Securities, LLC, Ascot Partners, L.P., the Ascot Fund, Ascot Fund Limited, Gabriel Capital, L.P., the Gabriel Fund, Ariel Capital, L.P. or the Ariel Fund.

On November 7, 2011, STB objected to the subpoena in its entirety. *See* Spears Decl. Ex. B. On December 8, 2011, Plaintiffs wrote to STB signaling Plaintiffs' intention to take no further action with regard to the subpoena, but rather to make arguments at the trial of this proceeding regarding STB's refusal to produce in response to the subpoena. *See* Spears Decl. Ex. C.

Two months later, on February 9, 2012, Plaintiffs issued to Defendants a Second Request For The Production Of Documents And Things ("Second Request"). *See* Spears Decl. Ex. D. Plaintiffs' Request No. 13 was clearly intended to fill in for their abandoned Rule 45 subpoena to

STB, as Request No. 13 is strikingly similar to Request No. 1 of Plaintiffs' subpoena to STB. Request No. 13 calls for:

> All documents ... concerning communications occurring among or between Spring Mountain and Simpson, Thacher and Bartlett LLP regarding the transactional, structural, regulatory and litigation issues for which Spring Mountain sought their legal advice on behalf of Spring Mountain's investors between December 1, 2008 and the Present.

On February 28, 2012, Defendants moved before this Court for a protective order striking Requests No. 1-10 and 12 of the Second Request; but Defendants did not seek relief from the Court with regard to Request No. 13. On March 12, Defendants made a timely formal objection, to Request No. 13 on the grounds, among others, that it calls for documents protected by the attorney-client privilege and/or the work product privilege. *See* Spears Decl. Ex. E.

On March 6, 2012, before receiving Defendants' objection to Request No. 13, and knowing only that it was not a subject of Defendants' motion for a protective order, Plaintiffs filed their Motion To Compel in the District Court in New York, seeking to enforce the October 24, 2011 subpoena to STB. Prior to filing that Motion, Plaintiffs did not contact Defendants to discuss Plaintiffs' intention to commence the subpoena enforcement action against STB, and in particular (1) the overlap between Request No. 1 in the subpoena to STB and Request No. 13 in Plaintiffs' Second Request, and (2) the overlap between Request No. 2 in the subpoena to STB and all of the Requests Plaintiffs had addressed to Defendants in discovery.

On March 20, 2012, STB filed its opposition to Plaintiffs' Motion to Compel, a 25-page memorandum of law, *see* SDNY Dkt. No. 19, accompanied by declarations from a partner at STB, the General Counsel of Spring Mountain, and counsel for Defendants in this action, *see* SDNY Dkt. No. 20, No. 21, No. 22. The declaration from Defendants' counsel in this action (undersigned counsel) informed the District Court in New York that (1) Plaintiffs had sought the same privileged documents from Defendants directly in this action that they were seeking from

4

STB in the subpoena enforcement proceeding; and (2) after Defendants had formally objected, Plaintiffs had taken no further action. *See* SDNY Dkt. No. 22, ¶¶ 14-15.

On March 22, 2012, this Court conducted a hearing to address a large number of discovery disputes, including Defendants' motion for a protective order relating to portions of Plaintiffs' Second Request. During the four hours of argument and dialog with the Court at the hearing, Plaintiffs never addressed Defendants' privilege objection to Request No. 13 in Plaintiffs' Second Request or sought any relief from this Court relating to that Request. At the conclusion of the hearing, the Court denied Defendants' motion for a protective order regarding portions of the Second Request, but the Court made clear that it expected Plaintiffs to limit the materials they were seeking under the Second Request so that Defendants could make full production in response by April 29. The Court ordered the parties to meet and confer by April 5 with respect to all of the materials Plaintiffs would be seeking under the Second Request, and to submit letters to the Court by April 9 pointing out any disagreements regarding Defendants' obligations under the Second Request. The Court also adjusted certain dates in its prior Scheduling Order, including setting a new date for discovery cut off of May 7, 2012.[2]

---

[2] On March 28, the Court entered its Order formalizing the rulings it had made orally on March 22. *See* Dkt. No. 98. Among other things, the Order provided:

> I ***DIRECTED*** counsel for the parties to meet and confer, no later than April 5, 2012, to narrow the scope of the Second [Document Request] sufficiently to enable the defendants reasonably to produce *all* documents responsive to that [Document Request], as narrowed, within 30 days of the instant hearing date, or by April 23, 2012. I further ***DIRECTED*** that, to the extent that any dispute remains, the parties submit to me, by noon on April 9, 2012, nonargumentative letters not to exceed five pages single-spaced per side. The plaintiffs shall describe how, in their view, they have narrowed the Second [Document Request] sufficiently to make it possible that the defendants can produce responsive documents by April 23, 2012, and the defendants shall explain why, in their view, that is not possible. I anticipate convening a teleconference during the week of April 9, 2012, to resolve any remaining dispute on that point.

