**Alfred Frawley**

| | |
|---|---|
| From: | Michelle Skinner [mskinner@spearsimes.com] |
| Sent: | Thursday, April 05, 2012 12:59 PM |
| To: | Alfred Frawley; David Spears; Kilbreth, James |
| Cc: | Jay P. McCloskey; Thimi R. Mina; Alison Ward; Max C. Nicholas |
| Subject: | RE: Second Document Request |

In advance of our 2:30 call, below is a summary of where we are:

Requests #s 1 and 2 (flash reports, etc.): Defendants will collect and produce responsive documents within their custody and control.

Request #3 (Ascot and Gabriel offering memoranda and subscription agreements): Defendants will collect and produce responsive documents within their custody and control.

Requests #s 4 and 5 (communications concerning late 2008 transfers of investments): Defendants will collect and produce responsive communications/emails/documents, mirroring the language in the document request. Date range is limited to Sept. 1, 2008-Dec. 31, 2008.

Request #6: withdrawn/plaintiffs are not pressing at this time.

Request #7 (communications with Rothstein Kass and Citibank re accounting treatment of Madoff losses): Defendants will collect and produce responsive communications/emails/documents, mirroring the language in the document request. Defendants have proposed limiting the end date to the date in 2009 on which the audited financials were distributed. Plaintiffs will consider.

Request #8 (federal tax returns and supporting documents): Defendants will collect and produce responsive documents within their custody and control, as limited to the tax years 2007 and 2008. Plaintiffs confirmed that they do not seek K-1s for individual investors (other than those for Ho and Steffens, which have been produced in response to plaintiffs' first document request).

Request #9 (Steffens and Ho individual tax returns): Defendants continue to object to this request in its entirety. If plaintiffs continue to press, this issue will have to be decided by the court.

Request #10 (communications re Madoff): Defendants propose searching for the word "Madoff" within the mailboxes of the 12 custodians identified in plaintiffs' initial disclosures (same 12 custodians that were agreed upon and searched in prior email searches in this matter), using the date range January 1, 2000 to December 10, 2008. Defendants would produce all non-privileged documents resulting from this search.

Request #11: withdrawn/plaintiffs are not pressing at this time.

Request #12 (communications with Picard and Ascot/Gabriel receivers): Defendants will collect and produce responsive communications/emails/documents, mirroring the language in the document request. Date range is limited to Dec. 1, 2008-Oct. 27, 2010. Defendants understand this request to include any quarterly reports received from the Ascot and Gabriel receivers during this time period.

Request #13 (STB documents): Defendants continue to object to this request in its entirety. If plaintiffs continue to press, this issue will have to be decided by the court.

As to all of the above:

1

1) Defendants do not intend to run search terms in Spring Mountain email files with the exception of request #10, but will collect responsive documents and communications (including emails where called for) manually.
2) As to the requests on which agreement is reached, Plaintiffs do not reserve the right to argue at a later time for an interpretation of any such request that is inconsistent with the agreement reached.

---

Michelle Skinner
Spears & Imes LLP
51 Madison Avenue
New York, NY 10010
Direct: (212) 897-4483
Fax:   (212) 213-0849
mskinner@spearsimes.com

---

**From:** Alfred Frawley [mailto:AFrawley@lawmmc.com]
**Sent:** Wednesday, April 04, 2012 6:17 PM
**To:** Michelle Skinner; David Spears; Kilbreth, James
**Cc:** Jay P. McCloskey; Thimi R. Mina
**Subject:** Second Document Request

Michelle,

Here are our proposals for further narrowing RFP Nos. 10 and 12 as per our conversation this afternoon. Regarding RFP No. 10, we propose December 31, 2009 as the cutoff date for your search. Let's discuss proposed custodians and search terms tomorrow. Regarding RFP No. 12, we have no problem with your suggestion to limit your search to communications, documents and ESI to before the date we filed our complaint. Regarding our other requests, except for Nos. 9 and 13, we agree to your proceeding in the manner you suggested without waiving our right to request a more thorough search if necessary. Before we speak tomorrow, would you mind putting this in writing just to make sure we are on the same page?

Does a time between 2 and 4 tomorrow work for your office? Assuming we can resolve our remaining differences on Nos. 10 and 12, my suggestion is that we then draft a joint letter to the Court explaining our substantial agreement but requesting leave, without argument, for the Plaintiffs to file a motion to compel production under RFP Nos. 9 and 13 because the parties believe there are discrete legal issues surrounding these specific requests.

Thanks,

Al

Alfred C. Frawley IV
McCloskey, Mina & Cunniff, LLC
12 City Center
Portland, Maine 04101