## UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | |
|---|---|
| **DANIEL R. GOLDENSON, et al.,** ) | |
| ) | |
|     **Plaintiffs** ) | |
| ) | |
| v. ) | No.: 2:10-cv-440-JAW |
| ) | |
| **JOHN L. STEFFENS, et al.,** ) | |
| ) | |
|     **Defendants** ) | |

### REPORT OF HEARING AND ORDER
### RE: DISCOVERY

Held in Portland by telephone on May 9, 2012, at 8:00 a.m.

Presiding:        John H. Rich III, United States Magistrate Judge

Appearances:    For the Plaintiffs:  Alfred Frawley, Esq.
                                     Jay McCloskey, Esq.

                 For the Defendants: David Spears, Esq.
                                     Michelle Skinner, Esq.
                                     James Kilbreth, Esq.
                                     Max Nicholas, Esq.

The teleconference was held at the request of the plaintiffs' counsel, by letter to me dated May 1, 2012, to resolve a dispute over the defendants' refusal to reveal the identities of two non-party investors whose names were redacted from two emails produced to the plaintiffs. The emails in question were attached to that letter. I also had the benefit of a response from Attorney Spears dated May 4, 2012, in which Attorney Spears not only addressed the redaction of investor names but also asked to discuss (i) a request for expedited consideration of the defendants' pending motion for

leave to file a designation of expert out of time and for additional discovery, ECF No. 116, (ii) a motion filed in the United States District Court for the Southern District of New York ("S.D.N.Y.") to compel discovery from a law firm, Lowenstein Sandler PC, and (iii) an enlargement of the June 11, 2012, deadline for the filing of dispositive/*Daubert*/*Kumho* motions.

With respect to the issue of the redaction of investor names, counsel for the plaintiffs argued that the emails revealed strikingly similar circumstances between their clients' experiences with the Spring Mountain defendants in the wake of the revelation of the Bernard Madoff scandal and those of the two unnamed investors, as a result of which those unnamed investors potentially could be key witnesses in the plaintiffs' case against the defendants. Counsel for the defendants observed that they had consistently redacted the names of nonparty investors to protect their privacy and that the plaintiffs had not shown that the probative value of the revelation of those two names outweighed those individuals' privacy interests.

Treating the plaintiffs' request as a motion to compel the disclosure of the identities of the two investors, I ***DENIED*** it, reasoning that, although the motion was timely made shortly after the production in late April 2012 of the two emails at issue and prior to the general discovery deadline of May 7, 2012, and the investors' identities were arguably relevant, the probative value of the disclosure of their identities was too attenuated to outweigh the invasion of their privacy interests, *see, e.g., Arenson v. Whitehall Convalescent & Nursing Home, Inc.*, 161 F.R.D. 355, 358 (N.D. Ill. 1995) (weighing probative value of information against privacy interests); *Gottlieb v. Wiles*, 143 F.R.D. 235, 238-40 (D. Colo. 1992) (same), or the court's trial management concerns, given that:

1. It is a matter of speculation whether those individuals will be witnesses.

2. Nothing prevents the plaintiffs from seeking to introduce the emails into evidence and arguing that they demonstrate striking similarities between those investors' circumstances and their own.

3. The defendants, who have consistently redacted nonparty investor names during discovery in this case, correctly point out that the revelation of such investors' identities implicates their privacy interests, revealing, at the least, that they made investments with Spring Mountain.

4. Numerous discovery disputes already have arisen in this case whose resolution has required a considerable investment of time by both counsel and the court and necessitated several extensions of scheduling order deadlines. Discovery closed on May 7, 2012, save for an extension until May 21, 2012, solely for the purpose of the taking of expert witness depositions. *See* ECF No. 103 at 4. The disclosure of these two investors' identities runs the risk of further delay and even the spawning of satellite litigation, for example, should either or both nonparty investors wish to move to intervene or seek a protective order.

Turning to the separate issues raised by Attorney Spears, I:

1. ***GRANTED*** the defendants' request for expedited briefing of ECF No. 116, and, without objection, ***SET*** May 15, 2012, as the deadline for the plaintiffs' response, and May 17, 2012, as the deadline for the defendants' reply.

2. ***DIRECTED*** that (i) the parties confer in good faith regarding a collateral dispute arising from the defendants' subpoena of documents from Lowenstein Sandler PC in the S.D.N.Y. insofar as that dispute bears on ECF No. 116, and (ii) should that dispute remain unresolved, address it in their response and reply briefs.

3. ***DIRECTED*** that the defendants confer with the plaintiffs regarding a requested extension of the parties' deadline to file dispositive/*Daubert*/*Kumho* motions and to file a motion re: the same.

***SO ORDERED***.

## CERTIFICATE AND NOTICE

A. This report fairly reflects the actions taken at the hearing and shall be filed forthwith.

B. In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof. Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.

Dated this 9th day of May, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge