UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL R. GOLDENSON, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>JOHN L. STEFFENS, et al., )<br>)<br>Defendants. )<br>) | Case No. 10-CV-440 (JAW)<br><br>**EXPEDITED BRIEFING AND**<br>**HEARING REQUESTED** |

### DEFENDANTS' MOTION TO STRIKE PLAINTIFFS' SUPPLEMENTAL EXPERT DESIGNATION OF DR. PATRICK E. CONROY AS UNTIMELY

Defendants respectfully move to strike Plaintiffs' supplemental designation of their fourth proposed expert witness in this case, Dr. Patrick E. Conroy, as untimely, and to preclude Dr. Conroy on that basis from (1) offering evidence in support of or opposition to any motion for summary judgment and/or (2) testifying at trial.

**A.    Plaintiffs' Supplemental Designation Of Dr. Conroy Is Untimely**

On February 29, 2012, Plaintiffs provided designations for three expert witnesses and a skeletal, non-substantive designation for a fourth expert, Dr. Conroy. Plaintiffs promised that Dr. Conroy's designation would be "duly supplemented to specify any and all opinions he may offer as an expert witness." Declaration of Max Nicholas, dated June 4, 2012 ("Nicholas Decl."), Ex. A, pp. 11-12. However, Plaintiffs failed to supplement Dr. Conroy's designation until May 25, 2012 – nearly three weeks after the May 7 discovery cut-off, and four days after the May 21 deadline the Court had set "for the purpose of taking expert depositions." Dkt. No. 103 at 4. The result is that Defendants did not have a designation of any opinions at all for Dr.

Conroy until it was too late to examine him on those opinions at a deposition.  Moreover, as discussed *infra* at 5-6, Plaintiffs missed the May 21 expert deposition deadline despite frequent reminders and prodding by Defendants in the weeks leading up to it.

Plaintiffs' supplemental designation of Dr. Conroy is untimely and should be stricken.  *See, e.g.*, *Cruz v. Bristol Myers Squibb Co. PR, Inc.*, 777 F. Supp. 2d 321, 329 (D. Puerto Rico 2011) (striking interrogatories filed shortly *before* the close of discovery because they would not allow discovery to be "completed" by the deadline).  Plaintiffs knew about the May 21 deadline since the telephonic hearing on April 12.  *See* Dkt. No. 103.  They had every opportunity after that time to ask the Court for an extension – including another hearing on May 9 – but chose not to; nor did they ever approach Defendants about seeking to extend the deadline.  Plaintiffs apparently assumed that they could provide Dr. Conroy's designation irrespective of Court-imposed deadlines, an assumption that directly contradicts the stance they took on May 15 in opposing Defendants' attempt to designate their own expert after the deadline for doing so had expired.  *See* Dkt. No. 124 at 6 (Plaintiffs arguing that "[i]n this District, the expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them") (internal quotation marks, citations, and alterations omitted).

Plaintiffs should not be given a free pass for ignoring the May 21 deadline and failing – to this day – to ask the Court for more time.  Plaintiffs have argued for strict enforcement of expert discovery deadlines in this case and should be held to their own standards.  Dr. Conroy's supplemental designation should be stricken as untimely, and, given Plaintiffs' representation in their February 29 designation that "any and all opinions [Dr. Conroy] may offer as an expert

witness" would await the supplemental designation, he should be precluded from offering evidence at the summary judgment stage of this case or at trial.

**B.    Plaintiffs' Delay In Providing The Supplemental Designation Was Not Reasonable Or Substantially Justified**

Plaintiffs' failure to seek an extension of the May 21 deadline should preclude any argument that their delay was reasonable or substantially justified.[1] If Plaintiffs had a reasonable basis for withholding Dr. Conroy's supplemental designation until May 25, it was incumbent on them to alert the Court of that basis and request more time. But in any event, as set forth below, no reasonable basis existed for Plaintiffs' failure to meet the deadline.

