UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **DANIEL R. GOLDENSON,** et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Docket No. 2:10-CV-440-JAW |
| ) | |
| **JOHN L. STEFFENS,** et al., ) | |
| ) | |
| Defendants. ) | |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PRE-FILING
MEMORANDUM REGARDING SUMMARY JUDGMENT**

**COME NOW** the Plaintiffs, by and through their undersigned attorneys, and pursuant to the Court's May 30, 2012 Procedural Order (Docket No. 133), hereby respond to the Defendants' Pre-Filing Memorandum Regarding Summary Judgment (Docket No. 145).

**I.      ISSUES**

   **A.      *Federal and State Securities Law and Common Law Fraud Claims***

      **1.      28 U.S.C. § 1658(b): the Statute of Frauds**

The Defendants apparently intend to re-litigate their argument that the Plaintiffs' claims under § 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5 claims are barred by 28 U.S.C. § 1658(b)'s statute of limitations for securities fraud claims. The Court, however, addressed this issue in its Order on the Defendants' Motion to Dismiss, and, accordingly, the Plaintiffs will raise genuine and material questions of fact as to whether: 1) the Plaintiffs engaged in the purchase and sale of securities within the five year statutory look back period; 2) the Defendants made false or misleading statements or omissions after October 27, 2005; and 3) these misrepresentations and omissions bore a factual nexus to the subject matter of misrepresentations and omissions made outside the repose period and were in furtherance of a

1

common scheme. *See Order on Defs.' Mot. to Dismiss* at 31-35 (Docket No. 45).

### 2. Counts Two, Six and Eight: Primary Liability Under § 10(b) of the Securities Exchange Act of 1934, SEC Rule 10b-5, 32 M.R.S. § 16509(6) and the Common Law of Fraudulent Misrepresentation

The required elements of the Plaintiffs' various fraud claims are similar. To establish liability under § 10(b) of the Securities Exchange Act of 1934 and SEC Rule 10b-5, the Plaintiffs must show "(1) a material misrepresentation or omission; (2) scienter, or a wrongful state of mind; (3) a connection with the purchase or sale of a security; (4) reliance; (5) economic loss; and (6) loss causation." *ACA Fin. Guar. Corp. v. Advest, Inc.*, 512 F.3d 46, 58 (1st Cir. 2008) (citation omitted). Under Maine's Blue Sky laws, the Plaintiffs must show that the Defendants "receive[d] directly or indirectly any consideration for providing investment advice to the [Plaintiffs] and that employs a device, scheme or artifice to defraud the [Plaintiffs] or engages in an act, practice or course of business that operates or would operate as a fraud or deceit on the [Plaintiffs]." 32 M.R.S. § 16509(6). For common law fraudulent misrepresentation, the Plaintiffs must show "(1) a false representation (2) of material fact (3) with knowledge of its falsity or in reckless disregard of whether it is true or false (4) for the purpose of inducing another to act in reliance upon it, as well as a showing that (5) the plaintiff justifiably relied upon the representation as true and acted upon it to his detriment." *Ambrose v. N.E. Ass'n of Schools and Colleges, Inc.*, 252 F.3d 488, 492 (1st Cir. 2001) (citation omitted).

To survive summary judgment on these theories, the Plaintiffs will demonstrate genuine and material questions of fact as to whether the Defendants: 1) made false or misleading statements or omissions about the nature of the Plaintiffs' investment in the Spring Mountain Partners QP I Fund ("QP I"); 2) made false or misleading statements or omissions that Ascot Partners, LP's ("Ascot") strategy was developed, managed and executed by J. Ezra Merkin,

when in fact Ascot was a "feeder" fund for a purported investment strategy developed, managed and executed by Bernard Madoff; 3) confirmed, acquiesced, adopted and disseminated false or misleading statements or omissions by Mr. Merkin and/or Ascot; 4) failed to disclose the nature and extent of the conflicts of interests presented by the Defendants' business relationships with Mr. Merkin and/or Ascot; 5) failed to disclose the risk of loss of the Plaintiffs' Ascot/Madoff investment in the face of publicized concerns, and their own, about Bernard Madoff's lack of transparency; 6) made false or misleading statements or omissions that they did not know about Mr. Madoff's role in Ascot following Mr. Madoff's arrest; 7) made false or misleading statements or omissions about the nature, extent and scope of the Madoff-related losses incurred by the Plaintiffs' investment in QP I; and 8)  made false or misleading statements or omissions about their retention of counsel for the protection and benefit of the QP 1 fund's investors.

