Exhibit C

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL R. GOLDENSON, <br> SUZANNE K. GOLDENSON, and <br> SKG PARTNERS, L.P., <br><br> Plaintiffs, <br><br> v. <br><br> JOHN L. STEFFENS, GREGORY P. HO, SPRING MOUNTAIN CAPITAL GP, LLC, SPRING MOUNTAIN CAPITAL L.P., and SPRING MOUNTAIN CAPITAL, LLC, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Docket No. 2:10-CV-440-JAW <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

**PLAINTIFFS' SECOND REQUEST FOR THE
PRODUCTION OF DOCUMENTS AND THINGS**

**COME NOW** the Plaintiffs, by and through their attorneys, McCloskey, Mina, and Cunniff LLC, and, pursuant to Rule 34 of the Federal Rules of Civil Procedure, hereby request that the Defendants in the above-captioned action produce for inspection, photocopying or photographing, within thirty (30) days from receipt of this Request, the documents and things specified herein at the law offices of McCloskey, Mina and Cunniff, LLC, 12 City Center, Portland, Maine, at 9:00 a.m. The Defendants' production of the specified documents and things shall be done in accordance with the Instructions and Definitions set forth below and in Rules 26 and 34 of the Federal Rules of Civil Procedure.

**DEFINITIONS**

The following definitions apply with respect to each of these Requests for Production, and each of the terms defined below, when used in any Request, shall have

1

the meaning specified:

1.  Except as otherwise specified, these Definitions and Instructions incorporate by reference the definitions and instructions set forth in Federal Rules of Civil Procedure and the Local Rules of the United States District Court for the District of Maine.

2.  References to an entity shall include the entity, its present and former parents, subsidiaries, affiliates, portfolio funds and sub-portfolio funds, its predecessors and successors, and its present and former members, principals, officers, directors, employees, partners, associates, agents, consultants, representatives and other persons acting or purporting to act on its behalf.

3.  The words "and" and "or" shall be construed either conjunctively or disjunctively so as to bring within the scope of this document request any information or documents that might otherwise be considered to be beyond its scope.

4.  An "Annualized and Cumulative Net Performance Report" is a document depicting the annualized net performance and/or the cumulative net performance of a Spring Mountain fund. An example of the type of documents the definition is intended to encompass is attached hereto as Exhibit A.

5.  "Ascot" means Ascot Partners, L.P. or Ascot Fund Limited. The term Ascot shall also be construed to include all Ascot principals, partners, employees, consultants and independent contractors, including but not limited to J. Ezra Merkin and Michael Autera.

6. An "AUM Report" is a document depicting the assets under management of any Spring Mountain fund. An example of the type of documents the definition is intended to encompass is attached hereto as Exhibit B.

6. "Between" means by the common action of, jointly engaging, in common to, shared by, from one to another, serving to connect or unite in a relationship, or in confidence restricted to.

7. "Communication" means each and every form of memoranda, transcript, audiotape, videotape, electronic mail, voice mail message and/or written message that is or has been in your possession, custody, or control, including documents and electronically stored information ("ESI") embodying or memorializing the same, and also includes draft copies of any of the foregoing, whether or not transmitted, that contain any comments, Metadata, or markings of any kind not found in the original communication or otherwise not identical to the original communication.

8. "Concerning" means relating to, referring to, reflecting, describing, dealing with, containing, evidencing, constituting or comprising or pertaining to in any way.

9. "Document" means all materials within the full scope of Rule 34 of the Federal Rules of Civil Procedure. The definition expressly includes documents which are items of ESI.

10. A format, document, or item of ESI is "Electronically Searchable" if it allows for the indexing and searching of contents and Metadata and maintains distinct components of Metadata in searchable fields.

11. "ESI" means all information or data, of any kind, type, nature, or description, that is or has been in your possession, custody, or control, including documents, electronic mail, voicemail, word processing documents, spreadsheets, databases, images, and sound recordings which are stored in electronic form, and also includes drafts or copies of any of the foregoing that contain any notes, comments, Metadata, or markings of any kind not found on the original ESI or that are otherwise not identical to the original ESI.

12. An "Estimated Partnership Valuation/Return" is a document depicting the estimated net value of one or more Spring Mountain funds' partnership interest in Ascot or Gabriel. An example of the type of documents the definition is intended to encompass is attached hereto as Exhibit C.

13. A "Flash Report" is a document depicting the performance summary, monthly returns, statistical analysis, strategy allocation and/or historical performance of any Spring Mountain, Ascot or Gabriel fund for any given month, and includes all notes, descriptions, commentary and disclosures thereto. Examples of the types of documents the definition is intended to encompass are attached hereto as Exhibits D and E.

14. "Gabriel" means Gabriel Capital Group, Gabriel Capital Corporation, Gabriel Capital L.P., Gabriel Capital Limited, and Ariel Fund Limited. The term Gabriel shall also be construed to include all Gabriel principals, partners, employees, consultants and independent contractors, including but not limited to J. Ezra Merkin and Michael Autera.

15. "Including" means "including without limitation."

