UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

DANIEL R. GOLDENSON, )
SUZANNE K. GOLDENSON, )
SKG PARTNERS, L.P., and )
SKG GENERAL CORP., )
          Plaintiffs, )
)
v. ) Case No. 10-CV-440 (JAW)
)
)
)
JOHN L. STEFFENS, GREGORY P. HO, )
SPRING MOUNTAIN CAPITAL G.P., LLC, )
SPRING MOUNTAIN CAPITAL, LP, and )
SPRING MOUNTAIN CAPITAL, LLC, )
)
          Defendants. )

### DEFENDANTS' OBJECTIONS TO PLAINTIFFS' SECOND REQUEST FOR PRODUCTION OF DOCUMENTS

PLEASE TAKE NOTICE that, pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure ("Federal Rules"), Defendants John L. Steffens, Gregory P. Ho, Spring Mountain Capital, G.P., LLC, Spring Mountain Capital, LP, and Spring Mountain Capital, LLC (collectively "Defendants"), by and through their undersigned counsel, hereby object to Plaintiffs' Second Request for Production of Documents (the "Document Requests") as follows:

### GENERAL OBJECTIONS

1.     These objections are made only for the purpose of discovery in this action and are made subject to all appropriate objections to the admissibility of information into evidence, which objections are specifically reserved.

2. Defendants object to the Document Requests, including the Definitions and Instructions, to the extent that they purport to impose or require procedures beyond those imposed or required by the Federal Rules.

3. Defendants object to the Document Requests to the extent that they seek, directly or indirectly, information protected from disclosure by the attorney-client privilege, the work product doctrine, the joint defense privilege, or any other applicable privilege or protection from discovery. Any inadvertent disclosure of privileged or otherwise protected information is not a waiver of any applicable privilege or protection.

4. Defendants object to the Document Requests to the extent that they call for information not within the Defendants' possession, custody, or control. These objections are based on information in Defendants' possession, custody, or control.

5. Defendants object to the Document Requests to the extent that they are unduly burdensome or seek information not relevant to any party's claim or defense and/or not reasonably calculated to lead to the discovery of admissible evidence, as set forth in Rule 26(b)(1) of the Federal Rules.

6. Defendants object to the Document Requests to the extent that they seek information that can be less burdensomely obtained from other sources.

7. Defendants object to the Document Requests to the extent that they seek documents and information that is already in the possession, custody or control of plaintiffs.

8. No incidental or implied admissions are intended by the objections contained herein. Information provided by Defendants will not constitute an admission by Defendants that such information is relevant to the pending litigation.

9. Defendants object to the Document Requests to the extent they are unlimited temporally and/or seek information from a time period not relevant to this action.

10. Defendants reserve the right to supplement, correct or clarify these objections if other or additional information is obtained or discovered.

11. These General Objections are incorporated by reference into each and every objection below to the extent applicable.

## SPECIFIC OBJECTIONS

1. **All account and/or periodic statements or reports reflecting the values and/or performance of Spring Mountain's and/or any Spring Mountain Fund's interest in Ascot or Gabriel, including but not limited to any such statements and/or reports styled as "Preliminary Performance Estimates," "Estimated Partnership Valuation/Returns," individual, annualized or cumulative flash "Performance Reports," "AUM [Assets Under Management] Reports," "NAV [Net asset Value] Reports" and independent auditor's reports issued between January 1, 2007 and December 31, 2009 that have not been previously produced or produced only in redacted form.**

**Objection to Document Request No. 1:**

Defendants object to Document Request No. 1 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

3

2. All account and/or periodic statements or reports reflecting the values and/or performance of Spring Mountain and/or any Spring Mountain Fund, including but not limited to any such statements and/or reports styled as "Preliminary Performance Estimates," "Estimated Partnership Valuation/Returns," individual, annualized or cumulative flash "Performance Reports," "AUM Reports," and independent auditor's reports issued between January 1, 2007 and December 31, 2009 that have not been previously produced or produced only in redacted form.

**Objection to Document Request No. 2:**

Defendants object to Document Request No. 2 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

3. All offering memoranda and subscription agreements issued by Spring Mountain or received by Spring Mountain from Ascot or Gabriel between September 1, 2001 and the Present.

