UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re GOLDENSON SUBPOENA ENFORCEMENT ACTION | No. 1:12-mc-00068-P1 |
| DANIEL R. GOLDENSON, SUZANNE K. GOLDENSON, SKG PARTNERS, L.P. and SKG GENERAL CORP., <br><br>　　　　　　Movants, <br><br>　　v. <br><br>J. EZRA MERKIN, <br><br>　　　　　　Respondent, <br><br>BART M. SCHWARTZ, in his capacity as RECEIVER FOR ARIEL FUND LTD. and GABRIEL CAPITAL L.P., <br><br>　　　　　　Respondent, <br><br>DAVID B. PITOFSKY, in his capacity as RECEIVER FOR ASCOT FUND LTD. and ASCOT PARTNERS, L.P., <br><br>　　　　　　Respondent, <br><br>ERIC T. SCHNEIDERMAN, in his capacity as THE ATTORNEY GENERAL FOR THE STATE OF NEW YORK, <br><br>　　　　　　Respondent, <br><br>SIMPSON THACHER & BARLETT LLP, <br><br>　　　　　　Respondent. | |

**DECLARATION OF DAVID SPEARS IN OPPOSITION TO
THE MOTION TO COMPEL THE PRODUCTION OF DOCUMENTS
FROM SIMPSON THACHER & BARTLETT LLP**

## DECLARATION OF DAVID SPEARS

I, David Spears, pursuant to 28 U.S.C. § 1746, hereby declare:

1. I am a partner at the law firm Spears & Imes LLP, counsel for John L. Steffens ("Steffens"), Gregory P. Ho, Spring Mountain Capital, G.P., LLC, Spring Mountain Capital, LP, and Spring Mountain Capital, LLC, Defendants in a lawsuit pending in the United States District Court for the District of Maine that was commenced against them in October 2010 ("Maine Action"). I make this Declaration in opposition to Movants' Motion to Compel the Production of Documents Pursuant to Fed. R. Civ. 45(c)(2)(B)(i) ("Motion") from Simpson Thacher & Bartlett LLP ("Simpson Thacher"). The facts set out in this Declaration are based on my personal knowledge.

2. Movants in this subpoena enforcement action are Plaintiffs in the Maine Action (hereinafter "Plaintiffs-Movants"). Plaintiffs-Movants' subpoena *duces tecum* to third-party Simpson Thacher arises out of the Maine Action. Although it is not involved in the Maine Action, Simpson Thacher represents the Maine Action Defendants in connection with other matters and proceedings. Spears & Imes has coordinated its activities as counsel for Defendants in the Maine Action with Simpson Thacher as counsel for Defendants in other matters and proceedings.

3. I submit this declaration to provide this Court with context and background for the discovery sought by Plaintiffs-Movants from Simpson Thacher, which is intended to be used by Plaintiffs-Movants in the Maine Action. As explained below, while Plaintiffs-Movants have requested the production of Simpson Thacher's documents directly from Defendants in a request for documents issued out of the District Court in Maine, they have not diligently pursued the discovery in the Maine Action—where the Court is fully apprised as to the claims and defenses in the case and the legal and procedural issues associated with such an extraordinary request by Plaintiffs-Movants. Instead, Plaintiffs-Movants chose to bring this subpoena enforcement action in this Court. Because of the extreme sensitivity attendant upon Plaintiffs-Movants' request to invade the attorney-client and work product privileges that attach to the documents sought from

1

Simpson Thacher, any ruling on this subject should come from the Court in the Maine Action, with the benefit of its intimate knowledge of the issues in the Maine Action and Plaintiffs-Movants' dilatory and non-compliant conduct in the course of discovery in that action.

4. In the Amended Complaint in the Maine Action ("Complaint"), Plaintiffs-Movants allege that in December 2001 Plaintiff-Movant Daniel Goldenson ("Goldenson") met with Defendant Steffens to discuss making an investment in Spring Mountain Partners QP I, LP (the "Fund"). Steffens allegedly explained to Goldenson that the Fund was a fund of funds that made investments in a number of other hedge funds, as well as investing in private equity funds. Steffens also allegedly told Goldenson that one of the outside hedge funds in which the Fund invested was Ascot Partners, LP ("Ascot"), an entirely separate and distinct investment fund managed by J. Ezra Merkin, and made statements about the investment strategy employed by Merkin for Ascot. Thereafter, in January 2002, Plaintiffs-Movants made a $2 million investment in the Fund and a separate $2 million investment in Ascot.

