UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL R. GOLDENSON, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| v. | ) | No. 2:10-cv-440-JAW |
| | ) | |
| JOHN L. STEFFENS, et al., | ) | |
| | ) | |
| Defendants | ) | |

### MEMORANDUM DECISION AND ORDER ON DEFENDANTS' MOTION TO STRIKE EXPERT DESIGNATION

The defendants seek to strike the supplemental designation of the plaintiffs' fourth proposed expert in this case, Patrick E. Conroy, Ph.D., on the basis that it was untimely filed, and seek to preclude Dr. Conroy from offering evidence in support of, or in opposition to, a motion for summary judgment or from testifying at trial. *See* Defendants' Motion To Strike Plaintiffs' Supplemental Expert Designation of Dr. Patrick E. Conroy as Untimely ("Motion") (ECF No. 141) at 1. I agree that the designation was untimely filed. However, because I find the delay substantially justified, I decline to impose the sanction of preclusion of Dr. Conroy as an expert witness. I do impose a lesser sanction, in the form of the assessment against the plaintiffs of the defendants' costs of pressing the Motion, on the ground that the plaintiffs should have, and did not, timely move for a deadline extension, necessitating the filing of the Motion and causing additional delay in this already contentious case. I also grant the defendants' alternative request for relief in the form of the enlargement of the discovery deadline, *nunc pro tunc*, to permit them to depose Dr. Conroy and to re-depose, at their expense, plaintiffs Daniel and Suzanne Goldenson, with the limitations set forth below.

1

## I. Applicable Legal Standards

In this district, no written discovery motion may be filed without the prior approval of a judicial officer. *See* Local Rule 26(b). By letter to me dated May 31, 2012, the defendants sought leave to file the instant motion, which I granted. On filing the Motion, they also sought expedited briefing and a hearing. *See* Motion at 1. I granted the motion to expedite briefing but denied the request for a hearing, without prejudice to its renewal by either party at the time of the filing of responsive or reply briefs. *See* ECF No. 146. Neither party made a new request for a hearing. *See* Plaintiffs' Opposition to Defendants' Motion To Strike Plaintiffs' Supplemental Expert Designation of Dr. Patrick E. Conroy ("Opposition") (ECF No. 150) at 1, 9-10; Defendants' Reply in Support of Motion To Strike Plaintiffs' Supplemental Expert Designation of Dr. Conroy as Untimely ("Reply") (ECF No. 153) at 1, 7. In any event, the parties' papers provide a sufficient basis on which to render this ruling, and its expedited disposition also counsels in favor of foregoing oral argument.

Federal Rule of Civil Procedure 26 provides, in relevant part, that "a party must disclose to the other parties the identity of any [expert] witness it may use at trial to present evidence[.]" Fed. R. Civ. P. 26(a)(2)(A). "A party must make these disclosures at the times and in the sequence that the court orders." *Id*. at (a)(2)(C). "Unless otherwise stipulated or ordered by the court, this [initial] disclosure must be accompanied by a written report – prepared and signed by the witness[,]" that includes, *inter alia*, "a complete statement of all opinions the witness will express and the basis and reasons for them[.]" *Id*. at (a)(2)(B)(i). This language is reiterated in this court's standard scheduling orders, including the one issued in this case. *See* ECF No. 47 at 2.

The rule also states:

> For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition. Any additions or changes to this information must be disclosed by the time the party's pretrial disclosures under Rule 26(a)(3) are due.

Fed. R. Civ. P. 26(e)(2). "Unless the court orders otherwise, these [pretrial] disclosures must be made at least 30 days before trial." *Id.* at (a)(3)(B).

If a party's expert disclosure is untimely, "the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). The movant bears the burden of demonstrating that a late expert designation is either substantially justified or harmless. *See, e.g., United States Bank Nat'l Ass'n v. James*, Civil No. 09-84-P-JHR, 2010 WL 1416126, at *6 (D. Me. Apr. 5, 2010).

