UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL R. GOLDENSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 10-CV-440 (JAW) |
| v. ) | |
| ) | |
| JOHN L. STEFFENS, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' PARTIAL APPEAL OF THE MAGISTRATE JUDGE'S DECISION ON DEFENDANTS' MOTION TO STRIKE THE EXPERT DESIGNATION OF DR. PATRICK E. CONROY

Defendants respectfully submit this partial appeal of the Magistrate Judge's Memorandum Decision And Order On Defendants' Motion To Strike Expert Designation (the "Decision" or "Dec.") (Dkt. No. 158), pursuant to Federal Rule of Civil Procedure 72(a) and District of Maine Local Rule 72.1. Defendants appeal only the Magistrate Judge's refusal to impose the sanction of excluding Dr. Conroy for untimeliness, and they only press this appeal in the event the Court sets aside, on Plaintiff's Rule 72 appeal, the alternative sanction imposed by the Magistrate Judge against Plaintiffs of Defendants' costs in moving to exclude Dr. Conroy.[1]

### FACTUAL BACKGROUND

On May 25, 2012, Plaintiffs served on Defendants a supplemental expert designation for Patrick E. Conroy. Dec. at 4. The supplemental designation was the first document Defendants

---

[1] Defendants informed Plaintiffs that they would only appeal the Decision if Plaintiffs appealed, and asked Plaintiffs accordingly to let them know if they planned to appeal. Defendants never heard back from Plaintiffs, and therefore file this appeal as a protective measure. Defendants oppose Plaintiffs' appeal and will file a response at the appropriate time.

were given containing Dr. Conroy's opinions in this case. *Id.* at 9.[2] It came after three deadlines had already expired: the May 21 deadline for deposing experts, the May 7 discovery cut-off, and the February 29 deadline "to designate experts[] and to provide a complete statement of their opinions and the bases therefor." *Id.* at 12. Prior to May 21, Defendants had repeatedly informed Plaintiffs through counsel that they needed to see Dr. Conroy's opinions in advance of the May 21 deadline in order to depose him. *See id.* at 5-6.

Upon receiving Dr. Conroy's supplemental designation on May 25, and after receiving permission from the Magistrate Judge, Defendants moved to strike it on the ground of untimeliness and to preclude Dr. Conroy from offering expert testimony in this case (the "Motion to Strike") (Dkt. No. 141). The Magistrate Judge issued a thorough 14-page decision ruling that the designation was untimely filed and that "plaintiffs should have, and did not, timely move for a deadline extension, necessitating the filing of the [motion to strike] and causing additional delay in this already contentious case." *Id.* at 1. Accordingly, the Magistrate Judge imposed a sanction on Plaintiffs in the form of the assessment of Defendants' costs in pressing the Motion to Strike. However, the Magistrate Judge declined to strike Dr. Conroy as an expert witness because he found that Plaintiffs' delay in providing his opinions was "substantially justified." *Id.*

## STANDARD OF REVIEW

The Decision may be set aside only if it was "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). "The 'clearly erroneous' standard means that this Court must accept both the [Magistrate Judge's] findings of fact and conclusions drawn therefrom unless, after

---

[2] Plaintiffs had previously provided Defendants with a "placeholder" designation for Dr. Conroy "without sufficient substance." Dec. at 9.

scrutinizing the entire record, [it forms] a strong, unyielding belief that a mistake has been made." *United States v. Stone*, 824 F. Supp. 2d 176, 185 (D. Me. 2011) (quotation marks omitted).  For "pure question[s] of law, . . . review is plenary under the 'contrary to law' branch of the Rule 72(a) standard." *Id.* (quotation marks omitted).

## ARGUMENT

In the event the Court sets aside the assessment against Plaintiffs of Defendants' costs in pressing their motion to strike – which was proper and should be affirmed – the Court should impose the alternative sanction of excluding Dr. Conroy as an expert witness in this case.  The Magistrate Judge made detailed findings that Plaintiffs' supplemental designation for Dr. Conroy was untimely; that Plaintiffs failed to request an extension of the expert discovery deadline; and that Plaintiffs' actions necessitated costly motion practice.  Plaintiffs should not be permitted to evade the consequences of their disregard for binding discovery deadlines, particularly where they have argued, when it has suited them, that "expert disclosure requirements are not merely aspirational, and courts must deal decisively with a party's failure to adhere to them."  *See* Dkt. No. 124 at 6.

Moreover, in finding that Plaintiffs' delay in serving the supplemental designation for Dr. Conroy was "substantially justified" and declining on that basis to exclude him as untimely, the Magistrate Judge did not consider that Plaintiffs' failure to ask for an extension, as they were required to do, itself "undercuts" their argument of substantial justification.  *See Bixby v. KBR, Inc.*, No. 309 Civ. 632, 2011 WL 6935311, at *11-*12 (D. Or. Dec. 30, 2011) (finding that delay in providing expert report was not substantially justified due, among other things, to plaintiffs' "failure to request extension of the expert disclosure deadline prior to its expiration," and

imposing sanction of defendants' costs against plaintiffs); *see also* Motion to Strike at 4 (arguing that Plaintiffs had sufficient time to ask for an extension). If Plaintiffs wanted to establish substantial justification for their delay, the proper forum to do so was a motion for leave to file an untimely designation. That is the procedure Defendants followed in seeking to designate their own expert out-of-time, *see* Dkt. No. 113, which was denied.

Defendants also respectfully refer the Court to their arguments before the Magistrate Judge as to the ample amount of time Plaintiffs had to serve Dr. Conroy's supplemental designation, even accepting at face value Plaintiffs' representations about Dr. Conroy's travel schedule and his need to review documents received by Plaintiffs on April 24, 2012. *See* Motion to Strike at 3-5; *see also* Defendants' Reply in Support of Motion to Strike (Dkt. No. 153) at 4. There was no real need for Plaintiffs to wait until May 25 to provide Defendants with Dr. Conroy's proposed opinions.[3]

## CONCLUSION

Defendants respectfully request that in the event the Court sets aside the Magistrate Judge's assessment of costs against Plaintiffs, the Court impose the sanction of excluding Dr. Conroy from testifying in this matter.

Dated: July 19, 2012

                SPEARS & IMES LLP

                By: /s/ David Spears
                   David Spears

---

[3] Indeed, Dr. Conroy testified at his deposition that since his retention by Plaintiffs approximately one year ago, he has spent a total of 9.75 hours working on this matter. This hardly supports Plaintiffs' claim that Dr. Conroy could not perform his analysis by May 21.

By: /s/ Max Nicholas
    Max Nicholas
    Michelle Skinner
    51 Madison Avenue
    New York, New York 10010
    Telephone: (212) 213-6996

DRUMMOND WOODSUM

By: /s/ James T. Kilbreth
    James T. Kilbreth
    Drummond Woodsum
    84 Marginal Way
    Portland, Maine 04101
    Telephone (207) 253-0555
    *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 19, 2012, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

> Thimi R. Mina
> Jay P. McCloskey
> Alfred Frawley
> McCloskey, Mina & Cunniff, LLC
> 12 City Center
> Portland, ME 04101

Dated:   July 19, 2012

>                               /s/David Spears
> David Spears
> 51 Madison Avenue
> New York, New York 10010
> (212) 213-6996
> dspears@spearsimes.com