UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| **DANIEL R. GOLDENSON,** et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Docket No. 2:10-CV-440-JAW |
| | ) |
| **JOHN L. STEFFENS,** et al., | ) |
| | ) |
| Defendants. | ) |

**PLAINTIFFS' RESPONSE TO DEFENDANTS' PARTIAL APPEAL OF THE MAGISTRATE JUDGE'S DECISION ON DEFENDANTS' MOTION TO STRIKE THE EXPERT DESIGNATION OF DR. PATRICK E. CONROY**

**COME NOW** the Plaintiffs, by and through their undersigned attorneys, in response to the Defendants' Partial Appeal of the Magistrate Judge's Decision on the Defendants' Motion to Strike the Expert Designation of Dr. Patrick E. Conroy (Docket No. 162) (the "Defendants' Partial Appeal").

**I.      INTRODUCTION**

The Defendants ask the Court to impose an "alternative sanction" on the Plaintiffs in the event the Court sets aside the Magistrate Judge's Memorandum Decision and Order (Docket No. 158) requiring the Plaintiffs to pay the Defendants' costs stemming from their Motion to Strike the Plaintiffs' Supplemental Expert Designation of Dr. Patrick E. Conroy as Untimely (Docket No. 141). *See Defs.' Partial Appeal* at 1 n.1, 3. The Defendants argue that "the Magistrate Judge did not consider that Plaintiffs' failure to ask for an extension, as they were required to, itself 'undercuts' their argument of substantial justification." *See id.* at 3. In reality, however, the Defendants' Partial Appeal 1) asks the Court to punish the Plaintiffs, not remedy any actual prejudice suffered by the Defendants; 2) seeks to drive up the Defendants' already exorbitant "costs" in order to inflict more financial discomfort on the already victimized Plaintiffs; and 3)

attempts to distract the Court from the underlying substantive issues in this case.

## II.   ARGUMENT

The Defendants' Partial Appeal fails to recognize that the Plaintiffs already filed, and still have *pending*, a request for protection from the expert designation deadline. *Compare Pls.' Mot. for Protection* at 1 (Docket No. 85) (asking "for protection from the existing February 29, 2012 expert designation deadline") *with March 28, 2012 Report of Hearing and Order* at 8 (Docket No. 98). Simply stated, the Defendants advocate that the Plaintiffs should be sanctioned for not filing another request for an extension of the expert designation deadline when the Plaintiffs had a request for protection from that same expert designation deadline pending.[1] That request was predicated on the Defendants' own failure and refusal to produce documents containing the data necessary to complete Dr. Conroy's designation, and the mere fact of this pending but unanswered request should at the very least protect the Plaintiffs from sanctions. *See Mem. Decision & Order on Defs.' Mot. to Allow Late Expert Designation & Further Discovery* at 8 (Docket No. 135) ("I *do* recall advising counsel that, generally, when a motion to extend time is filed, the filer is protected until the court rules, that is, protected with respect to the deadlines sought to be extended" (emphasis in original).

Moreover, for the Defendants to now complain that the "Plaintiffs' actions necessitated costly motion practice" is beyond the pale. *See Defs.' Partial Appeal* at 3. The Defendants' discovery tactics are the reason for the overwhelming docket in this case. The record is clear: in order for the Plaintiffs to have obtained the documents needed to support Dr. Conroy's testimony

---

[1] The Defendants' claim that "the proper forum to [supplement Dr. Conroy's Designation] was a motion for leave to file an untimely designation," *see Defs.' Partial Appeal* at 4, is contrary to the Plaintiffs' recollection and understanding of Magistrate Judge Rich's comments during an April 12, 2012 teleconference to the effect that the typical procedure for a party seeking to designate an expert witness out of time is for that party to file the untimely designation and await the opposing party's motion to strike.

