# UNITED STATES DISTRICT COURT
## DISTRICT OF MAINE

| | | |
|---|---|---|
| **DANIEL R. GOLDENSON,** et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **v.** | ) | Docket No. 2:10-CV-440-JAW |
| | ) | |
| **JOHN L. STEFFENS,** et al., | ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF SONIA M. BROOKS, CPA PURSUANT TO FED. R. EVID. 702 AND *DAUBERT/KUMHO***

**COME NOW** the Plaintiffs, by and through their undersigned attorneys, in reply to the Defendants' Opposition to the Plaintiffs' Motion to Exclude the Expert Testimony of Sonia M. Brooks, CPA Pursuant to Fed. R. Evid. 702, *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999) (Docket No. 173) (the "Defendants' Opposition").

The Defendants offer Ms. Brooks as an expert fact witness.  In support of her admissibility, they argue that Ms. Brooks's calculations are relevant because her testimony may establish three facts: 1) that the Plaintiffs "had substantial investment assets in addition to their investments in QP I and Ascot"; 2) that the Plaintiffs "suffered substantial losses in these other investments"; and 3) that these investments were not in municipal bonds.[1]  *See Defs.' Mot.* at 3. These facts, the Defendants claim, "will undeniably assist the fact-finder in evaluating the credibility of the Goldensons and their claimed damages."  *Id.* at 4.

What Ms. Brooks cannot testify to, however, is equally worth mentioning:  She cannot

---

[1] That is simply wrong.  In fact, the Blackrock investment, about which Ms. Brooks proposes to testify, was in municipal bonds.

testify that the Plaintiffs' investments in these funds were not conservative investments because such testimony would be, by her own admission, beyond her expertise. *See Tr. of Dep. of Sonia M. Brooks* at 43:11-16 (Docket No. 163-2) ("Brooks Deposition Transcript"). She cannot testify as to how the Plaintiffs' losses in these funds compared to the losses they suffered in Ascot Partners, L.P. ("Ascot") and the Spring Mountain Partners QP I Fund ("QP I") because, by her own admission, she did not analyze these investments. *See id.* at 42:13-43:3. She cannot testify as to what percentage of the Plaintiffs' net worth was invested in the Defendants' funds or the scope and amount of their 2008 Ascot and QP I losses because, by her own admission, she did not calculate these figures and has no basis whatsoever to offer any such opinion. *See generally Defs.' Expert Designation of Sonia M. Brooks* (Docket No. 163-1); *Brooks Dep. Tr.* Put simply, she does not propose to connect her testimony to the issues it is purportedly relevant to.

The Defendants' current position is diametrically opposed to the one they took in their Motion to Exclude the Expert Testimony of Patrick E. Conroy, Ph.D (Docket No. 167). In that Motion, the Defendants argued that Dr. Conroy's fact-based accounting testimony was 1) irrelevant because it "would contribute nothing to the jury's understanding of the facts at issue" and 2) prejudicial because it would "create the risk that the jury would draw unwarranted inferences of wrongdoing." *Id.* at 1, 3. Now, even though Ms. Brooks – like Dr. Conroy – does not purport to offer any conclusions about her findings, the Defendants nevertheless take the position that the Court must *admit* Ms. Brooks's similarly fact-based accounting testimony precisely *because* it may establish facts that may allow the factfinder to draw inferences against the Plaintiffs' credibility and emotional distress. *See Defs.' Opp.* at 3-4. Where before the Defendants moved to exclude Dr. Conroy's testimony because he offers "statements of fact" that are "undisputed" and "have nothing to do with [his] financial expertise," *see Defs.' Mot. to*

2

*Exclude Expert Testimony of Patrick E. Conroy* at 8-9, they now claim that the *very same sort of testimony* "more than satisfies" the relevancy standard in this Circuit.  *See Defs.' Opp.* at 4.  The admissibility of expert testimony, however, does not depend on the party who offers it, and the Defendants' Opposition highlights the double standard that has become their strategy throughout this expert motion practice.[2]

The Defendants are wrong about both experts.  The Plaintiffs do not contest Ms. Brooks's expert testimony because she is a fact-based expert witness who does not connect her findings to the issues presented.  The Plaintiffs do not contest Ms. Brooks's expert testimony because it may allow the factfinder to draw inferences against the Plaintiffs' credibility.  Rather, the Plaintiffs contest Ms. Brooks's expert testimony simply because it is irrelevant to the resolution of the Plaintiffs' claims.  This case is about the Plaintiffs' Ascot and QP I investments and the fraud perpetrated on the Plaintiffs by the Defendants through their investments in *those* funds.  Unlike Ms. Brooks, Dr. Conroy actually proposes to testify about the investment funds that are directly in issue.   If the Defendants want to challenge the Plaintiffs' credibility on cross-examination because they ruminated about the effects of their Madoff-related losses on their retirement plans, that is one thing.  *Expert* testimony on these matters, however, does not meet the "special relevancy requirement" imposed by Fed. R. Evid. 702, and the Court must therefore exclude it.  *See Ruiz-Troche v. Pepsi Cola of P.R. Bottling Co.*, 161 F.3d 77, 81 (1st Cir. 1998) (citing *Daubert*, 509 U.S. 591-92).

**WHEREFORE**, the Plaintiffs respectfully request that the Court exclude Sonia M. Brooks, CPA from offering any expert testimony pursuant to Fed. R. Evid. 702, *Daubert v.*

---

[2] By way of further example, the Defendants attempted to designate a fiduciary duty expert before moving to exclude the Plaintiffs' expert on the *very same* subject, Professor Arthur Laby, on grounds that such testimony is categorically improper.  Next, while they moved to exclude Professor Laby's testimony under the claim that he offered impermissible conclusions, the Defendants simultaneously sought to exclude Dr. Conroy's testimony because he did *not* offer the *very same* sort of conclusions.

*Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993) and *Kumho Tire Co. v. Carmichael*, 526 U.S. 137 (1999).

      Dated at Portland, Maine this 24th day of August, 2012.

/s/    <u>Jay P. McCloskey   </u>
        Jay P. McCloskey

/s/    <u>Thimi R. Mina    </u>
        Thimi R. Mina

/s/    <u>Alfred C. Frawley IV </u>
        Alfred C. Frawley IV

Attorneys for the Plaintiffs
MCCLOSKEY, MINA & CUNNIFF, LLC
12 City Center
Portland, Maine 04101
(207) 772-6805

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| **DANIEL R. GOLDENSON,** et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| **v.** | ) | Docket No. 2:10-CV-440-JAW |
| | ) | |
| **JOHN L. STEFFENS,** et al., | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' CERTIFICATE OF SERVICE

I hereby certify that on August 24, 2012, I have electronically filed the foregoing **PLAINTIFFS' REPLY TO DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE THE EXPERT TESTIMONY OF SONIA M. BROOKS, CPA PURSUANT TO FED. R. EVID. 702 AND *DAUBERT/KUMHO*** the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

James T. Kilbreth, Esquire
DRUMMOND WOODSUM & MACMAHON
84 Marginal Way Number 600
Portland, ME 04101

David Spears, Esquire (*pro hac vice*)
Michelle Skinner, Esquire (*pro hac vice*)
Max Nicholas, Esquire (*pro hac vice*)
SPEARS & IMES LLP
51 Madison Avenue
New York, New York 10010

Dated this 24th day of August, 2012.

/s/      Alfred C. Frawley IV
Alfred C. Frawley IV

MCCLOSKEY, MINA & CUNNIFF, LLC
12 City Center
Portland, Maine 04101
(207) 772-6805
afrawley@lawmmc.com