UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL R. GOLDENSON, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | Case No. 10-CV-440 (JAW) |
| v. ) | |
| ) | |
| JOHN L. STEFFENS, et al., ) | |
| ) | |
| Defendants. ) | |

### DEFENDANTS' REPLY IN SUPPORT OF *DAUBERT/KUMHO* MOTION TO EXCLUDE EXPERT TESTIMONY OF ARTHUR LABY

Defendants respectfully submit this reply in support of their *Daubert/Kumho* motion to preclude Arthur Laby from offering expert testimony in this case.[1]

### ARGUMENT

Plaintiffs now admit that their expert designation for Arthur Laby was "couched in terms of legal conclusions," Opp. at 2 n.1 – rendering it defective as a matter of law. They further admit that they "cannot use expert testimony to establish that Defendants owed them fiduciary duties," *id*. at 4; that they "cannot seek to define 'fiduciary duty' and 'good faith and fair dealing' through expert testimony," *id.* at 5; and that Professor Laby "may not simply offer a legal conclusion that [Defendants] breached their fiduciary duties to the Plaintiffs," *id.* at 7, 9 – all of which the Laby Designation promises to do. Despite this complete disavowal of the Laby Designation, they nevertheless argue that they should be permitted to present Professor Laby as an expert so that he can testify either "in rebuttal" to presumed testimony by Defendants; "in the manner stated in [Plaintiffs'] Opposition;" or "as otherwise ordered by the Court." *Id.* at 2 n.1.

---

[1] Reference is made herein to Defendants' *Daubert/Kumho* Motion To Exclude Expert Testimony Of Arthur Laby (Dkt. No. 170) ("Motion" or "Mot."); Plaintiffs' Opposition to the Motion (Dkt. No. 176) ("Opposition" or "Opp."); and Plaintiffs' Designation of Arthur Laby (Dkt. No. 170, Ex. A) ("Laby Designation" or "Laby Desig.").

There is no basis to allow Professor Laby to testify as an expert witness. Having admitted that his designation was comprised of legal conclusions and that an expert cannot deliver precisely the kinds of opinions that his designation sets out, Plaintiffs cannot defend their offer of Professor Laby on the grounds that there are acceptable subjects to which he could, in theory, testify. For the reasons discussed in the Motion and largely conceded by Plaintiffs, the Laby Designation is defective, and it cannot simply be shed in favor of alternatives proposed for the first time in response to a motion to exclude. Professor Laby's improper designation mandates that he be precluded from offering expert testimony.

## I.   THE DEFECTIVE LABY DESIGNATION REQUIRES THAT PROFESSOR LABY BE PRECLUDED FROM TESTIFYING

Plaintiffs now concede, as they must, that the Laby Designation was comprised of "legal conclusions that track the Plaintiffs' Complaint." *Id.* As discussed in the Motion, legal conclusions are impermissible subjects of expert testimony. Acknowledging this, Plaintiffs seek to explain away their defective designation as a calculated litigation strategy: "[Plaintiffs used legal conclusions] in order to foresee and encompass testimony that was all but certain to be offered by the Defendants' counter-expert or the Defendants themselves, particularly because the Court instructed the parties that it would not allow rebuttal designations." *Id.* This admission of gamesmanship does not validate Plaintiffs' use of legal conclusions in drafting the Laby Designation; indeed, it only confirms that constructing the designation this way was a tactical, deliberate decision.[2]

---

[2] Plaintiffs' suggestion that Defendants' unsuccessful attempt to designate their own expert on fiduciary duty implicates the "doctrine of judicial estoppel," Opp. at 2 n.1, is outright disingenuous. As the First Circuit held in the very same case cited by Plaintiffs, in order for judicial estoppel to apply, "the responsible party must have succeeded in persuading a court to accept its prior position." *Rockwood v. SKF USA Inc.*, __F.3d__, 2012 WL 2437685, at *9

