UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL R. GOLDENSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:10-cv-00440-JAW |
| | ) | |
| JOHN L. STEFFENS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DENYING THE PLAINTIFFS' AND THE DEFENDANTS' APPEALS OF THE MAGISTRATE JUDGE'S ORDER ON THE DEFENDANTS' MOTION TO STRIKE**

This securities-fraud lawsuit stems from the fall-out of Bernard Madoff's infamous Ponzi scheme. In an attempt to umpire an intractable discovery dispute, the Magistrate Judge imposed sanctions on the Plaintiffs for their failure to file an expert's supplemental designation by the discovery deadline. He pleased no one. Rankling at any sanction, the Plaintiffs appealed the Magistrate Judge's Order; frustrated at the Magistrate Judge's leniency, the Defendants also appealed. The Court concludes that the Magistrate Judge's Order was neither clearly erroneous nor contrary to law and it affirms the ruling.

**I.    BACKGROUND**

    **A.    Procedural History**

On June 4, 2012, the Defendants moved to strike as untimely the Plaintiffs' supplemental expert designation of Dr. Patrick E. Conroy. *Defs.' Mot. to Strike Pls.' Supplemental Expert Designation of Dr. Patrick E. Conroy as Untimely* (ECF No. 141) (*Defs.' Mot.*). The Plaintiffs responded to the Defendants' motion on June 18,

2012. *Pls.' Opp'n to Defs.' Mot. to Strike Pls.' Supplemental Expert Designation of Dr. Patrick E. Conroy* (ECF No. 150) (*Pls.' Opp'n*). On June 22, 2012, the Defendants replied to the Plaintiffs' opposition. *Defs.' Reply in Supp. of Mot. to Strike Pls.' Supplemental Expert Designation of Dr. Conroy as Untimely* (ECF No. 153) (*Defs.' Reply*).

The Magistrate Judge issued an Order on July 5, 2012, granting in part and denying in part the Defendants' Motion to Strike. *Mem. Decision and Order on Defs.' Mot. to Strike Expert Designation* (ECF No. 158) (*Order*). On July 19, 2012, the Plaintiffs filed an appeal of the Magistrate Judge's Order. *Pls.' Appeal of the Magistrate Judge's Order on Defs.' Mot. to Strike Expert Designation* (ECF No. 161) (*Pls.' Appeal*). The Defendants filed a partial appeal of the Magistrate Judge's decision on July 19, 2012, *Defs.' Partial Appeal of the Magistrate Judge's Decision on Defs.' Mot. to Strike the Expert Designation of Dr. Patrick E. Conroy* (ECF No. 162) (*Defs.' Appeal*), and responded to the Plaintiffs' appeal on August 6, 2012, *Defs.' Resp. to Pls.' Appeal of the Magistrate Judge's Order on Defs.' Mot. to Strike Expert Designation* (ECF No. 172) (*Defs.' Opp'n to Pls.' Appeal*). The Plaintiffs responded to the Defendants' partial appeal on August 6, 2012. *Pls.' Resp. to Defs.' Partial Appeal of the Magistrate Judge's Decision on Defs.' Mot. to Strike the Expert Designation of Dr. Patrick E. Conroy* (ECF No. 171) (*Pls.' Opp'n to Defs.' Appeal*).

B.  **Factual Overview**

The Court adopts the Magistrate Judge's recitation of the facts and provides a brief summary for context. *See Order* at 4-8. After granting two extensions, on

February 6, 2012, the Magistrate Judge extended the Plaintiffs' deadline for expert designations until February 29, 2012 "without prejudice to the filing of a further motion to extend that deadline for good, articulable reasons, if a routine modification of any expert designation(s) is inadequate." *See Am. Report of Hr'g and Order Re: Scheduling of Sept. 28, 2011* at 2 (ECF No. 54); *Report of Hr'g and Order Re: Disc. and Scheduling of Feb. 6, 2012* at 7 (ECF No. 79) (*Feb. 6, 2012 Order*). On February 19, 2012, in a motion for protection, the Plaintiffs asked to extend the Court's February 29, 2012 expert designation deadline. *Pls.' Mot. for Protection and for Order to Show Cause as to Why Sanctions Should Not be Entered* at 1 (ECF No. 85) (*Pls.' Mot. for Protection*). At a hearing on the Plaintiffs' motion, when asked about the status of expert designations, the Plaintiffs informed the Court that, "[w]e have designated our experts . . . I don't think experts are going to be the problem." *Defs.' Opp'n to Pls.' Appeal* Attach 2, *Tr. of Mar. 22, 2012 Hr'g*.