(Emphasis on "all" added).

5

On March 26, 2012, in the District Court in New York, Plaintiffs filed their reply memorandum to STB's opposition to Plaintiff's Motion To Compel, accompanied by a declaration of Plaintiffs' counsel. In the declaration, after acknowledging that Plaintiffs had served Defendants with the Second Request on February 9, 2012, and that the request "sought, in part, the very same documents" that Plaintiffs were seeking to compel STB to produce in New York, Plaintiffs' counsel made the following statements regarding developments in this Court relating to Request No. 13 and Defendants' motion for a protective order:

> [T]he Spring Mountain Defendants immediately moved for protection from this request, which the [Plaintiffs] opposed. On March 22, 2012, the United States District Court for the District of Maine denied the Spring Mountain Defendants' motion, but declined to insert itself into the issue of privilege now pending before this Court.

*See* Spears Decl. Ex G. These statements were inaccurate because Defendants had not sought a protective order with regard to Request No. 13 in the Second Request, and consequently this Court had not denied such a motion; and because this Court had said nothing at all at the March 22 hearing regarding the "issue of privilege ... pending before" the District Court in New York. *See* Spears Decl. Ex. F.

In response to this Court's oral order on March 22 requiring the parties to meet and confer regarding the Second Request, on March 27, 2012, Plaintiffs' counsel sent to Defendants' counsel an email setting out "Plaintiffs' proposals for narrowing the scope of their Second Document Request." The email addressed all of the Requests except No. 13, as to which counsel stated: "We expect this request to be resolved in the Southern District of New York next week." Spears Decl. Ex. H.

On April 2, 2012, Defendants, as Intervenors in the subpoena enforcement proceeding, filed an opposition to Plaintiffs' Motion to Compel against STB. *See* SDNY Dkt. No. 37. In that opposition, Defendants detailed the facts discussed herein, and argued that the proper venue for

6

Plaintiffs' efforts to breach Defendants' attorney-client privilege was this Court, and not the District Court in New York. On April 3, Plaintiffs' counsel and Defendants' counsel appeared before United States District Judge Barbara S. Jones in the District Court in New York. Upon taking the bench, Judge Jones immediately informed the parties that she had spoken with this Court earlier in the day, and that she and this Court agreed that the proper place for Plaintiffs to seek to breach Defendants' privilege was before this Court; and accordingly she summarily dismissed Plaintiffs' Motion to Compel against STB. Plaintiffs' counsel immediately represented to Judge Jones in open court that this Court – the Court in Maine – knew about Plaintiffs' Motion to Compel against STB in the District Court in New York and was fine with it. *See* Spears Decl. Ex. H. Judge Jones repeated what she had said seconds before regarding her telephone conversation with this Court, and stated again that Plaintiffs' Motion was dismissed.

In connection with Plaintiffs' Motion To Compel against STB, STB and Defendants' counsel in this proceeding jointly incurred a substantial amount of fees and expenses. Defendants are prepared to prove the amount of fees and expenses with particularity at a hearing.

### III. ARGUMENT

"[T]he decision as to whether discovery sanctions are warranted and the choice of what sanctions should be imposed are matters within the sound discretion of the trial court." *U.S. v. Soto-Beniquez*, 356 F.3d 1, 30 (1st Cir. 2003) (internal quotation marks omitted). Courts have an "inherent power" to sanction a party for misconduct in the course of a litigation, including improper discovery tactics. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 42 (1991); *see also id.* at 44 ("A primary aspect of [a court's] discretion is the ability to fashion an appropriate sanction for conduct which abuses the judicial process."); *id. at* 50 (finding that a court "may safely rely on its inherent power" to sanction a party even when there are no statutes or rules that specifically reach the improper conduct at issue); *In re Villa Marina Yacht Harbor, Inc.*, 984 F.2d 546, 548

(1st Cir. 1993) (District Court has the "inherent power" to "fashion appropriate sanctions for abuses of the judicial process"); *Pan Am. Grain Mfg. Co. v. Puerto Rico Ports Auth.*, 193 F.R.D. 26, 31 (D. Puerto Rico 2000) (sanctioning improper discovery conduct in the litigation and invoking the court's "inherent powers that enable it to enforce standards of conduct during discovery."); *cf. Bose BV v. Zavala*, No. 09 Civ. 11360, 2010 WL 2733621, at *2 (D. Mass. July 8, 2010) (making reference to the "recent sanctions imposed under [Federal Rule of Civil Procedure] 37 for the on-going abusive discovery tactics in this case").