   1.    Plaintiffs Had Ample Time To Provide The Supplemental Designation

In Plaintiffs' February 29 skeletal designation of Dr. Conroy, they represented that they would provide the supplement "within a reasonable period of time following his receipt of the discovery" that was contested at the time. Nicholas Decl. Ex. A, p.11. In the supplemental designation, Plaintiffs took pains to list the exact dates on which they had received each set of documents in that discovery, ostensibly to imply that those dates justified their waiting until May 25 to provide the supplement. *See id.* at Ex. B, pp. 1-2 n.1-n.8. As a threshold matter, Defendants do not concede that Plaintiffs needed these thousands of pages of documents to generate Dr. Conroy's supplemental designation, which is just over five pages and contains little

---

[1] Plaintiffs' belated supplemental designation should be subject to the "substantial justification" standard that is applied to late expert designations, *see, e.g.*, *Fortin v. Town of Wells*, No. 09 Civ. 179, 2009 WL 3327200, at *4 (D. Me. Oct. 13, 2009), because in Dr. Conroy's case the supplemental designation was the document containing "any and all" of his proposed expert opinions – *i.e.*, it was the real designation. But in any event, the supplemental designation does not pass either the "substantial justification" standard or Plaintiffs' "reasonable period of time" standard. *See infra* at 3-7.

3

substance.[2]  But Plaintiffs' argument as to dates fails even on its own terms: as Plaintiffs acknowledge, they began receiving the discovery at issue on March 16, 2012, and received the last of it on April 24 – more than four weeks before the May 21 deadline.  *See id.* (listing March 16 and April 24 as the bookend dates for the discovery at issue).  Plaintiffs thus had over two months from the date of the first relevant document production, and over four weeks from the date of the last relevant production, to review the documents they had insisted on receiving from Defendants, cull from them the limited number of documents they wanted Dr. Conroy to review and provide those to him, and draft the designation.[3]  That was "a reasonable period of time" for Plaintiffs to provide Dr. Conroy's supplemental designation to Defendants.  Alternatively, if Plaintiffs recognized that they did not have sufficient time to complete Dr. Conroy's designation pursuant to the deadline, it was sufficient time for Plaintiffs to ask for an extension.

Plaintiffs submitted a letter to the Court on May 31, 2012, seeking to explain their late designation by the fact that Dr. Conroy was "travel[ing] . . . between May 3rd and May 13th," and only reviewed the documents provided to him "[u]pon his return."  *Id.* at Ex. C.  Respectfully, balancing Dr. Conroy's travel schedule and other commitments with his commitments to Plaintiffs in this litigation was something Plaintiffs should have worked out with Dr. Conroy when the May 21 deadline for expert depositions was set, rather than allowing the

---

[2] Nor do Defendants concede that these documents were the exclusive or even primary basis of Dr. Conroy's designation, as opposed to documents produced much earlier, given the lengthy history of document productions in this case.  For example, Plaintiffs assert that the supplemental designation is based in part on Forms K-1 received from Defendants.  *See* Nicholas Decl. Ex. C, n.1.  But Defendants began producing Forms K-1 to Plaintiffs in October 2011.

[3] Plaintiffs seek to create the impression that Dr. Conroy was required to review an enormous volume of documents in connection with the designation.  *See* Nicholas Decl. Ex. B, pp. 1-2.  Yet the limited nature of the opinions set out in the designation indicates that he relied on a relatively small number of documents in forming those opinions.  In any event, it would plainly have been unreasonable for Plaintiffs to simply hand over to Dr. Conroy the entirety of the documents they received in discovery.

deadline to expire and then offering after-the-fact rationalizations to the Court.  Moreover, Plaintiffs' letter appears to suggest that Dr. Conroy did not review whatever limited set of documents was provided to him until after he returned from his travels on May 13, even though Plaintiffs acknowledge that they received the documents at issue beginning on March 16 and ending on April 24.  If Plaintiffs waited until May 13 to provide to Dr. Conroy the documents they wanted him to review, they made that choice at their own peril.[4]

    2.      Defendants Repeatedly Requested
             The Supplemental Designation Before The Deadline

Plaintiffs' failure to provide Dr. Conroy's supplemental designation ahead of the May 21 deadline for Defendants to depose him was particularly unreasonable given Defendants' repeated reminders to Plaintiffs about their need to review it before the deposition.  On May 9, Mr. Kilbreth, counsel for Defendants, sent an email to Plaintiffs' counsel, asking "when we will see the designation [of Dr. Conroy] so that we can discuss scheduling his deposition." *Id. at* Ex. D.  In responding, Mr. Frawley declined to give an estimate of when Plaintiffs would provide the supplement, merely stating that Plaintiffs would do it "as soon as [they] can." *Id.* at Ex. E.  Even so, Mr. Frawley urged Defendants to schedule the deposition of Dr. Conroy without the benefit of seeing the supplemental designation – and told Mr. Kilbreth that Plaintiffs "have been waiting