The Plaintiffs will also demonstrate genuine and material questions of fact as to whether: 1) these misrepresentations and omissions were material to, and in fact induced, the Plaintiffs decisions to invest, reinvest and maintain their investments in Ascot and QP I; 2) the Defendants made these misrepresentations and omissions with full knowledge, understanding and/or reckless disregard of their falsity; 3) the Plaintiffs' justifiably relied on these misrepresentations and omissions in making investment decisions concerning Ascot and QP I; and 4) these misrepresentations and omissions caused the Plaintiffs substantial financial losses and damages.

### 3. Counts Seven and Nine:  Controlling Persons Liability (15 U.S.C. § 78t(a)) and Joint and Several Liability (32 M.R.S. § 16509(7))

To establish "controlling persons" liability under 15 U.S.C. § 78t(a), the Plaintiffs must show a person or entity controlled by the Defendants committed an underlying 10b-5 violation. *ACA Fin. Guar. Corp.*, 512 F.3d at 67-68.  To establish joint and several liability under 32 M.R.S. § 16509(7), the Plaintiffs must show that one or more of the Defendants 1) directly or

indirectly controlled a person liable under 32 M.R.S. § 16509(6); 2) were the managing partners, executive officers or directors of the liable person, "including an individual having a similar status or performing similar functions"; 3) were employees or associated with the liable person and materially aided the unlawful conduct; or 4) were investment advisers that materially aided the conduct giving rise to the liability. To contest summary judgment on these claims, the Plaintiffs will demonstrate genuine and material questions of fact that 1) there was an underlying violation of federal and state securities laws; 2) the Defendants had the general power to control the violator; and 3) that the Defendants actually exercised this control. *See Aldridge v. A.T. Cross Corp.*, 284 F.3d 72, 85 (1st Cir. 2002).

### B.     Maine Common Law Counts

#### 1.     Counts One and Eleven: Breach of Fiduciary Duty/Constructive Trust

To establish liability for breach of fiduciary duty, the Plaintiffs must show 1) they actually placed "trust and confidence" in the Defendants; 2) "there is some disparity in the bargaining positions of the parties"; and (3) "the dominant party has abused its position of trust." *Anderson v. Hannaford Bros. Co.*, 659 F.3d 151, 157 (1st Cir. 2011) (citation omitted). To impose a constructive trust, the Plaintiffs must establish that the Defendants were unjustly enriched by their breach. *See Cassidy v. Cassidy*, 2009 ME 326, ¶ 8, 982 A.2d 326, 329. To contest summary judgment on these theories, the Plaintiffs will demonstrate genuine and material questions of fact as to whether they actually reposed trust and confidence in the Defendants' advice and recommendations due to 1) their active representations; 2) their roles as investment advisors to the Plaintiffs; 3) their individualized investment advice tailored to the Plaintiffs' personal financial situation and investment objectives; and 4) their promise to personally monitor the Plaintiffs' investments in Ascot and QP I. The Plaintiffs will show that

a great disparity in the bargaining positions of the parties existed because of the Defendants' 1) stature in the financial industry; 2) personal relationship with the Plaintiffs; and 3) their superior knowledge concerning securities investments generally and the proprietary strategies purportedly utilized by Ascot and QP I specifically. The Plaintiffs also will demonstrate that this fiduciary relationship extended to the Plaintiffs' investments in Ascot, that the Defendants abused the Plaintiffs' trust and confidence by making misrepresentations and omissions concerning the Plaintiffs' investments and that they were unjustly enriched by abusing the trust and confidence the Plaintiffs placed in their care.

### 2. Count Four: Intentional Infliction of Emotional Distress

To establish liability for intentional infliction of emotional distress, the Plaintiffs must show: 1) that the Defendants "intentionally or recklessly inflicted severe emotional distress" on the Plaintiffs or were otherwise "certain or substantially certain that such distress would result"; 2) that this conduct was "so extreme and outrageous as to exceed all possible bounds of decency" in a civilized society; 3) that this conduct caused the Plaintiffs emotional distress that was so severe that a reasonable person could not be expected to endure it. *Berry*, 716 F. Supp. 2d at 52-53 (quoting *Curtis v. Porter*, 2001 ME 158, ¶10, 784 A.2d 18, 22-23). The Plaintiffs will demonstrate genuine and material issues of fact as to whether the Defendants 1) knew the Plaintiffs' were susceptible to such distress; 2) denied knowledge of Madoff's role in Ascot prior to this lawsuit; 3) told their employees not to give the Plaintiffs any visibility in the aftermath of the Madoff scandal; 4) withdrew incentives fees after the Madoff fraud went public; 5) charged their own legal fees to investors; and 6) caused emotional distress with unendurable physical and psychiatric symptoms.[1]

---

[1] Such a showing will also allow the Plaintiffs to recover damages for emotional distress under their other state law claims, due to 1) the Defendants' knowledge of the Plaintiffs' mental condition and that mental distress was a