4

16. "Metadata" shall mean all information or data associated with an item of ESI that is not readily apparent or visible were the item printed in the format natural to the system in which the item resides, but accessible to a user of such item, including "undo" information, revision information, tracking and auditing information, read receipts, embedded formulas, embedded comments and access modification trails.

17. "Native Format" means that format in which ESI is kept in the ordinary course of business and which is Electronically Searchable and preserves all contents and Metadata associated with the ESI.

18. "Person" or "persons" means any natural person and/or any corporation, partnership, company, organization, association, governmental unit or any other identifiable entity.

19. A "Preliminary Performance Estimate" is a document depicting the monthly estimated net performance of one or more Spring Mountain fund for a given month, including all notes, commentary and disclosures associated therewith. An example of the type of documents the definition is intended to encompass is attached hereto as Exhibit F.

20. The "Present" means the date of your receipt of these Requests.

21. "Spring Mountain" means Spring Capital GP LLC, Spring Mountain Capital LP, Spring Mountain Capital LLC and Spring Mountain Management, as well as all funds owned or operated by or under one or more of the above entities, including but not limited to Spring Mountain Partners QP 1, L.P., Spring Mountain Overseas I Limited, Spring Mountain Capital Alternative Strategies Fund Limited, Spring Mountain Capital Alternative Strategies Fund, LLC, Spring Mountain Capital Leveraged Fund, LLC,

Spring Mountain Capital Leveraged Fund Limited, Spring Mountain Capital Centigrade Fund Limited, Spring Mountain Capital Reserve II, L.P., Spring Mountain Capital Reserve II Offshore, L.P., Spring Mountain Fortis and Citco Global-Brymar (collectively, the "Spring Mountain Funds"). The term Spring Mountain shall also be construed to include all Spring Mountain principals, partners, employees, consultants and independent contractors, including but not limited to John L. Steffens, Gregory P. Ho., Cheryl B. Gordon and Jason Orchard.

22. "Third party" means any individual or entity other than the parties to this action.

23. "You" and "Your" as used in these Requests shall refer to the Defendants, their agents, and all other persons acting on their behalf in responding to these Requests.

### INSTRUCTIONS

1. These Requests are continuing in nature. Any document, thing or item of ESI, created or identified after service of any response to these Requests, that would have been included in the response had the document then existed or been identified, shall promptly be supplied by supplemental responses whenever You become aware of them, through the conclusion of trial. Supplemental responses are to be served as soon as reasonably possible, but in no event later than ten (10) days after receipt or discovery of such documents.

2. Each document request must be interpreted independently of any other document request, and the language of one document request shall not be used to limit or exclude documents that are otherwise responsive to another. If required to bring documents that would otherwise appear to be beyond the scope of a specific document

request with the purview of a given request, all verb tenses and plural forms should be used in interpreting the request. Each request shall be given a reasonable interpretation and may not be construed based on an unreasonable interpretation in order to circumvent the purpose of the document request.

    2.    If any document, thing or item of ESI responsive to these Requests has been destroyed, discarded, or lost, or was but no longer is in Your possession, or is otherwise not capable of being produced, please identify each such document, thing or item of ESI and set forth the following information: (a) the date of creation of the document, thing or item; (b) a description of the subject matter of the document, thing or item; (c) the name and address of each person who prepared, received, viewed, or had possession, custody, or control of the document, thing or item; (d) the date when the document, thing or item was destroyed, discarded, or lost; (e) the identity of the person who directed that the document, thing or item be destroyed; (f) a statement of the reasons for and circumstances under which the document, thing or item was destroyed, discarded, lost, or removed; and (g) any person from which a copy of the document, thing or item may be obtained.

    3.    If any document, thing or item of ESI responsive to these Requests is withheld under a claim of privilege (including, but not limited to, the attorney-client privilege or work-product protection), please identify: (a) its author; (b) any addressee(s); (c) all other persons to whom it was distributed, shown or explained; (d) its present custodian; (e) its number of pages, and attachments or appendices; (f) the type of document, thing or ESI (letter, report, electronic mail, calendar entry, etc.); (g) the general subject matter of the document, thing or ESI; (h) the date of the creation of the

document, thing or ESI; and (i) the specific privilege claimed, as well as any additional information necessary for the Court to adjudicate the propriety of Your assertion of privilege.

    4.    Each document, thing and item of ESI shall be produced in its entirety and without deletion, excision or redaction, regardless of whether You consider the entire document, thing or item of ESI to be relevant or responsive to any Request. Please take notice that pursuant to Rule 26 of the Federal Rules of Civil Procedure, a document may not be deleted, excised or redacted based solely on grounds of confidentiality. If You contend that You are entitled to delete, excise or redact any portion of a documents or communication requested herein, please identify: (a) its author; (b) any addressee(s); (c) all other persons to whom it was distributed, shown or explained; (d) its present custodian; (e) its number of pages, and attachments or appendices; (f) the type of document, thing or ESI (letter, report, electronic mail, calendar entry, etc.); (g) the general subject matter of the document, thing or ESI; (h) the date of the creation of the document, thing or ESI; and (i) the specific reason for the confidentiality claimed, as well as any additional information necessary for the Court to adjudicate the propriety of Your assertion of confidentiality. Please take further notice of the Court's Order of February 6, 2012 directing that redaction, if any, shall be used "sparingly."