**Objection to Document Request No. 3:**

Defendants object to Document Request No. 3 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or

third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

> 4. **All documents, communications and items of ESI depicting or concerning sales or transfers of securities or other financial instruments occurring among or between any Spring Mountain Fund and any other Spring Mountain Fund between September 1, 2008 and January 31, 2009.**

**Objection to Document Request No. 4:**

Defendants object to Document Request No. 4 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

> 5. **All documents, communications and items of ESI depicting or concerning sales or transfers of securities or other financial instruments occurring among or between any Spring Mountain Fund and Ascot and/or Gabriel between September 1, 2008 and January 31, 2009.**

**Objection to Document Request No. 5:**

Defendants object to Document Request No. 5 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion

for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

    6.    **All documents and items of ESI depicting or concerning communications occurring among or between Spring Mountain and Ascot and/or Gabriel between September 1, 2001 and the Present that were not previously produced or produced in redacted form.**

**Objection to Document Request No. 6:**

Defendants object to Document Request No. 6 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

    7.    **All documents, communications and items of ESI exchanged between Spring Mountain and Rothstein, Kass & Company, P.C and/or Citibank, N.A. depicting or concerning the reporting or accounting treatment of Spring Mountain losses directly or indirectly related to Bernard L. Madoff or Bernard L. Madoff Investment Securities, LLC.**

**Objection to Document Request No. 7:**

Defendants object to Document Request No. 7 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or

third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

8.  **All federal tax returns and supporting statements and forms, including any amendments thereto, filed with the Internal Revenue Service by Spring Mountain and/or any Spring Mountain Fund for tax years 2005 through 2011.**

    **Objection to Document Request No. 8:**

    Defendants object to Document Request No. 8 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

9.  **All individual federal income tax returns and supporting statements and forms, including any amendments thereto, filed by John L. Steffens and Gregory P. Ho for tax years 2007 through 2011.**

    **Objection to Document Request No. 9:**

    Defendants object to Document Request No. 9 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or

third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

> 10. **All documents, communications and items of ESI depicting or concerning Bernard L. Madoff and/or Bernard L. Madoff Investment Securities LLC in the possession of Spring Mountain, including all documents, communications and items of ESI sent by Spring Mountain to investors in any Spring Mountain fund.**

**Objection to Document Request No. 10:**

Defendants object to Document Request No. 10 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

> 11. **All documents, communications and items of ESI depicting or concerning communications among or between Spring Mountain and Fabio Savoldelli, Peter Stamos and/or Kevin Dunleavy between January 1, 2001 and the Present.**

**Objection to Document Request No. 11:**

Defendants object to Document Request No. 11 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See,*

8

*e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

> 12. All documents and items ESI depicting or concerning communications occurring among or between Spring Mountain and the offices of Irving H. Picard, in his capacity as the SPA Trustee for the liquidation of Bernard L. Madoff Investment Securities LLC or otherwise, the offices of David B. Pitofsky, in his capacity as Receiver for Ascot Partners L.P. or otherwise, and/or the offices of Bart M. Schwartz, in his capacity as Receiver for Gabriel Capital L.P. and Ariel Fund Ltd. or otherwise, between December 1, 2008 and the Present.

**Objection to Document Request No. 12:**

Defendants object to Document Request No. 12 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of admissible evidence. *See* Defendants' Motion for a Protective Order Relating to Plaintiffs' Second Request for the Production of Documents and Things (Dkt. 89). Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87). .

> 13. All documents and items of ESI depicting or concerning communications occurring among or between Spring Mountain and Simpson, Thacher and Bartlett LLP regarding the transactional, structural, regulatory and litigation issues for which Spring Mountain sought their legal advice on behalf of Spring Mountain's investors between December 1, 2008 and the Present.

**Objection to Document Request No. 13:**

Defendants object to Document Request No. 13 to the extent that it is overly broad, unduly burdensome, calls for the production of documents that are not relevant to the claims or defenses of any party to this action, and is not reasonably calculated to lead to the discovery of

9

admissible evidence. Defendants further object to this Request on the ground that it calls for the production of documents protected by the attorney/client privilege and/or attorney work product doctrine. Defendants further object to this Request to the extent that it calls for the production of documents already produced by Defendants or third parties in this action. *See, e.g.,* Defendants' Response to Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Imposed (Dkt. 87).

Dated: March 12, 2012

                                      SPEARS & IMES LLP

                                      By: /s/ Michelle Skinner
                                      David Spears (*pro hac vice*)
                                      Michelle Skinner (*pro hac vice*)
                                      51 Madison Avenue
                                      New York, New York 10010
                                      (212) 213-6996
                                      dspears@spearsimes.com
                                      mskinner@spearsimes.com

                                      Lawyers for Defendants John L. Steffens, Gregory P. Ho, Spring Mountain Capital, GP, LLC, Spring Mountain Capital, LP, and Spring Mountain Capital, LLC

*Of counsel:*
James T. Kilbreth
Verrill Dana LLP
P.O. Box 586
Portland, ME 04112
Telephone: (207) 774-4000
Facsimile: (207) 774-7499