5. The Complaint also alleges that Ascot entrusted its investors' funds to Bernard L. Madoff Investment Securities LLP ("Madoff"). When Madoff's fraud was revealed in December 2008, the Fund lost its investment in Ascot and Plaintiffs-Movants lost their separate investment in Ascot.

6. In the Maine Action, Plaintiffs-Movants seek to hold Defendants liable for the amount of Plaintiffs-Movants' investment losses associated with the collapse of Ascot, including both any indirect losses through the Fund's investment in Ascot and direct losses through Plaintiffs-Movants' separate direct investments with Ascot.

7. On September 28, 2011, the Magistrate Judge presiding over discovery in the Maine Action (the "Maine Court") issued a scheduling order (the "Scheduling Order") setting forth the discovery "deadlines and limits" that would apply in the Maine Action. A true and correct copy of the Scheduling Order is attached hereto as **Exhibit A**. Among other things, the Scheduling Order sets the time for completion of discovery as March 23, 2012.

2

8. Plaintiffs-Movants have not pursued discovery in the Maine Action in a timely or diligent manner. For example, despite the March 23, 2012 fact discovery deadline, they have deposed only one witness to date.

9. At a hearing on February 3, 2012 concerning discovery disputes, the Maine Court (a) directed Defendants to produce certain additional documents by mid-February, and (b) directed Plaintiffs-Movants to immediately schedule the depositions of the individual Defendants for dates prior to the March 23 discovery cut-off.

10. On February 6, 2012, the Maine Court entered an Order repeating its direction to Plaintiffs-Movants, stating that the parties were "to schedule depositions as quickly as possible, and to endeavor in good faith to complete all depositions by March 23." A true and correct copy of the Maine Court's February 6, 2012 Order is attached hereto as **Exhibit B**.

11. On February 13, 2012, the Maine Court issued a Supplemental Order, reiterating that "the discovery deadline remains March 23, 2012," and that "all discovery must be initiated sufficiently in advance of that date to be *completed* by that date" (emphasis in original). A true and correct copy of the Maine Court's February 13, 2012 Supplemental Order is attached hereto as **Exhibit C**.

12. Defendants complied with the Court's Order and Supplemental Order and produced all of the additional documents they had been directed to produce. However, despite repeated requests from Defendants and two Orders from the Maine Court, Plaintiffs-Movants refused to schedule—let alone take—the individual Defendants' depositions.

13. Instead, Plaintiffs-Movants filed a motion on February 19, 2012 asking the Maine Court to "protect" them from pending discovery deadlines, including the March 23 discovery cut-off. The Maine Court has not responded to Plaintiffs-Movants' motion, thus leaving the deadline intact.

14. In connection with their efforts to achieve delay in the Maine Action, Plaintiffs-Movants have undertaken a series of actions designed to create the appearance of a dire need for a large amount of additional time for discovery in that action. Among other things, Plaintiffs-

3

Movants on February 9, 2012 served on Defendants a request for all documents concerning communications between Spring Mountain and Simpson Thacher between December 1, 2008 and February 9, 2012. Defendants objected to this demand on the grounds of attorney-client privilege, and on the grounds that it calls for the production of documents outside of the relevant period of time. Plaintiffs-Movants have taken no action in the Maine Action in response to this objection—they have not asked to meet and confer with Defendants, moved to compel production, or done anything else.

15. Plaintiffs-Movants' efforts before this Court with regard to Simpson Thacher—a motion to compel documents pursuant to a subpoena that is largely redundant of a discovery request already made in the Maine Action, which is intended to end-run the discovery deadline in the Maine Action—carry over to the subpoenas issued to the other third-parties before the Court in this proceeding. Plaintiffs-Movants have largely requested the same documents from each of the other three Respondents.

16. The subpoenas at issue in this miscellaneous proceeding were served months ago. The subpoena to Simpson Thacher was served on October 18, 2011. The subpoenas to Bart Schwartz, David Pitofsky, and J. Ezra Merkin were served on December 2, 2011. I understand that after objection was duly made to these subpoenas by each of the Respondents, Plaintiffs-Movants did nothing whatsoever with regard to them until they filed this Motion. Plaintiffs-Movants waited until the last minute to make the Motion, apparently in order to be able to press their argument in the Maine Action that a great deal of discovery remains to be done.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 19th day of March, 2012 at New York, New York.

_David Spears_
David Spears