"The baseline rule is that the required sanction in the ordinary case is mandatory preclusion." *Harriman v. Hancock County*, 627 F.3d 22, 29 (1st Cir. 2010) (citations and internal punctuation omitted). However, the court retains discretion to impose other sanctions in lieu of, or in addition to, mandatory preclusion. *See* Fed. R. Civ. P. 37(c)(1); *see also, e.g., Esposito v. Home Depot U.S.A., Inc.*, 590 F.3d 72, 77-78 (1st Cir. 2009) ("Preclusion . . . is not a strictly mechanical exercise. And, in its discretion, the district court may choose a less severe sanction. Where a district court does opt in favor of preclusion, we review that decision with reference to a host of factors, including: (1) the history of the litigation; (2) the sanctioned party's need for the precluded evidence; (3) the sanctioned party's justification (or lack of one) for its late disclosure; (4) the opponent-party's ability to overcome the late disclosure's adverse effects – e.g., the surprise and prejudice associated with the late disclosure; and (5) the late

disclosure's impact on the district court's docket.") (citations and some internal quotation marks omitted).

## II.  Factual Background

Following two extensions, the plaintiffs' deadline for designating experts expired on February 29, 2012. *See* ECF No. 54 at 2; ECF No. 79 at 7. At the time of the grant of the second motion to extend, by order dated February 6, 2012, I reset the deadline "without prejudice to the filing of a further motion to extend that deadline for good, articulable reasons, if a routine modification of any expert designation(s) is inadequate." ECF No. 79 at 7. The plaintiffs filed no further such motion.

On February 29, 2012, the plaintiffs served on the defendants their designations of four expert witnesses, including Dr. Conroy. *See generally* Plaintiffs' Expert Witness Designations (ECF No. 142-1), Exh. A to Declaration of Max Nicholas in Support of Defendants' Motion To Strike Plaintiffs' Supplemental Expert Designation of Patrick E. Conroy as Untimely ("Nicholas Decl.") (ECF No. 142). The plaintiffs disclosed that "Dr. Conroy is retained in this matter to perform a forensic analysis of the Madoff-related losses suffered by Spring Mountain Capital and reported to its limited partners and investors." *Id*. at 11. They discussed the type of analysis that they expected Dr. Conroy to undertake, but added:

> Owing to the Defendants' failure and/or refusal to provide the Plaintiffs with all true and correct reports and account statements relevant to and necessary for the completion of Dr. Conroy's forensic services in this matter, no further information concerning Dr. Conroy's opinions can be provided at this time in the context of this designation. Within a reasonable period of time following his receipt of the discovery currently being sought by the Plaintiffs, Dr. Conroy's designation will be duly supplemented to specify any and all opinions he may offer as an expert witness, including the disclosure of any schedules or data he assembles relating to Spring Mountain's actual and reported Madoff-related losses.

*Id*. at 11-12.

By order dated April 14, 2012, I enlarged the discovery deadline from May 7, 2012, to May 21, 2012, solely for the purpose of taking expert depositions. *See* ECF No. 103 at 4.

On May 9-10, 2012, the defendants' counsel exchanged emails with the plaintiffs' counsel as to when the supplemental designation of Dr. Conroy would be produced. *See* Exhs. D (ECF No. 143-4), E (ECF No. 143-5), F (ECF No. 143-6), G (ECF No. 143-7), H (ECF No. 143-8), I (ECF No. 143-9), & J (ECF No. 143-10) to Nicholas Decl. In response to an initial inquiry by the defendants' counsel James Kilbreth, plaintiffs' counsel Alfred Frawley stated: "Regarding Dr. Conroy, we have been waiting for you to notice his deposition. We just got the documents on April 24th, and [he] is in London this week, so we'll supplement his designation as soon as we can. Why don't you send me some dates when you can depose him?" Exhs. D-E to Nicholas Decl.