and fully comply with Fed. R. Civ. P. 26(2)(B), the Plaintiffs were forced to file four motions, including one in a foreign district, lest they simply surrender the use and benefit of the incriminating evidence sought altogether. *See Pls' Mot. for Enlargement of Time Permitted for Pls.'' Designation of Expert Witnesses* (Docket No. 69); *Pls.' Mot. to Extend the Time to Take the Depositions of Party Defendants Steffens and Ho* (Docket No. 84); *Pls.' Mot. for Protection and for Order to Show Cause as to Why Sanctions Should Not be Entered* (Docket No. 85); *Movs.' Mot. to Compel the Production of Documents*, No. 1:12-mc-00068-P1 (S.D.N.Y. Mar. 2, 2012). The Plaintiffs also had to oppose three motions filed by the Defendants. *See Pls.' Resp. in Opp. to Defs.' Mot. to Clarify* (Docket No. 82), *Pls.' Obj. to Defs.' Mot. for Protective Order Relating to Pls.' Second Request for the Production of Documents and Things* (Docket No. 92), *Pls.' Opp. to Defs.' Mot. to Strike Pls.' Supplemental Expert Designation of Dr. Patrick E. Conroy* (Docket No. 150). They have had to appeal an award of sanctions, *see Pls.' Appeal of the Magistrate Judge's Order on Defs.' Mot. to Strike Expert Designation* (Docket No. 161), and they now have to respond to the Defendants' own Partial Appeal. The Defendants have also sought to exclude Dr. Conroy's testimony for a *third* time on the ground that it is "insignificant." *See Defs.' Daubert/Kumho Mot. to Exclude Expert Testimony of Patrick E. Conroy* at 6-8 (Docket No. 167).[2] If the Defendants had simply turned over the underlying documents that were requested and essential to the specification of the facts and reasons behind Dr. Conroy's opinions, all of these filings could have been avoided. Instead, the Defendants chose to bleed the Plaintiffs' limited resources by fighting tooth and nail over what they now argue is "insignificant" testimony. *See id.* The tactics employed by these Defendants have never been prevalent in this District, however, and they should not be encouraged nor rewarded in this instance.

---

[2] The Defendants' actions reveal that they think Dr. Conroy's expected testimony is anything but "insignificant."

**WHEREFORE**, the Plaintiffs respectfully request that the Court deny the Defendants' Partial Appeal of the Magistrate Judge's Decision on the Defendants' Motion to Strike the Expert Designation of Dr. Patrick E. Conroy (Docket No. 162).

Dated at Portland, Maine this 6th day of August, 2012.

/s/ <u>Jay P. McCloskey</u>
Jay P. McCloskey

/s/ <u>Thimi R. Mina</u>
Thimi R. Mina

/s/ <u>Alfred C. Frawley IV</u>
Alfred C. Frawley IV

Attorneys for the Plaintiffs
MCCLOSKEY, MINA & CUNNIFF, LLC
12 City Center
Portland, Maine 04101
(207) 772-6805

# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **DANIEL R. GOLDENSON,** et al., | ) |
| | ) |
|     Plaintiffs, | ) |
| | ) |
|     v. | )   Docket No. 2:10-CV-440-JAW |
| | ) |
| **JOHN L. STEFFENS,** et al., | ) |
| | ) |
|     Defendants. | ) |

## PLAINTIFFS' CERTIFICATE OF SERVICE

    I hereby certify that on August 6, 2012, I have electronically filed the foregoing **PLAINTIFFS' RESPONSE TO DEFENDANTS' PARTIAL APPEAL OF THE MAGISTRATE JUDGE'S DECISION ON DEFENDANTS' MOTION TO STRIKE THE EXPERT DESIGNATION OF DR. PATRICK E. CONROY** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

James T. Kilbreth, Esquire
DRUMMOND WOODSUM & MACMAHON
84 Marginal Way Number 600
Portland, ME 04101

David Spears, Esquire (*pro hac vice*)
Michelle Skinner, Esquire (*pro hac vice*)
Max Nicholas, Esquire (*pro hac vice*)
SPEARS & IMES LLP
51 Madison Avenue
New York, New York 10010

Dated this 6th day of August, 2012.

                                          /s/    Alfred C. Frawley IV
                                                  Alfred C. Frawley IV

                                                   MCCLOSKEY, MINA & CUNNIFF, LLC
                                                   12 City Center
                                                   Portland, Maine 04101
                                                   (207) 772-6805
                                                   afrawley@lawmmc.com