Without the anchor of the admittedly-improper Laby Designation, Plaintiffs adopt a malleable conception of Professor Laby's role at trial. They suggest three possibilities: (1) Professor Laby could testify "in rebuttal" to testimony by Defendants, whom Plaintiffs chose not to depose, in the event that Defendants "hold themselves out as *de facto* experts;" (2) "[o]therwise," he could testify "to the subjects and in the manner stated in [Plaintiffs'] Opposition;" or (3) he could testify "as otherwise ordered by the Court." *Id.* Contrary to these suggestions, Plaintiffs may not detach their expert from his designation and repurpose him to offer opinions on subjects set out in a subsequent opposition brief or to rebut possible lay testimony. The facts and opinions to which Professor Laby intends to testify were required to be set forth in his designation, *see* Fed. R. Civ. P. 26(a)(2), and the Laby Designation explicitly stated that "Professor Laby is expected to offer [the] opinions" listed in the designation, *see* Laby Desig. at 3. Plaintiffs' notion of Professor Laby's designation as a cocoon from which he can emerge when convenient to testify to other subjects is thus misconceived. *See also, e.g.*, *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 953 (10th Cir. 2002) (reversing trial court's denial of motion to strike expert reports where "it appears likely the experts' testimony at trial will contain substantially more information than was presented in the expert reports," and noting that "the substance of the direct examination" must be contained within the expert report); *Stored Value Solutions, Inc. v. Card Activation Tech., Inc.*, No. 09 Civ. 495, 2010 WL 3834457, at *2 (D. Del. Sept. 27, 2010) (expert testimony must be limited "to that disclosed in the expert reports"); *Wilson v. Hartford Ins. Co. of the Midwest*, No. 10 Civ. 993, 2011 WL 2670199, at *4 (W.D. Wash. July 7, 2011) ("No expert witness may introduce new opinions at trial.").

---

(1st Cir. June 28, 2012) (internal quotation marks omitted). Defendants' designation of Professor James Fanto was not accepted due to untimeliness, and he is not being offered as an expert in this case.

In short, Plaintiffs' candid acknowledgment that Professor Laby's designation was comprised of legal conclusions does not earn them the chance to effectively re-designate him through motion practice. The fundamental defects in his designation require that Professor Laby be precluded from testifying at trial.[3]

## II. THE LABY DESIGNATION CONTAINS INADMISSIBLE OPINIONS

In addition to Plaintiffs' concession that Professor Laby's designation was "couched in terms of legal conclusions," which by itself requires that he be precluded from testifying, they also single out as prohibited subjects of expert testimony the precise opinions Professor Laby intends to offer. First, Plaintiffs admit that they "cannot use expert testimony to establish that Defendants owed them fiduciary duties." Opp. at 4. That is exactly what Plaintiffs set out to do in the very first section of the Laby Designation. *See* Laby Desig. at 3     REDACTED

                                                                                                                              ; *see also* Mot. at 2-3. Second, Plaintiffs admit that they "cannot seek to define 'fiduciary duty' and 'good faith and fair dealing' through expert testimony." Opp. at 5. Again, Plaintiffs intend for Professor Laby to do exactly that. *See* Laby Desig. at 3-4     REDACTED

                                                                                                                              ; *see also* Mot. at 3-4. Finally, Plaintiffs admit that Professor Laby "may not testify . . . [as to] the governing law on fiduciary duty or that the Defendants violated the law," and that he "may not simply offer a legal conclusion that [Defendants] breached their fiduciary duties to the Plaintiffs." Opp. at 7, 9. Yet the longest section of the Laby Designation comes under the heading:                          REDACTED

---

[3] Defendants do not share Plaintiffs' concern that "a Maine juror" will be lost without expert testimony. Opp. at 2.

REDACTED         Laby Desig. at 4; *see also* Mot. at 4-7.  As discussed in the Motion, the Laby Designation charges Professor Laby with explicating the law and applying it to the facts of this case.  Those functions are reserved for the Court and the jury, respectively.

Plaintiffs devote the bulk of their Opposition to coming up with opinions that Professor Laby could conceivably deliver as an expert witness and arguing that those opinions would be admissible.  For example, they argue that expert testimony about "trading patterns, securities industry regulations, and complicated terms inherent in the practice of the securities industry" is admissible; that expert testimony on "the customs and practices of an industry are proper subjects for expert testimony;" and that an expert "may create the necessary context . . . for the jury to reach its own conclusions."  Opp. at 4, 5, 7.  Plaintiffs are describing a hypothetical expert designation that they did not draft.  The customs and practices of the securities industry are not the subject of the Laby Designation; rather, the explicit subject of the designation is what the law required of Defendants and how Defendants purportedly violated it.[4]  The designation repeatedly and pointedly concentrates on whether Defendants had legally binding fiduciary duties, what they were, and how they were breached.  To pretend otherwise, as Plaintiffs ask the Court to do, would require willfully ignoring the plain language of the designation.