On February 29, 2012, the Plaintiffs served their expert designations, including Dr. Conroy's designation, on the Defendants. *Id.* However, the Plaintiffs informed the Defendants that they could not confirm the full extent of Dr. Conroy's expected testimony because they were still waiting for the Defendants to provide documents relevant to his testimony. *Id.*; *see also Decl. of Max Nicholas in Supp. of Defs.' Mot. to Strike Pls.' Supplemental Expert Designation of Dr. Patrick E. Conroy as Untimely* (ECF No. 142) (*Nicholas Decl.*) Attach 1, *Pls.' Expert Witness Designations* (*Pls.' Expert Witness Desigs.*). On April 14, 2012, the Magistrate Judge extended the discovery deadline from May 7, 2012 to May 21, 2012 "solely for

3

the purpose of taking expert depositions." *Report of Hr'g and Order Re: Disc., Scheduling of April 14, 2012* (ECF No. 103).

In a series of emails between the parties, the Defendants pointed out that they needed to receive Dr. Conroy's supplemental designation information by May 16, 2012 to meet the "discovery cutoff." *See Order* at 5-6; *Nicholas Decl.* Attach 9, *Email from James T. Kilbreth to Alfred Frawley (May 10, 2012)*. In response, the Plaintiffs stated that they would try to comply with the discovery deadlines but that the Defendants' slow delivery of documents was the source of the Plaintiffs' delay. *See Nicholas Decl.* Attach 10, *Email from Alfred Frawley to James T. Kilbreth (May 10, 2012)*. On May 25, 2012, the Plaintiffs served Dr. Conroy's supplemental designation on the Defendants. *Nicholas Decl.* Attach 2, *Pls.' Supplementation to the Expert Witness Designation of Patrick E. Conroy, Ph.D.*

Pursuant to Rule 26(b), on May 31, 2012, the Defendants wrote the Magistrate Judge requesting leave to file a motion to strike Dr. Conroy's supplemental expert designation. FED. R. CIV. P. 26(b); *see Order* at 6. In response, the Plaintiffs wrote the Magistrate Judge and explained that Dr. Conway had been away on work, that Dr. Conway and the Plaintiffs needed to review voluminous documents before filing his supplemental designation, and that the Court's February 6, 2012 Order contemplated "routine modifications of any expert designation" and authorized the Plaintiffs' May 25th filing. *See Order* at 7-8. Despite the Plaintiffs' letter, the Magistrate Judge granted the Defendants permission to file a motion to strike. *See Order* at 2.

## II.     THE MAGISTRATE JUDGE'S ORDER

In his July 5, 2012, Memorandum Decision, the Magistrate Judge granted in part and denied in part the Defendants' motion to strike. *See Order* at 14. First, the Magistrate Judge agreed that Dr. Conway's expert designation was untimely and did not comply with Rule 26(a)(2)(A)-(B). *See* FED. R. CIV. PRO 26(a)(2)(A)-(B); *Order* at 1, 8-9. The Magistrate Judge also rejected the Plaintiffs' assertion that Rule 26(e)(2) allowed them to supplement Dr. Conroy's designation until August 5, 2012, because that rule contemplates "additions or changes" to information in the expert report and Dr. Conroy's initial designation did not contain a complete report. FED. R. CIV. PRO. 26(e)(2); *Order* at 8-9. The Magistrate Judge concluded: "Although the plaintiffs designated Dr. Conroy by the February 29, 2012, deadline, the designation effectively was nothing more than a placeholder without sufficient substance" especially since "there was no statement of any opinion that Dr. Conroy would express." *Order* at 9. Even if Rule 26(e)(2) applied, the Magistrate Judge decided that the Plaintiffs' filing would still be late because "[t]he Plaintiffs failed to supplement the Conroy designation by the [Court's] deadline." *Id.; see* FED. R. CIV. P. 26(a)(3)(B), (e)(2). Further, the Magistrate Judge concluded that the Plaintiffs, rather than the Defendants, bore the burden of requesting a deadline extension. *Id.* at 10.