Plaintiffs' actions in seeking to compel the production of privileged documents from STB in New York rather than seeking the intervention of this Court were the kind of improper discovery conduct that merits the imposition of sanctions and an award of costs to Defendants.

First, it was improper for Plaintiffs to commence the proceeding against STB at all. Plaintiffs had given an unmistakable indication of intent to abandon the subpoena to STB and had subsequently sought the very same documents directly from Defendants in this proceeding. However, based upon Plaintiffs' motion practice before this Court in February, including the resistance they encountered from Defendants and the resulting uncertainty as to how they would fare before this Court, Plaintiffs elected to try their luck before a different court.

It is well-established that a party should pursue discovery available from other parties before burdening non-parties to an action. *See, e.g., Burns v. Bank of America*, No. 03 Civ. 1685, 2007 WL 1589437, at *14 (S.D.N.Y. 2007) ("Subpoenas under Rule 45 are clearly *not meant to provide an end-run* around the regular discovery process under Rules 26 and 34. If documents are available from a party, it has been thought preferable to have them obtained pursuant to Rule 34 rather than subpoenaing them from a non-party witness [pursuant to Rule 45].") (emphasis added); *Arista Records LLC v. Lime Group LLC*, 2011 WL 781198, at *4-*5

(S.D.N.Y. Mar. 4, 2011) (reversing order compelling production of subpoenaed documents because "speculation that the non-parties . . . may have relevant documents" was outweighed by "the significant burden . . . [the subpoena] placed on the non-parties" and stating that production should be compelled "from a non-party *only after . . . [the court has] reason to believe that the documents sought from the non-party could not be obtained from the defendant*") (emphasis in original).

Plaintiffs flouted this well-established rule. Their pivot from this Court to the District Court in New York was a transparent attempt to make an "end-run around the regular discovery process" that was taking place in this Court. There was no legitimate reason for Plaintiffs to abandon the track they were already on in this Court and burden STB with the Motion to Compel in New York, particularly when they had already communicated to STB that they would not pursue the subpoena in New York. Abruptly changing courts and switching their target, as Plaintiffs did, was plainly an improper exercise in forum shopping that created unnecessary and burdensome expense. Plaintiffs' commencement of proceedings against STB is deserving of sanctions.

The manner in which Plaintiffs pursued those proceedings also warrants sanctions. The Plaintiffs misstated the facts regarding the proceedings before this Court in the declaration they filed with the District Court in New York. *Supra* at 6. This was a cynical and improper attempt to exploit the New York Court's unfamiliarity with the proceedings in this case, by misstating the procedural history and seeking to lead the New York Court to believe that this Court had already rejected a privilege motion by Defendants and actually approved of Plaintiffs' efforts in the New York Court. Further, Plaintiffs flagrantly disregarded and violated this Court's order to

9

meet and confer with Defendants as to "all" of the documents they were seeking under the Second Request.

In short, Plaintiffs' strategic ploy in bringing proceedings against STB in New York, and the indefensible manner in which they pursued those proceedings, warrant the imposition of sanctions.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court sanction Plaintiffs and award Defendants costs, in an amount to be determined at a hearing, for the legal fees and expenses incurred in opposing the Motion to Compel.

Dated: April 18, 2012
New York, New York

                                            SPEARS & IMES LLP

                                      By: /s/ David Spears
                                              David Spears

                                      By: /s/ Max Nicholas
                                              Max Nicholas
                                              51 Madison Avenue
                                              New York, New York  10010
                                              Telephone: (212) 213-6996

                                            DRUMMOND WOODSUM

                                      By: /s/ James T. Kilbreth
                                              James T. Kilbreth
                                              Drummond Woodsum
                                              84 Marginal Way
                                              Portland, Maine 04101
                                              Telephone (207) 253-0555

                                            *Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on April 18, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Thimi R. Mina
>Jay P. McCloskey
>Alfred Frawley
>McCloskey, Mina & Cunniff, LLC
>12 City Center
>Portland, ME 04101

Dated: April 18, 2012

/s/ Max Nicholas
Max C. Nicholas
51 Madison Avenue
New York, New York 10010
(212) 213-6996
mnicholas@spearsimes.com