---

[4] Plaintiffs remark in a footnote to their May 31 letter that this Court's February 26, 2012 Order setting the February 29 deadline for designating experts "contemplated routine modifications of any expert designations." Nicholas Decl. Ex. C, n.3.  In fact, what the Court said was that the February 29 deadline was "without prejudice to the filing of a further motion to extend that deadline for good, articulable reasons, if a routine modification of any expert designation(s) is inadequate." Dkt. No. 79 at 7.  In other words, the Court contemplated that a routine modification could be made to an expert designation after the *February 29* deadline for designating experts – not after the deadline for all expert discovery on May 21.  Moreover, the Court contemplated "the filing of a . . . motion" to extend even the February 29 deadline for a non-routine modification to a designation.  As discussed above, Dr. Conroy's supplemental designation is more than a "routine modification," inasmuch as it contains "any and all opinions" he may offer as an expert. *See supra* at 2-3.  Given the nature of the supplemental designation, Plaintiffs should therefore have made a motion to extend not only the May 21 deadline for close of expert discovery, but also the February 29 deadline for designating an expert.

5

for you to notice [Dr. Conroy's] deposition." *Id.* Mr. Kilbreth replied that Defendants would be willing to "work on dates" for scheduling Dr. Conroy's deposition as soon as they knew "when [Plaintiffs] think [Defendants will] see the supplement," to ensure that there was enough time between receipt of the supplement and the deposition for Defendants to review Dr. Conroy's opinions. *Id.* at Ex. F. Mr. Frawley again gave no estimate but stated on May 9 that he would have "a better idea at the beginning of next week [May 14]." *Id.* at Ex. G.[5]

On May 10, Mr. Kilbreth sent a third email to Mr. Frawley on the subject of the supplemental designation, asking for the materials "no later than [May 16]" so that Defendants could review them and depose Dr. Conroy "before the discovery cutoff." *Id.* at Ex. I. Mr. Frawley responded that Plaintiffs "[could not] give [Defendants] a timetable" for the supplement, and made no reference to the impending discovery cutoff. *Id.* at Ex. J.

Thus, despite Plaintiffs' representation on May 9 that they would have "a better idea at the beginning of next week," they never gave Defendants any idea about when Dr. Conroy's supplemental designation would be provided, until they finally provided it on May 25, four days after the deadline for Defendants to depose him had passed.

Plaintiffs' email exchange with Defendants brings into relief the unreasonableness of their conduct in withholding Dr. Conroy's supplemental designation until after the May 21 deadline. Plaintiffs effectively acted as though the deadline did not exist and made no effort to work with Defendants to adhere to it, despite repeatedly being prodded to do so.

---

[5] Mr. Frawley attempted to justify Plaintiffs' refusal to give an estimate of when they would provide the supplemental designation on the basis that Plaintiffs "receive documents the next business day after the night [Defendants] mail them," with the consequence, among other things, that documents mailed by Defendants "on Monday, April 23rd" were received by Plaintiffs "on Tuesday, April 24th." *Id.* at Ex. H. Mr. Frawley suggested that this aspect of the mail system "cost [Dr. Conroy] valuable time" to review documents. *Id.* at Ex. G.

### 3. Plaintiffs Are Contradicting Their Own Stance Toward Expert Discovery Deadlines

Finally, Plaintiffs' cavalier approach to the May 21 expert discovery cutoff in the weeks leading up to it was completely at odds with the stance they were taking at the same time toward Defendants' attempt to designate their own expert out-of-time. As noted above, *supra* at 2, in a brief filed on May 15 Plaintiffs urged this Court to "deal decisively with a party's failure to adhere to" expert discovery deadlines. But it now appears that Plaintiffs did not really mean "a party's failure" – they meant only Defendants' failure. Plaintiffs should not be permitted to reverse field on the enforcement of expert discovery deadlines simply because it is convenient. *Cf. Mombourquette v. Wisconsin Counties Mut. Ins. Corp.*, No. 05 Civ. 748, 2006 WL 3091101, at *2 (W.D. Wis. Oct. 27, 2006) ("The court sees no equitable reason to depart from its policy of strictly enforcing discovery deadlines."). They knew about the May 21 deadline and chose to ignore it rather than meet it or ask for an extension. They should be held to account for that choice.