### 3.     Counts Three and Five:  Aiding and Abetting and Civil Conspiracy

To establish liability for aiding and abetting tortious conduct, the Plaintiffs must show either that the Defendants 1) committed "a tortious act in concert with" each other and/or with Mr. Merkin "or pursuant to a common design with him"; 2) knew that their or Mr. Merkin's "conduct constitute[d] a breach of duty and g[a]ve[] substantial assistance or encouragement" to the conduct constituting the breach; or 3) "g[a]ve[] substantial assistance" to Mr. Merkin and/or each other "in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to a third person." *Forum Fin. Group, Ltd. Liability Co. v. President, Fellows of Harvard College*, 173 F. Supp. 2d 72, 97 (D. Me. 2001) (citations omitted).  Proof of a civil conspiracy is also "a way of obtaining vicarious liability against someone who did not himself perform the tortious act." *Forbis v. City of Portland*, 270 F. Supp. 2d 57, 61 (D. Me. 2003) (citation omitted).[2]  The Plaintiffs will demonstrate the existence of genuine and material issues of fact as to whether the Defendants and Mr. Merkin 1) committed a tortious act; 2) routinely shared and exchanged information concerning the truth about Mr. Madoff's role in Ascot; 3) worked in concert to solicit the Plaintiffs and steer their funds to Mr. Merkin's Madoff "feeder fund"; and 4) entered into a symbiotic business enterprise that served as a conduit for the tortious conduct.

---

"particularly likely result" of the Defendants' conduct and 2) such mental distress actually caused the Plaintiffs physical injury.  *See In re Hannaford Bros. Co. Customer Data Security Breach Litigation*, 613 F. Supp. 2d 108, 132 (D. Me. 2009) (citation omitted).

[2] However, Maine law recognizes that "in particular extraordinary circumstances there has been recognized the existence of a separate self-sufficient and independent tort of 'conspiracy', as a substantive basis of civil liability, when it is shown that combination and the force of numbers inject a special and unique factual overlay of some additional element worthy of recognition as a basis for the imposition of tort liability . . . which would be absent were the conduct to be undertaken by one person acting alone." *Fiacco v. Sigma Alpha Epsilon Fraternity*, 484 F. Supp. 2d 158, 176 n.18 (D. Me. 2007) (citation omitted).

## II. ESTIMATED MEMORANDUM LENGTH

Given the apparent breadth of the Defendants' summary judgment motion, their requested page limit and the Plaintiffs' intention to contest summary judgment on each stated basis, the Plaintiffs estimate that that their Opposition will require 40 pages. However, to the extent that the Court finds that it already resolved certain of the projected grounds for summary judgment as a matter of law, the Plaintiffs are prepared to reduce the length of their Opposition.

## III. ESTIMATED FACTUAL STATEMENT LENGTH

The Plaintiffs estimate that their Additional Statement of Material Facts will include approximately 200 statements of fact, depending on the statement offered by the Defendants.

## IV. ESTIMATED RECORD

The Plaintiffs estimate that they will provide approximately 250 pages of materials in support of their Opposition, depending on the record offered by the Defendants.[3]

Dated at Portland, Maine this 13th day of June, 2012.

/s/ Jay P. McCloskey  
Jay P. McCloskey

/s/ Thimi R. Mina  
Thimi R. Mina

/s/ Alfred C. Frawley IV  
Alfred C. Frawley IV

Attorneys for the Plaintiffs  
MCCLOSKEY, MINA & CUNNIFF, LLC  
12 City Center  
Portland, Maine 04101  
(207) 772-6805

---

[3] These materials will include deposition excerpts, Interrogatory Answers, affidavits, written communications, contracts, offering memoranda, solicitation materials, and documents disseminated to the parties.

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **DANIEL R. GOLDENSON,** et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | )   Docket No. 2:10-CV-440-JAW |
| | ) |
| **JOHN L. STEFFENS,** et al. | ) |
| | ) |
| Defendants. | ) |

### PLAINTIFF'S CERTIFICATE OF SERVICE

I hereby certify that on June 13, 2012, I have electronically filed the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' PRE-FILING MEMORANDUM REGARDING SUMMARY JUDGMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

James T. Kilbreth, Esquire
DRUMMOND WOODSUM & MACMAHON
84 Marginal Way Number 600
Portland, ME 04101

David Spears, Esquire (*pro hac vice*)
Michelle Skinner, Esquire (*pro hac vice*)
Max Nicholas, Esquire (*pro hac vice*)
SPEARS & IMES LLP
51 Madison Avenue
New York, New York 10010

Dated this 13th day of June, 2012.

/s/   Alfred C. Frawley IV
Alfred C. Frawley IV

MCCLOSKEY, MINA & CUNNIFF, LLC
12 City Center
Portland, Maine 04101
(207) 772-6805
afrawley@lawmmc.com

8