    5.    In responding to these Requests, if You claim any ambiguity in interpreting a Request, definition or instruction, such claim shall not be utilized as a basis for a refusal to respond, and You must set forth as part of Your response the language deemed to be ambiguous and the interpretation used in responding to the Request.

6. All responsive documents, things and items of ESI, wherever located, that are in Your possession, custody, or control, or that of any of Your agents, attorneys, or representatives, shall be produced in response to these Requests.

7. The original or one copy of each document, thing or item of ESI is to be produced.

8. Documents, things and items of ESI shall be produced in a format and order that corresponds to the specific Request(s) to which they respond.

9. Information that was created or is natively stored in electronic format should be produced in an Electronically Searchable format.

10. Each Request shall be deemed to include a request for all related transmittal sheets, cover letters, exhibits, enclosures and attachments to the documents, things and/or items of ESI, in addition to the document, thing or item of ESI itself.

11. If no documents, things or items of ESI exist that are responsive to a particular Request, please so state in writing.

## DOCUMENT REQUESTS

1. All account and/or periodic statements or reports reflecting the values and/or performance of Spring Mountain's and/or any Spring Mountain Fund's interest in Ascot or Gabriel, including but not limited to any such statements and/or reports styled as "Preliminary Performance Estimates," "Estimated Partnership Valuation/Returns," individual, annualized or cumulative flash "Performance Reports," "AUM [Assets Under Management] Reports," "NAV [Net asset Value] Reports" and independent auditor's reports issued between January 1, 2007 and December 31, 2009 that have not been previously produced or produced only in redacted form.

2. All account and/or periodic statements or reports reflecting the values and/or performance of Spring Mountain and/or any Spring Mountain Fund, including but not limited to any such statements and/or reports styled as "Preliminary Performance Estimates," "Estimated Partnership Valuation/Returns," individual, annualized or cumulative flash "Performance Reports," "AUM Reports," and independent auditor's reports issued between January 1, 2007 and December 31, 2009 that have not been previously produced or produced only in redacted form.

3. All offering memoranda and subscription agreements issued by Spring Mountain or received by Spring Mountain from Ascot or Gabriel between September 1, 2001 and the Present.

4. All documents, communications and items of ESI depicting or concerning sales or transfers of securities or other financial instruments occurring among or between any Spring Mountain Fund and any other Spring Mountain Fund between September 1, 2008 and January 31, 2009.

5. All documents, communications and items of ESI depicting or concerning sales or transfers of securities or other financial instruments occurring among or between any Spring Mountain Fund and Ascot and/or Gabriel between September 1, 2008 and January 31, 2009.

6. All documents and items of ESI depicting or concerning communications occurring among or between Spring Mountain and Ascot and/or Gabriel between September 1, 2001 and the Present that were not previously produced or produced in redacted form.

7. All documents, communications and items of ESI exchanged between Spring Mountain and Rothstein, Kass & Company, P.C and/or Citibank, N.A. depicting or concerning the reporting or accounting treatment of Spring Mountain losses directly or indirectly related to Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC.

8. All federal tax returns and supporting statements and forms, including any amendments thereto, filed with the Internal Revenue Service by Spring Mountain and/or any Spring Mountain Fund for tax years 2005 through 2011.

9. All individual federal income tax returns and supporting statements and forms, including any amendments thereto, filed by John L. Steffens and Gregory P. Ho for tax years 2007 through 2011.

10. All documents, communications and items of ESI depicting or concerning Bernard L. Madoff and/or Bernard L. Madoff Investment Securities LLC in the possession of Spring Mountain, including all documents, communications and items of ESI sent by Spring Mountain to investors in any Spring Mountain fund.

11. All documents, communications and items of ESI depicting or concerning communications among or between Spring Mountain and Fabio Savoldelli, Peter Stamos and/or Kevin Dunleavy between January 1, 2001 and the Present.

12. All documents and items ESI depicting or concerning communications occurring among or between Spring Mountain and the offices of Irving H. Picard, in his capacity as the SIPA Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC or otherwise, the offices of David B. Pitofsky, in his capacity as Receiver for Ascot Partners L.P. or otherwise, and/or the offices of Bart M. Schwartz, in his

capacity as Receiver for Gabriel Capital L.P. and Ariel Fund Ltd. or otherwise, between December 1, 2008 and the Present.

13. All documents and items of ESI depicting or concerning communications occurring among or between Spring Mountain and Simpson, Thacher and Bartlett LLP regarding the transactional, structural, regulatory and litigation issues for which Spring Mountain sought their legal advice on behalf of Spring Mountain's investors between December 1, 2008 and the Present.

Dated at Portland, Maine this 9th day of February, 2012.

_____
Alfred C. Frawley IV
Attorney for the Plaintiffs
McCloskey, Mina & Cunniff, LLC
12 City Center
Portland, Maine 04101
(207) 772-6805