Attorney Kilbreth responded: "On Conroy, I think we need to be sure that we have had an adequate chance to review his supplemental materials before deposing him, so let us know when you think we'll see the supplement and we'll be able to work on dates." Exh. F to Nicholas Decl. Attorney Frawley replied, "Regarding Dr. Conroy, we'll have something for you as soon as we can. He also needs [an] adequate chance to review the discovery. You were a combined four days late on your last two court-ordered productions, which cost him valuable time before he left the country to review the materials. I'll have a better idea at the beginning of next week [May 14, 2012]." Exh. G to Nicholas Decl. Attorney Frawley elaborated, "We receive documents the next business day after the night you mail them. Therefore, we received the production that was due on Friday, April 20th on Monday, April 23rd, and we received the production that was due on Monday, April 23rd on Tuesday, April 24th. As I said, we lost four days." Exh. H to Nicholas Decl.

On May 10, 2012, Attorney Kilbreth stated: "[W]e need to have the designation materials no later than Wednesday [May 16, 2012] if we're going to be able to fit this in before the discovery cutoff." Exh. I to Nicholas Decl. That day, Attorney Frawley responded, "Dr. Conroy has been out of the country for at least the last week, so he has not had a chance to look at the extensive financial materials that were produced to us on April 23rd and April 24th. As you know, there were thousands of pages that we needed to cull through. I can give you copies of the materials we have sent him, but other than that I can't give you a timetable other than that we'll get them to you as soon as we can." Exh. J to Nicholas Decl.

On May 25, 2012, the plaintiffs served Dr. Conroy's supplemental designation on the defendants. *See* Letter dated May 25, 2012, from Alfred C. Frawley IV to James T. Kilbreth, Esquire, contained in Exh. B (ECF No. 143-2) to Nicholas Decl. In their supplemental designation, the plaintiffs stated that Dr. Conroy had partially reviewed certain financial records, provided to him by attorneys for the plaintiffs, including documents received by the plaintiffs at various points from March 16, 2012, to April 24, 2012. *See* Plaintiffs' Supplementation to the Expert Witness Designation of Patrick E. Conroy, Ph.D., contained in Exh. B to Nicholas Decl., at 1-2 & nn. 1-8. These documents included 460 pages of "Preliminary Performance Estimates" and "Flash Reports" received on April 24, 2012, and 718 pages of Forms K-1 received on April 24, 2012. *See id*. at 1 n.1 & 2 n.5. The plaintiffs went on to describe Dr. Conroy's expected testimony, appending five charts to the supplemental designation. *See generally id*.

In response to the defendants' May 31, 2012, letter to me requesting permission to file a motion to strike the supplemental Conroy designation, the plaintiffs sent a letter to me of the same date, noting, *inter alia*, that Dr. Conroy had traveled to Miami, Florida, and London, England, between May 3 and May 13 for other work-related matters and that my order of

February 6, 2012 (mistakenly referred to as an order of February 26, 2012) contemplated routine modifications of any expert designation.  *See* Exh. C (ECF No. 142-3) to Nicholas Decl.[1]

In connection with their Opposition, the plaintiffs submit:

2\.       An affidavit of Attorney Frawley stating, *inter alia*, that (i) on or about April 23, 2012, the plaintiffs received approximately 4,500 pages of documents from the defendants pursuant to their first request for production of documents, among them 62 pages relating directly to management and performance fees paid to the defendants, (ii) on or about April 24, 2012, the plaintiffs received approximately 36,000 pages of documents from the defendants pursuant to their second request for production of documents that included missing Preliminary Performance Estimates and Flash Reports, communications concerning transfers of investments in late 2008, federal tax returns and supporting documents, and thousands of pages of communications concerning Bernard Madoff, (iii) once Attorney Frawley completed his analysis and review of those and other documents, he sent the relevant portion of those documents to Dr. Conroy on or about April 26, 2012, and (iv) during a May 2, 2012, deposition of J. Ezra Merkin, Mr. Merkin confirmed the accuracy of a certain exhibit, which Attorney Frawley then sent to Dr. Conroy on or about May 4, 2012.  *See* Declaration of Alfred C. Frawley IV in Support of Plaintiffs' Opposition to Defendants' Motion To Strike Plaintiffs' Supplemental Expert Designation of Dr. Patrick E. Conroy (ECF No. 150-2), Exh. B to Opposition, ¶¶ 11-14.