The cases cited by Plaintiffs are inapposite, as they concern the type of "background testimony" that does not characterize the Laby Designation.  *See, e.g.*, *First Marblehead Corp. v. House*, 541 F.3d 36, 42 (1st Cir. 2008) (allowing expert testimony providing "context and framework" in case involving stock options); *Berckeley Inv. Grp., Ltd. v. Colkitt*, 455 F.3d 195, 218 (3d Cir. 2006) (finding that "background testimony" about "[t]he customs and business

---

[4] Only once, in the second of several miscellaneous opinions attributed to Professor Laby, is the concept of industry practice even alluded to.  *See* Laby Desig. at 6.  Tellingly, Plaintiffs never quote from the Laby Designation.

practices in the securities industry" could be helpful to the jury).[5] Plaintiffs' attempt to repackage their blatant description and application of the law in the Laby Designation as an innocuous form of background testimony on the workings of an industry is a transparent papering-over and does not pass muster. *See Pelletier v. Main Street Textiles, LP*, 447 F.3d 48, 55-56 (1st Cir. 2006) (affirming exclusion of expert testimony where "there was some reason to suspect that the 'customs and practices' referred to were merely the [legal] regulations, without referring to them as such"); *see also, e.g.*, *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) ("[T]estimony which articulates and applies the relevant law . . . circumvents the jury's decision-making function by telling it how to decide the case."); Mot. at 2-5.

Plaintiffs' designation of Professor Laby articulates and applies the law. It is an improper basis for expert testimony no matter how Plaintiffs try to rebrand it.

### III. PROFESSOR LABY'S DEPOSITION TESTIMONY EMBRACED IMPROPER LAY INFERENCES AND CANNOT REDEEM HIS DESIGNATION

Plaintiffs make occasional reference to Professor Laby's deposition testimony. *See* Opp. at 5. As a threshold matter, Professor Laby's deposition cannot bail out his defective designation. *See, e.g.*, *Ciomber v. Cooperative Plus, Inc.*, 527 F.3d 635, 642 (7th Cir. 2008) ("Rule 26(a)(2) does not allow parties to cure deficient expert reports by supplementing them with later deposition testimony."); *LaMarca v. United States*, 31 F. Supp. 2d 110, 123 (E.D.N.Y. 1998) ("[D]eposition testimony does not cure deficiencies in the Rule 26(a)(2)(B) notice.") (internal quotation marks omitted). In any event, Plaintiffs have not substantially addressed

---

[5] *See also, e.g.*, *United States v. Offill*, 666 F.3d 168, 173 (4th Cir. 2011) (finding that trial court had not abused its discretion in allowing testimony from experts designated to opine on "securities registration, exemptions from registration, restricted and unrestricted securities, and the functioning of markets"); *Vucinich v. Paine, Webber, Jackson & Curtis, Inc.*, 803 F.2d 454, 461 (9th Cir. 1986) (allowing testimony about the rules of the New York Stock Exchange because those rules *were not "civil law"*) (emphasis added).

Professor Laby's improper reliance on lay inferences and summation of the evidence during his deposition.  *See* Mot. at 8-10.  Plaintiffs argue that Professor Laby was entitled to effectively translate complex documents, *see* Opp. at 10, but they do not explain his summation of disputed facts, *see* Mot. at 9-10.  Even the cases Plaintiffs cite squarely prohibit this practice.  *See Highland Capital Mgmt., L.P. v. Schneider*, 551 F. Supp. 2d 173, 180 (S.D.N.Y. 2008) ("[The expert's] factual narrative of events giving rise to this action is inadmissible.  [The expert] has no personal knowledge of these facts and they are lay matters that the jury is capable of understanding and deciding without [his] testimony.").  Professor Laby's detours into lay testimony and narrative summation, as described in the Motion, create a high risk of prejudice and provide an independent basis to exclude his testimony.

*   *   *

Plaintiffs drafted a designation for Professor Laby unabashedly offering his opinions on what the law is and how it should be applied to the facts.  They are not really defending that designation, which they belatedly admit was characterized by "legal conclusions," but an imaginary one that provides background information on the customs and practices of the securities industry.  Only their actual designation, however, can provide a basis for Professor Laby to testify.  It does not, and he should be excluded as an expert witness.

## CONCLUSION

For the foregoing reasons, Defendants respectfully request that Professor Laby be precluded from testifying as an expert witness in this case.

Dated:  August 24, 2012

                                                  Respectfully submitted,

SPEARS & IMES LLP

By: /s/ David Spears
    David Spears

By: /s/ Max Nicholas
    Max Nicholas
    Michelle Skinner
    51 Madison Avenue
    New York, New York 10010
    Telephone: (212) 213-6996

DRUMMOND WOODSUM

By: /s/ James T. Kilbreth
    James T. Kilbreth
    Drummond Woodsum
    84 Marginal Way
    Portland, Maine 04101
    Telephone (207) 253-0555
    *Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on August 24, 2012, I caused the foregoing to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Thimi R. Mina
>Jay P. McCloskey
>Alfred C. Frawley
>McCloskey, Mina & Cunniff, LLC
>12 City Center
>Portland, ME 04101

Dated:  August 24, 2012                                        /s/ David Spears
                                                               David Spears
                                                               51 Madison Avenue
                                                               New York, New York 10010
                                                               (212) 213-6996
                                                               dspears@spearsimes.com