Next, although the Magistrate Judge found that the Plaintiffs' failure to timely file Dr. Conroy's supplemental designation was not harmless, he concluded that the Plaintiffs' late filing was substantially justified. *Id.* at 10-11. The

5

Magistrate Judge considered the parties' contentious discovery disputes, the delayed transmission of relevant documents to the Plaintiffs, Dr. Conroy's busy work schedule, the Plaintiffs' timeline for filing the supplemental designation, and the fact that the Defendants had notice of Dr. Conroy's future testimony persuasive in his analysis. *Id*. Nevertheless, the Magistrate Judge awarded the Defendants sanctions in the amount of the Defendants' reasonable costs of pursing their motion to strike. *Id*. at 12. The Magistrate Judge stated that the Plaintiffs' "lack of concern" about their failure to comply with the Court's scheduling orders and discovery deadlines motivated his decision. *Id*. at 12-13. In addition, the Magistrate Judge granted, "without objection", the Defendants' request to enlarge the discovery period so that they could depose Dr. Conroy and re-depose the Goldensons on issues relating to Dr. Conroy's supplemental designation. *Id*. at 13.

### III.  PARTIES' POSITIONS

#### A.  Plaintiffs' Appeal

The Plaintiffs insist that the Magistrate Judge's decision to sanction them for their "late" supplemental designation is clearly erroneous for five reasons: (1) that the Plaintiffs duly designated Dr. Conroy on February 29th based on information available to them; (2) that the Magistrate Judge did not rule on the Plaintiffs' February 19th request to extend the designation deadline, apparently because the Plaintiffs' February 29th expert designations mooted the need for any extensions; (3) that the Defendants never moved to strike Dr. Conroy's designation; (4) that Dr. Conroy's supplementation was a supplemental disclosure pursuant to Rule

6

26(a)(2)(B) because it contained "additions or changes" to the information contained in his designation; and (5) that Dr. Conroy's supplementation depended on his review of documents that were drafted and produced by Defendants and had "otherwise been made known to the other parties during the discovery process." *Pls.' Appeal* at 6.

Second, the Plaintiffs contend that the Magistrate Judge "erroneously interpreted [his] scheduling order" and failed to recognize that Rule 26(e)(2) permitted their May 25th filing. FED. R. CIV. PRO. 26(e)(2); *Pls.' Appeal* at 7.

Third, the Plaintiffs insist that they did not move for an extension with the Court because on February 19, 2012, they had already moved for an extension of the expert designation deadline. *Pls.' Appeal* at 8. The Plaintiffs claim that the Magistrate Judge never ruled on their motion. *Id.*

Next, the Plaintiffs point out that the Magistrate Judge did not determine whether the Plaintiffs were substantially justified in disobeying the Court's discovery order and list five reasons to support their "substantially justified misunderstanding" of the order and the Federal Rules. *Id.* at 8-9. The Plaintiffs maintain that they "served Dr. Conroy's [s]upplementation as promptly as possible and made him available for an out-of-time deposition" as additional evidence of their good faith. *Id.* at 9.

Finally, the Plaintiffs assert that the Magistrate Judge failed to determine whether other circumstances made an award of sanctions unjust. *Id.*

7

### B. Defendants' Response to the Plaintiffs' Appeal

The Defendants first respond that the Magistrate Judge was not required to rule on the Plaintiffs' February 19th deadline extension request because at a hearing on their motion for protection the "*Plaintiffs told* [the Magistrate Judge] *he did not have to.*" *Defs.' Opp'n to Pls.' Appeal* at 5-6 (emphasis in the Defendants' opposition). The Defendants say that even if the Plaintiffs' February 19, 2012 extension request was not waived at their March 22, 2012 hearing, its pending status cannot excuse the Plaintiffs' failure to request an extension of the May 7th and May 21st discovery deadlines. *Id.* at 5.

Second, the Defendants insist that the Magistrate Judge correctly interpreted his scheduling orders and that "[e]ven setting aside the Magistrate Judge's interpretation of his own orders . . . [the] Plaintiffs' competing interpretation makes no sense." *Id.* at 7.