### C. The Supplemental Designation Would Require Defendants To Take Additional Discovery And Would Disadvantage Defendants

Not only is Dr. Conroy's supplemental designation untimely and Plaintiffs' delay past the deadline unreasonable – both sufficient bases to strike his designation and preclude him from providing evidence in this case, as discussed above – but accepting the designation out of time would also require Defendants to pursue additional discovery from Plaintiffs and place Defendants at a disadvantage. First, Defendants would have to take Dr. Conroy's deposition, which by itself would require an enlargement of the expert discovery period. Moreover, Defendants would be unable to take account of any deposition testimony by Dr. Conroy in

preparing their required pre-Local Rule 56(h) conference filing, which they must submit to the Court by June 6.  And as a general matter, Plaintiffs' delay past the May 21 deadline puts Defendants in the position of preparing for summary judgment without yet knowing whether Dr. Conroy can testify or having explored through a deposition what his testimony will be.  In short, Plaintiffs' delay works against Defendants.

While Defendants do not believe that Dr. Conroy's supplemental designation contains any opinions material to the allegations in this lawsuit, *see supra* at 3-4, they nevertheless would have a responsibility to explore its assertions if it is admitted, a reality Plaintiffs can hardly deny given the ambitious scope of additional discovery that they planned to pursue if Defendants' expert had been admitted out-of-time.  In their opposition to Defendants' attempt to designate Professor Fanto, Plaintiffs argued that his tardy designation would entitle them to "another round of document productions, supplemental expert designations (certainly the Plaintiffs would have that right) and the opportunity for the Plaintiffs to depose or re-depose defense witnesses." Dkt. No. 124 at 15.  Plaintiffs argued that their need to take additional discovery counseled against allowing the out-of-time designation of an expert, reasoning that "the scheduling order would be thrown out the window." *Id.*

The same is true here.  Plaintiffs' provision of Dr. Conroy's supplemental designation after the close of expert discovery would require an after-the-fact expansion of the discovery schedule to accommodate the deposition of Dr. Conroy and the opportunity for Defendants to re-

8

examine the Goldensons.[6] Defendants' need to take such discovery counsels against allowing the out-of-time supplemental designation.

## Conclusion

For all of the foregoing reasons, Defendants respectfully request that Dr. Conroy's supplemental designation be stricken as untimely and that he be precluded on that basis from offering evidence at the summary judgment stage of this case or at trial.[7]

Dated: June 4, 2012
      New York, New York

                              Respectfully submitted,

                              SPEARS & IMES LLP

                              By: /s/ David Spears
                                   David Spears

                              By: /s/ Max Nicholas
                                   Max Nicholas
                                   Michelle Skinner
                                   51 Madison Avenue
                                   New York, New York 10010
                                   Telephone: (212) 213-6996

---

[6] Among other things, Defendants would need to examine the Goldensons on their perceptions of and reliance on the monthly differentials between the Preliminary Performance Estimates ("PPE's") and the Flash Reports, the actual results of the hedge fund portion of the QP I Fund as well as the private equity portion, and any communications that informed their perceptions.

[7] If the Court determines that Dr. Conroy's supplemental designation should be permitted, Defendants request in the alternative that the discovery period be enlarged to allow Defendants to (1) take the deposition of Dr. Conroy, and (2) examine the Goldensons on issues relating to certain of the assertions made in Dr. Conroy's supplemental designation, as described *supra* at n.6.

DRUMMOND WOODSUM

By: /s/ James T. Kilbreth
James T. Kilbreth
Drummond Woodsum
84 Marginal Way
Portland, Maine 04101
Telephone (207) 253-0555
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 4, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Thimi R. Mina
>Jay P. McCloskey
>Alfred Frawley
>McCloskey, Mina & Cunniff, LLC
>12 City Center
>Portland, ME 04101

Dated:   June 4, 2012                                          /s/ Max Nicholas
                                                               Max Nicholas
                                                               51 Madison Avenue
                                                               New York, New York 10010
                                                               (212) 213-6996
                                                               mnicholas@spearsimes.com