2\.       An affidavit of Dr. Conroy stating, *inter alia*, that (i) the Preliminary Performance Estimates and Flash Reports were of particular importance to his opinions and data presentations, (ii) his office received three packages of documents from Attorney Frawley, the third of which

---

[1] In their opposition, the plaintiffs explain that they mistakenly stated that Dr. Conroy was away on business until May 13, 2012.  *See* Opposition at 6 & n.4.  He returned on May 11, but did not go to his office until May 14, because May 12-13 was a weekend.  *See id.*

was received on April 27, 2012, and included, among other things, Asset Under Management Reports, unredacted versions of Preliminary Performance Estimates and Flash Reports that he had previously received, and previously missing months of those reports, (iii) it was only on Dr. Conroy's receipt of this third installment of documents that he possessed the information necessary to undertake the analysis described in his initial expert witness designation, and (iv) between May 3, 2012, and May 11, 2012, he traveled to Miami, Florida, and London, England, in connection with various professional and business obligations and was unable, because he was engaged on other business, to review and analyze the third installment of documents during that period. *See* Affidavit of Patrick E. Conroy, Ph.D. (ECF No. 150-1), Exh. A to Opposition, ¶¶ 2-6.

### III. Discussion

#### A. Missing of Deadline; Burden of Moving for Extension

I first address threshold arguments made by both sides. The defendants contend that the plaintiffs' failure to request an extension of the May 21 discovery deadline is dispositive of the instant request, warranting the grant of the Motion without further analysis. *See* Motion at 3. The plaintiffs argue that no deadline was missed. *See* Opposition at 4-5. They reason that they merely supplemented the designation of Dr. Conroy pursuant to Rule 26(e)(2), and did so well before the applicable deadline, which, by their reckoning, was August 5, 2012, 30 days before the expected trial date of September 4, 2012. *See id.* They add that the obligation to file a motion to extend the May 21 discovery deadline was that of the defendants, who wished to take Dr. Conroy's deposition. *See id.*

None of these threshold arguments wins the day. To begin, I note that the plaintiffs do argue, in the alternative, that, if the court finds the supplemental designation untimely, it should

8

deny the Motion on the grounds that the belated designation was both substantially justified and harmless. *See id.* at 5-9. The defendants brief that point in both their Motion and Reply. *See* Motion at 3-9; Reply at 3-7. Therefore that issue, discussed in more detail below, has been squarely raised and joined.

Second, as the defendants correctly point out, *see* Reply at 3, Rule 26(e)(2) is inapposite. That rule contemplates "additions or changes" to the information contained in the expert report required to be disclosed initially pursuant to Rule 26(a)(2)(B). *See* Fed. R. Civ. P. 26(e)(2). Although the plaintiffs designated Dr. Conroy by the February 29, 2012, deadline, the designation effectively was nothing more than a placeholder without sufficient substance. It lacked the required "complete statement of all opinions the witness will express and the basis and reasons for them[.]" *Id.* at (a)(2)(B)(i). Indeed, there was no statement of any opinion that Dr. Conroy would express. Rather, the plaintiffs described the methodology that he would use in expressing opinions when he had sufficient data to formulate them. The plaintiffs' reliance on Rule 26(e)(2), hence, is misplaced because that rule of course contemplates a compliant initial disclosure.

Moreover, even if the plaintiffs had correctly invoked Rule 26(e)(2), they miscalculated the deadline thereunder. The rule provides a default deadline of 30 days before trial, but only "[u]nless the court orders otherwise[.]" *Id.* at (a)(3)(B) & (e)(2). The court did order otherwise in setting a discovery deadline, which expired, following extensions, on May 7, 2012, except for the purpose of taking expert depositions. Obviously, a supplemental expert designation qualifies as "discovery," particularly when it provides the expert's opinion for the first time. The plaintiffs failed to supplement the Conroy designation by the applicable deadline.