Third, the Defendants contend that the Plaintiffs' "after-the-fact" agreement to extend the deposition deadline for Dr. Conroy does not excuse their failure to comply with the May 21st deadline. *Id.* at 8. In addition, the Defendants argue that the Plaintiffs did not establish substantial justification for their noncompliance with the Magistrate Judge's discovery orders given their emails to defense counsel and their failure to request an extension for the May 7th and May 21st discovery deadlines. *Id.* at 9-10. Finally, the Defendants make clear that the imposition of costs is just because it is a less extreme sanction than originally sought by the Defendants—Dr. Conroy's exclusion. *Id.* at 10.

8

### C. Defendants' Partial Appeal of the Magistrate Judge's Decision

In the event that the Court grants the Plaintiffs' appeal, the Defendants ask the Court to "impose the alternative sanction of excluding Dr. Conroy as an expert witness in this case." *Defs.' Appeal* at 3.

### D. Plaintiffs' Response to the Defendants' Partial Appeal

The Plaintiffs first argue that the Defendants' partial appeal fails to recognize that the Plaintiffs filed and still await a decision on a request for protection from the February 29, 2012 expert designation deadline. *Pls.' Opp'n to Defs.' Appeal* at 2. They assert that the "mere fact of this pending but unanswered request should at the very least protect the Plaintiffs from sanctions." *Id.* Further, the Plaintiffs contend that "[t]he Defendants' discovery tactics are the reason for the overwhelming docket in this case" and that on several occasions they forced the Plaintiffs to engage in seemingly unnecessary motion practice. *Id.* at 2-3.

## IV. DISCUSSION

### A. Standard of Review

The Magistrate Judge's authority to rule on a non-dispositive pretrial matter emanates from 28 U.S.C. § 636(a)(1)(A), which provides that a district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court." After a party files a timely objection to the Magistrate Judge's order on a non-dispositive matter, the District Court must "modify or set aside any part of the order that is clearly erroneous or is contrary to law." FED. R. CIV. PRO. 72(a); 28 U.S.C. § 636(b)(1)(A) ("A judge of the court may reconsider any pretrial

9

matter . . . where it has been shown that the magistrate's [magistrate judge's] order is clearly erroneous or contrary to law"). The discovery issues addressed in the Magistrate Judge's Order are "pretrial matter[s] not dispositive of a party's claim or defense" within the purview of Federal Rule of Civil Procedure 72(a). FED. R. CIV. PRO. 72(a).

Under the "clearly erroneous standard", the Court "must accept both the trier's findings of fact and conclusions drawn therefrom unless, after scrutinizing the entire record, [it] 'form[s] a strong, unyielding belief that a mistake has been made.'" *Phinney v. Wentworth Douglas Hosp.*, 199 F.3d 1, 4 (1st Cir. 1999) (citing *Cumpiano v. Banco Santander P.R.*, 902 F.2d 148, 152 (1st Cir. 1990)). "[S]anctions pursuant to Rule 37 . . . are [also] generally reviewed under the 'clearly erroneous or contrary to law' standard." *Russo v. Baxter Healthcare Corp.*, 51 F. Supp. 2d 70, 75 (D.R.I. 1999); *see also In re. Subpoena to TD Bank, N.A.*, No-8-101-P-S, 2008 U.S. Dist. LEXIS 99888, at * 2-3 (D. Me. Dec. 1, 2008).

### B. The Magistrate Judge's Imposition of Sanctions

The parties' primary dispute concerns the Magistrate Judge's imposition of sanctions. *See* Part I.C.1. Here, the Magistrate Judge sanctioned the Plaintiffs for their "lack of concern about whether [Dr. Conroy's] designation was made before or after the May 21, 2012 [discovery] deadline." *See Order* at 12-13. Pursuant to Rule 37(b)(2)(C), the Court ordered the Plaintiffs to pay the Defendants the "reasonable costs of pursuing the Motion." *Order* at 12; *see* FED. R. CIV. P. 37(b)(2)(C). The

10

Court concludes that the Magistrate Judge's ruling was neither clearly erroneous nor contrary to law.