Third, in these circumstances, the plaintiffs, rather than the defendants, bore the burden of moving for a deadline extension. In their May 31, 2012, letter, the plaintiffs misconstrued a statement in my order dated February 6, 2012, as supporting their supplemental designation of Dr. Conroy pursuant to Rule 26(e)(2). *See* Exh. C to Nicholas Decl. In that order, I made clear that the plaintiffs were free to file "a further motion to extend that [expert designation] deadline for good, articulable reasons, if a *routine modification* of any expert designation(s) is inadequate." ECF No. 79 at 7 (emphasis added). The supplemental designation of Dr. Conroy hardly was a "routine modification."

Prior to the defendants' filing of the instant Motion on June 4, 2012, the plaintiffs never moved to extend the discovery deadline or, in the alternative, their expert designation deadline. They should have done so.

### B. Substantial Justification or Harmlessness

I turn to the crux of the instant dispute: whether the plaintiffs, who did not timely file the supplemental designation of Dr. Conroy, succeed in demonstrating that their tardiness was either substantially justified or harmless.

The late designation was not harmless. It prevented the defendants from deposing Dr. Conroy prior to the applicable discovery deadline of May 21, 2012. In addition, the defendants state that they would need to re-depose the Goldensons with respect to certain of Dr. Conroy's opinions. *See* Motion at 8-9 & n.6. Finally, as the defendants note, they have been unable to factor any deposition of Dr. Conroy into their preparation to discuss the filing of summary judgment motions during a Rule 56(h) conference that is scheduled for Friday, July 6, 2012, before Chief Judge Woodcock. *See id*. at 7-8; ECF No. 144. The tardy designation therefore impacts not only the discovery deadline but also the court's and the parties' planning for

summary judgment motions.  Consequences such as this undermine a showing of harmlessness. *See, e.g., Poulis-Minott v. Smith*, 388 F.3d 354, 358 (1st Cir. 2004) ("The purpose of the expert disclosure rules is to facilitate a fair contest with the basic issues and facts disclosed to the fullest practical extent.  Thus Rules 26(a) and 37(c)(1) seek to prevent the unfair tactical advantage that can be gained by failing to unveil an expert in a timely fashion, and thereby potentially deprive a plaintiff of the opportunity to depose the proposed expert, challenge his credentials, solicit expert opinions of his own, or conduct expert-related discovery.") (citations and internal quotation marks omitted).

Nonetheless, the plaintiffs do demonstrate that the tardy designation was substantially justified.  As a result of a number of contentious discovery disputes, they did not receive certain document productions from the defendants until April 23 and 24, 2012.  Attorney Frawley expeditiously reviewed this significant production, transmitting relevant documents to Dr. Conroy on April 26, 2012.  Dr. Conroy received that package on Friday, April 27, 2012.  He avers, and I accept on this record, that this production was critical to his ability to conduct his analysis.  April 28-29, 2012, was a weekend, and Dr. Conroy was away on other business from May 3-11, 2012.  He indicates that, due to the press of this other business, he was unable to turn to the critical, freshly transmitted documents until after his return on May 11, 2012, which happened to be a Friday.  The plaintiffs produced his supplemental (and, for the first time, substantive) designation within two weeks of that time.

Moreover, in this case, unlike in the case of the defendants' motion to designate expert James Fanto out of time, *see* ECF No. 135 at 3-10, the plaintiffs put the defendants on notice by February 29, 2012, their deadline for designating experts, that they had located Dr. Conroy as an expert, that he intended to undertake a certain analysis, and that his ability to do so was

11

contingent on the production of documents that had been requested from, but were being withheld by, the defendants. The defendants had a right to litigate their obligation to produce the documents at issue; however, their decision to do so resulted in a significant delay in the plaintiffs' ability to complete their designation. The defendants anticipated, and did not raise an earlier objection to, the expected supplemental designation, attempting to ascertain its status in a series of emails on May 9 and 10 and to schedule the deposition of Dr. Conroy prior to the applicable May 21, 2012, deadline. Only when the designation was not forthcoming in time to meet that deadline did they complain. The relief afforded herein addresses the prejudice suffered.[2]

## C. Sanctions in Form of Costs of Litigating Motion

Although I find the plaintiffs' late supplemental designation of Dr. Conroy substantially justified, I impose sanctions in the form of the assessment of the defendants' reasonable costs of pursuing the Motion.