### 1.     Dr. Conroy's Untimely Supplemental Designation

The Plaintiffs list five reasons why the Magistrate Judge's sanctions decision is clearly erroneous or contrary to law as it relates to Dr. Conroy's "untimely" supplemental designation. *See Pls.' Appeal* at 6. In *Rosario-Diaz*, the First Circuit stated that the "Civil Rules endow trial judges with formidable case-management authority . . . [and] litigants have an unflagging duty to comply with clearly communicated case-management orders . . . ." 140 F.3d at 315. "[A] litigant who ignores a case-management deadline does so at his peril . . . ." *Id*. The Court also noted that where a range of sanctions were available, the Court "acknowledge[s] the trial judge's special coign of vantage and give[s] him a wide berth to determine what sanction responds most aptly to a particular infraction." *Id*.

Similarly, in *Serrano-Perez v. FMC Corp.*, the First Circuit noted that "[t]he use of discovery closure dates and deadlines for disclosure of the identities of experts are important tools for case management." 985 F.2d 625, 629 (1st Cir. 1993). In *Serrano-Perez*, the First Circuit affirmed the district court's decision to deny the plaintiffs' motion for reconsideration of summary judgment because the plaintiffs did not introduce their proposed expert by the designated pretrial discovery deadline. *Id*. at 628-29. The First Circuit observed that "to find that the district court abused its discretion in denying the motion for reconsideration, we

11

would be flouting our own precedent, abdicating our supervisory responsibility, and turning over control of discovery to the lawyers." *Id.* at 629.

In light of First Circuit precedent and the Federal Rules of Civil Procedure, the Court affirms the Magistrate Judge's award of sanctions and rejects the Plaintiffs' five grounds for reversal. First, the Court concurs with the Magistrate Judge that Dr. Conroy's supplemental designation was untimely given the Court's clear scheduling orders and Rule 26(a)(2)(A)-(B). FED. R. CIV. P. 26(a)(2)(A)-(B); *see* Part I.B.1. Instead of filing a "complete statement of all opinions" on February 29th, the Plaintiffs simply "described the methodology that [Dr. Conroy] would use in expressing opinions when he had sufficient data to formulate them." FED. R. CIV. P. 26(a)(2)(A)-(B); *Order* at 9; *see Pls.' Expert Witness Desigs.* at 11 ("no further information concerning Dr. Conroy's opinions can be provided at this time in the context of this designation"). Thus, because the Plaintiffs openly acknowledge that they were not submitting a "complete" designation for Dr. Conroy on February 29, 2012—the deadline for expert designations without approved extensions—the Plaintiffs did not comply with Rule 26(a)(2)(B). *See* FED. R. CIV. P. 26(a)(2)(A)-(B) (stating that an expert witness's initial designation "must contain: (i) a complete statement of all opinions the witness will express and the basis and reasons for them . . .").

The Court also rejects the Plaintiffs' argument that their supplemental designation was valid under Rule 26(e)(2). The Court agrees with the Magistrate Judge that Rule 26(e)(2) only applies to designations made in compliance with Rule

12

26(a)(2)(B). FED. R. CIV. P. 26(e)(2) ("For an expert whose report must be disclosed under Rule 26(a)(2)(B), the party's duty to supplement extends both to information included in the report and to information given during the expert's deposition"). Unfortunately for the Plaintiffs, their "mistaken beliefs" about Rule 26(e)(2)'s applicability does not excuse their noncompliance with Rule 26(a)(2)(B).[1] The Plaintiffs had the obligation to raise with the Court any confusion or uncertainty about these two Rules and their applicability before filing Dr. Conroy's supplemental designation. See *Rosario-Diaz*, 140 F.3d at 315 ("[w]e think that, at the very least, the appellants should have . . . kept the court abreast of any difficulties they were encountering with regard to legal representation").

Moreover, the Plaintiffs' argument that Dr. Conroy's supplemental designation was unnecessary given the Defendants' delayed transfer of documents is unconvincing. The Plaintiffs cite Rule 26(e)(1)(A) and compare *Curet-Velazquez v. ACEMLA de P.R., Inc.*, 656 F.3d 47 (1st Cir. 2007), to the facts at hand to justify their late filing, arguing that Dr. Conroy's supplementation depended on documents that the Defendants "resisted" giving them. FED. R. CIV. PRO. 26(e)(1)(A); *Pls.' Appeal* at 6, 6 n.7. First, Rule 26(e)(1)(A) does not authorize the Plaintiff's late designation as it simply directs parties to supplement incomplete or incorrect disclosures and responses made during pretrial discovery "in a timely manner."

---

[1] As the Court agrees with the Magistrate Judge that Rule 26(e)(2) does not apply to Dr. Conroy's supplemental designation, it finds the Plaintiffs' argument that the Magistrate Judge "erroneously interpreted the scheduling order" untenable. *Pls.' Appeal* at 7; *see Global Naps, Inc. v. Verizon New Eng. Inc.*, 603 F.3d 71, 94 (1st Cir. 2010) ("the defendants . . . urge that the district court's discovery orders were directed at [the plaintiffs], not them. We will defer to the district court's contrary interpretation of its own orders").

FED. R. CIV. PRO. 26(e)(1)(A).  Furthermore, *Curet-Velazquez* is not controlling because, unlike here, the defendants delayed submitting documents relevant to the plaintiffs' expert's testimony until the day of the plaintiffs' expert's deposition—one week before trial.  656 F.3d at 56.  "In law as in life, two wrongs do not make a right" and a delay in the delivery of documents does not justify the Plaintiffs' noncompliance with Court orders.  *Muler-Abreu v. P.R. Police Dep't*, 675 F.3d 88, 92 (1st Cir. 2012).

    Next, even if the Plaintiffs' motion to extend the February 29th expert designation deadline was pending, they must still comply with the Court's scheduling orders.[2]  *See Pls.' Mot. for Protection and for Order to Show Cause as to Why Sanctions Should Not be Entered* at 10 (ECF No. 85).  Regardless of whether the Plaintiffs waived their designation deadline request, they filed their "supplemental" expert designation on May 25, 2012, four days after the Court's discovery deadline of May 21, 2012.  *See Order*; Part I.A.2.  By their late filing, the Plaintiffs disregarded the Court's case management authority and the Federal Rules.  *See Rosario-Diaz*, 140 F.3d at 315; *Serrano-Perez*, 985 F.2d at 629.[3]

    Finally, the fact that the Defendants did not move to strike Dr. Conroy's insufficient designation before the Plaintiffs served their supplemental designation on May 25th does not render the Magistrate Judge's sanctions ruling clearly

---

[2]    Technically, the Plaintiffs' February 19, 2012 motion remains pending.  Consistent with the Magistrate Judge's order and this opinion, the Court dismisses the motion as moot.
[3]    As the Court concludes that the Plaintiffs' pending motion to extend the February 29, 2012 expert designation deadline does not excuse their noncompliance with other discovery deadlines set by the Magistrate Judge, the Court agrees with the Magistrate that it was the Plaintiffs' burden to request a designation extension.  *See Order* at 10.

14

erroneous. In support, the Plaintiffs cite *White v. Meador*, 215 F. Supp. 2d 215 (D. Me. 2002) pointing out that the *White* Court stated that expert designations were insufficient but would still be accepted because "[c]ounsel [should have] at least give[n] opposing counsel a timely opportunity to remedy omissions in the required designations before seeking assistance from the court in obtaining the necessary information . . . ." *Id.* at 221. Here, the Defendants complied with *White* by emailing the Plaintiffs and informing them that they needed to supplement Dr. Conroy's designation before May 21, 2012. *Compare Order* at 5-6 (summarizing the parties' email correspondence regarding Dr. Conroy's designation), *with White*, 215 F. Supp. 2d at 221 ("from all that appears in the record, none of the moving defendants took any action to seek further information or to notify plaintiff's counsel that they considered the designations to be incomplete in any way"). The Defendants did not move to strike Dr. Conroy's supplemental designation until the Plaintiffs had plainly violated the Magistrate Judge's scheduling orders.

    **2.**    **Rule 37(b)(2)(C): Substantial Justification and Other Circumstances**

The Plaintiffs also argue that the Magistrate Judge's sanctions decision was clearly erroneous and contrary to law because he did not determine whether the Plaintiffs' mistaken beliefs regarding Dr. Conroy's designation were substantially justified or whether other circumstances made an award of expenses unjust. *Pls.' Appeal* at 8-9. According to Rule 37(b)(2)(C), the Court may "order the [party who disobeyed the Court's discovery order] . . . to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified

or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C). "A substantial justification is one that 'could satisfy a reasonable person.'" *Pan Am Grain Mfg. Co. v. P.R. Ports Auth.*, 295 F.3d 108, 116-17 (1st Cir. 2002) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

Here, although the Magistrate Judge did not make an explicit substantial justification finding pursuant to Rule 37(b)(2)(C), the Magistrate Judge's stated reasoning makes it plain that he considered other circumstances when making his sanctions ruling. *See Order* at 12-13 ("The plaintiffs, who knew that vital documents had not been transmitted to Dr. Conroy until April 26, 2012, and that he would be traveling on other business shortly thereafter, neither complied with the court's scheduling order deadlines nor moved for a deadline extension. Instead, this motion practice ensued"). Three of the five reasons the Plaintiffs list in support of their substantial justification argument have already been rejected by the Court. *See Pls.' Appeal* at 8; Part IV.B.1. Accordingly, the Court concludes that a reasonable person in the Plaintiffs' position would not have found that Rule 26(e)(2), the Plaintiffs' pending motion to extend the February 29th designation deadline, or the fact that the Defendants had not yet filed a motion to strike substantially justified the Plaintiffs' late filing. *See Pan Am Grain Mfg. Co.*, 295 F.3d at 116-17.

The Plaintiffs' fourth justification that—Dr. Conroy's supplemental designation was a "routine modification" as described in the Magistrate Judge's February 6, 2012 Order—is deficient because the Plaintiffs' interpretation of the

16

Magistrate Judge's Order would contravene both the Federal Rules and the Judge's own interpretation of his Order. *Feb. 6, 2012 Order* at 7; *Order* at 10 ("The supplemental designation of Dr. Conroy was hardly a 'routine modification'"). Furthermore, the Plaintiffs' agreement to extend the deadline for expert designations on May 31, 2012 is inconsequential as it does not justify the Plaintiffs' earlier decision to file their supplemental designation after the May 21, 2012 discovery deadline.

Finally, although the Magistrate Judge did not specifically find that other circumstances did not render the imposition of sanctions unjust, in light of the Plaintiffs' "lack of concern about whether the designation was made before or after the May 21, 2012[] deadline" and this case's complex and contentious discovery history, the Court concludes that the Magistrate Judge's determination was neither clearly erroneous nor contrary to law. *Order* at 12-13. The Plaintiffs argue that "[a]t bottom, the Magistrate Judge's Order subjects litigants to *sua sponte* sanctions for making innocent mistakes or for 'misconstru[ing] a statement' in a court order." *Pls.' Appeal* at 9. Yet, contrary to the Plaintiffs' position, the Magistrate Judge did not view their decision to file Dr. Conroy's supplemental designation on May 25, 2012 as an "innocent mistake[]." Instead, the Magistrate Judge concluded that the Plaintiffs' late filing showed "a lack of concern" and respect for the Court's case management authority. *Order* at 12-13.

The Plaintiffs argument, that "[t]o require the Plaintiffs, who are already the victims of financial fraud, to pay the Defendants' legal fees . . . is patently unfair", is

17

also unpersuasive because it does not excuse the Plaintiffs' conscious disregard for the Court's scheduling orders. *Pls.' Appeal* at 10 n.8. The Court defers to the Magistrate Judge's decision to impose sanctions. 140 F.3d at 315; *see also Velez v. Awning Windows, Inc.,* 375 F.3d 35, 43-44 (1st Cir. 2004) (""On appeal from an order imposing sanctions for noncompliance with a case-management order, we must defer to the trial court's informed assessment of the situation").

In sum, because the Court affirms the Magistrate Judge's decision to impose sanctions on the Plaintiffs in the amount of the Defendants' reasonable costs to pursue their motion to strike, the Court denies the Defendants' partial appeal and request for alternative sanctions. *See Defs.' Appeal* at 3.

## V. CONCLUSION

1. The Court DENIES the Plaintiffs' appeal of the Magistrate Judge's decision on the Defendants' Motion to Strike Expert Designation (ECF No. 161);

2. The Court DENIES the Defendants' partial appeal of the Magistrate Judge's decision on their Motion to Strike Expert Designation (ECF No. 162); and,

3. The Court DISMISSES as moot the Plaintiffs' Motion for Protection and for Order to Show Cause as to Why Sanctions Should Not Be Entered (ECF No. 85).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODOCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 1st day of February, 2013