The plaintiffs' deadline to designate experts, and to provide a complete statement of their opinions and the bases therefor, was February 29, 2012. As discussed above, even if the supplemental designation of Dr. Conroy qualified as a supplement pursuant to Rule 26(e)(2), it was due by May 7, 2012. At the very least, as the defendants argue, the supplemental designation was due sufficiently in advance of the May 21, 2012, deadline for deposing experts to permit the defendants to take Dr. Conroy's deposition by that date.

At no point prior to May 21, 2012, did the plaintiffs raise this issue with the court, evidently relying on their mistaken beliefs that (i) Rule 26(e)(2) applied, (ii) their deadline

---

[2] To the extent that the defendants complain that the tardy supplemental designation has impacted planning for summary judgment motions, they are free to raise this point with Chief Judge Woodcock, and call this order to his attention, at the Rule 56(h) conference scheduled for July 6, 2012.

pursuant to that rule was August 5, 2012, and (iii) the defendants, not they, bore the burden of seeking a deadline extension. The plaintiffs' lack of concern about whether the designation was made before or after the May 21, 2012, deadline is evident in their counsel's email exchanges with the defendants' counsel on May 9-10, 2012.

The plaintiffs, who knew that vital documents had not been transmitted to Dr. Conroy until April 26, 2012, and that he would be traveling on other business shortly thereafter, neither complied with the court's scheduling order deadlines nor moved for a deadline extension. Instead, this motion practice ensued. Its costs properly are taxed to the plaintiffs. *See* Fed. R. Civ. P. 37(b)(2)(C).

### D.  Grant of Alternative Requested Relief

I grant, without objection, the defendants' alternative request to enlarge the discovery period to permit them to depose Dr. Conroy out of time and, over objection, their additional request to enlarge the discovery period to permit them to re-depose the Goldensons on issues relating to certain of the assertions made in Dr. Conroy's supplemental designation. *See* Motion at 9 n.7; Opposition at 8-9.

The plaintiffs protest that the defendants should not be permitted to re-depose the Goldensons in these circumstances, in which the defendants chose to depose the Goldensons more than six months ago and delayed producing the documents underpinning the Conroy supplemental designation, and the court has already recently permitted the defendants to re-depose the Goldensons once. *See* Opposition at 8-9; ECF No. 135 at 13-14. Nonetheless, the defendants show good cause to re-depose the Goldensons on issues relating to certain of the assertions made in Dr. Conroy's supplemental designation; for example, the Goldensons' perceptions of and reliance on the monthly differentials between the Preliminary Performance

Estimates and the Flash Reports. *See* Motion at 8-9 & n.6. Notably, the plaintiffs do not argue that this line of questioning is irrelevant. *See* Reply at 8-9.

For these reasons, the discovery deadline is enlarged *nunc pro tunc* to July 20, 2012, solely for the purpose of permitting the defendants to depose Dr. Conroy and to re-depose the Goldensons. The Goldenson depositions (i) shall be confined to the subject matter of assertions made in Dr. Conroy's supplemental designation and (ii) may not exceed a total of two hours in length, excluding time consumed by objections and interruptions, said time to be divided between Daniel and Suzanne Goldenson in whatever manner the defendants see fit.

### IV. Conclusion

For the foregoing reasons, the Motion is **GRANTED** in part, insofar as (i) the discovery deadline is **ENLARGED** *nunc pro tunc* to July 20, 2012, to permit the defendants to depose Dr. Conroy and to re-depose the Goldensons, with the conditions described above, and (ii) sanctions are imposed against the plaintiffs in the form of the assessment of the defendants' reasonable expenses of litigating the instant motion. The defendants shall submit their applicable fees and costs within 30 days of the date of this order. The Motion is otherwise **DENIED**.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to appeal the district court's order.*

Dated this 5th day of July, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge