UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| DANIEL R. GOLDENSON, et al., )<br>  )<br>  Plaintiffs )<br>  )<br>v. )<br>  )<br>JOHN L. STEFFENS, et al., )<br>  )<br>  Defendants ) | No. 2:10-cv-440-JAW |

MEMORANDUM DECISION AND ORDER ON PLAINTIFFS'
OBJECTION TO DEFENDANTS' SUBMISSION OF COSTS

By order dated July 5, 2012, I imposed a sanction on the plaintiffs pursuant to Federal Rule of Civil Procedure 37(b)(2)(C) in the form of the assessment of the defendants' reasonable costs of litigating a motion to strike as untimely the plaintiffs' supplemental expert designation of Patrick E. Conroy, Ph.D.  *See* Memorandum Decision and Order on Defendants' Motion To Strike Expert Designation ("Sanctions Order") (ECF No. 158) at 1, 12-14.  On February 5, 2013, following Chief Judge Woodcock's denial of cross-appeals of that order, the defendants submitted a statement to the plaintiffs requesting reimbursement of $32,987.50 for a total of 101.5 hours of work performed by attorney Max Nicholas at an hourly rate of $325, comprising 62.5 hours of work preparing the Conroy motion and reply and 39 hours of work preparing the defendants' response to the plaintiffs' appeal.  *See* ECF Nos. 161, 162, 187, & Exh. A (ECF No. 188-1) to Plaintiffs' Objection to Defendants' Submission of Costs ("Objection") (ECF No. 188).

The plaintiffs now object to that submission, requesting that any fee award for costs incurred in litigating the Conroy motion be denied or significantly reduced.  *See* Objection at 3-10.  For the reasons that follow, I sustain the objection in part, to the extent that I deny any award for fees incurred in responding to the Objection, reduce the compensable number of hours

1

incurred in preparing the Conroy motion and reply to 30 and in preparing the response to the plaintiffs' appeal to 19, and calculate the fee award based on an hourly rate of $200, and otherwise deny the objection. With these adjustments, the defendants are awarded fees of $9,800.

## I. Applicable Legal Standards

Federal Rule of Civil Procedure 37 permits a court to award, *inter alia*, as a sanction for a failure to obey a court order to provide or permit discovery, "the reasonable expenses, including attorney's fees, caused by the failure[.]" Fed. R. Civ. P. 37(b)(2)(C).

In this circuit, the reasonableness of attorney fees generally is assessed by the application of the "lodestar" method:

> When fashioning a fee award, the district court ordinarily starts by constructing what has come to be known as the lodestar. In general, the lodestar is the product of the number of hours appropriately worked times a reasonable hourly rate or rates. The party seeking the award has the burden of producing materials that support the request. These materials should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates. The putative payor may submit countervailing evidence. The court, usually after hearing arguments, will then calculate the time counsel spent on the case, subtract duplicative, unproductive, or excessive hours, and apply prevailing rates in the community (taking into account the qualifications, experience, and specialized competence of the attorneys involved).

*Hutchinson ex rel. Julien v. Patrick*, 636 F.3d 1, 13 (1st Cir. 2011) (citations and internal punctuation omitted). While *Hutchinson* concerned "an award of attorneys' fees under a typical federal fee-shifting statute[,]" *id*. at 6, "reasonableness is the touchstone of any award of attorneys' fees and expenses . . . whether the award is made as a consequence of a fee-shifting statute or as a sanction[,]" *SunTrust Mortg., Inc. v. AIG United Guaranty Corp*., Civil Action No. 3:09cv529, 2013 WL 870093, at *4 (E.D. Va. Mar. 7, 2013) (citation and internal punctuation omitted). Hence, the lodestar method appropriately is applied in this context. *See, e.g., Toborg*

*v. United States*, Civ. No. 1:11-CV-150 (GLS/RFT), 2012 WL 5472298, at *2 (N.D.N.Y. Oct. 19, 2012) (rec. dec., *aff'd*. Nov. 9, 2012) ("Where attorneys' fees are contemplated as a basis for sanctions, its essential core is fee-shifting and the lodestar method provides the most reasonable result.").

## II. Discussion

The plaintiffs request that the court deny or significantly reduce the requested fee award on four bases: that the defendants (i) did not timely file their fee submission, which was due on August 6, 2012, (ii) improperly requested fees incurred in connection with the appeal of the Sanctions Order, (iii) failed to provide proper fee documentation, and (iv) submitted a fee request that is unreasonable on its face with respect to both the number of hours claimed and the hourly rate requested. *See* Objection at 3-10. I address each of these points in turn.

1. *Timeliness of Fee Submission*. The plaintiffs first contend that the defendants' failure either to file their fee submission by the relevant deadline (August 6, 2012) or seek an extension of that deadline bars any recovery of fees pursuant thereto. *See id.* at 3-4; Sanctions Order at 14. They reason that "[e]ach and every single justification offered for imposing sanctions on the Plaintiffs applies with the same force to the Defendants' failure to comply with the deadline for their Submission[.]" Objection at 3-4. They cite *Kamps v. Fried, Frank, Harris, Shriver & Jacobson L.L.P.*, 274 F.R.D. 115, 120 (S.D.N.Y. 2011), in which the court refused to consider late-filed affidavits in support of a defendant's fee submission. *See id*. at 4. Yet, as the defendants point out, *see* Defendants' Response to Plaintiffs' Objection to Defendants' Submission of Costs ("Response") (ECF No. 189) at 3-4, the circumstances here are different. The defendants did not submit their accounting of costs on August 6, 2012, because, on July 19, 2012, the plaintiffs appealed the imposition of the cost-shifting sanction. *See id*.; *see also* ECF

3

No. 161.[1]  Within four days after the issuance of Chief Judge Woodcock's decision denying that appeal, they tendered their fee submission.  In the circumstances, the submission was timely. *See, e.g., Treanor v. MCI Telecomms. Corp.*, 150 F.3d 916, 919 (8th Cir. 1998) (plaintiff who had timely filed an appeal of a $4,000 sanction justifiably failed to pay while the issue of the sanction's validity was on appeal).

    2.  *Fees Incurred on Appeal*.  The plaintiffs next protest that the defendants improperly seek to recoup attorney fees incurred in litigating the defendants' "discretionary response" to the plaintiffs' appeal of the Sanctions Order.  *See* Objection at 4-5.  They reason that (i) they were ordered to pay only the defendants' reasonable expenses of litigating the Conroy motion, (ii) the Conroy motion did not seek a monetary sanction, but rather the sanction of the striking of the Conroy designation, (iii) they appealed the monetary sanction, and, (iv) hence, the defendants' response to that appeal dealt with an issue that was not the subject of the underlying Conroy motion.  *See id*.  They add that it would be "unfair in the extreme to retroactively impose costs on the Plaintiffs relating to the Defendants' Response to the Plaintiffs['] Appeal without first giving the Plaintiffs a warning that appealing the Magistrate Judge's Order would be at their own financial peril." *Id*. at 5.  The plaintiffs' interpretation of the scope of the Sanctions Order is, at best, strained.  I imposed sanctions "in the form of the assessment of the defendants' reasonable expenses of litigating the instant [Conroy] motion." Sanctions Order at 14.  Regardless of whether I imposed the sanction sought by the defendants or a lesser one, I acted on the Conroy motion, and the defense of any appeal of my decision was

---

[1] The defendants also appealed the Sanctions Order, but only on condition that the court sustained the plaintiffs' appeal and set aside the monetary sanction.  *See* ECF No. 162 at 1, 6 n.1.  If the plaintiffs had not appealed the order, the defendants would not have cross-appealed.  *See* ECF No. 189-1, ¶ 4.

part and parcel of the defendants' costs of litigating that motion. The defendants' bid to recoup those costs is neither surprising nor unfair. It is in accordance with the Sanctions Order.[2]

       3.      *Insufficient Documentation*. The plaintiffs next seek the denial of the fee award in its entirety on the ground that the defendants' February 5, 2013, submission falls woefully short of meeting their burden to document their requested costs. *See* Objection at 5-7; *Hutchinson*, 636 F.3d at 13 ("The party seeking the award has the burden of producing materials that support the request. These materials should include counsel's contemporaneous time and billing records, suitably detailed, and information anent the law firm's standard billing rates.") (citations omitted).

The defendants, who initially provided a one-paragraph description of the work performed in connection with the motion and reply and a one-paragraph description of the work performed in connection with the defense of the appeal, *see* Exh. A to Objection, do not deny that the February 5, 2013, submission is lacking in detail, *see* Response at 5-6. However, they point out that they invited the plaintiffs to engage in a dialogue if they had any questions or disagreements and, instead of meeting and conferring, the plaintiffs immediately filed the instant objection. *See id.*; ECF No. 189-1, ¶¶ 5-6; Exh. A to Objection. The defendants supply additional materials in support of their fee request, including (i) detailed descriptions of the work performed by Nicholas, *see* ECF No. 189-3, (ii) an affidavit of James Kilbreth, a shareholder at Drummond Woodsum and local counsel for the defendants, concerning the blended hourly rates that would have been charged had Drummond Woodsum handled the issue, as well as prevailing

---

[2] Nor was the defendants' response to the appeal "discretionary," to the extent that the plaintiffs mean to imply that it was unnecessary. As the defendants observe, *see* Response at 4 n.4, they "could not be expected to simply fail to respond to pleadings filed against them in a litigation."

local rates for associates, *see* ECF No. 189-4, and (iii) an affidavit of Nicholas concerning his qualifications and his work in connection with the Conroy motion, *see* ECF No. 189-5.[3]

While the better practice would have been for the defendants to supply greater detail at the outset, the denial of their fee request in full on that basis is unwarranted given that (i) the fees are imposed as a sanction, (ii) the plaintiffs ignored the defendants' offer to meet and confer regarding the fee submission, and (iii) the defendants now supply documentation sufficient to permit meaningful assessment of the reasonableness of their request. Nonetheless, the lack of detail in the original submission does counsel against the grant of the defendants' request to recoup their costs of responding to the instant objection, *see* Response at 1, 5, & n.6, and their fee request is denied to that extent.[4]

4. *Reasonableness of Request*. The plaintiffs finally seek denial of, or reduction in, the fee request on the basis that it is unreasonable on its face both in the sheer number of hours claimed for the work done and the hourly rate charged. *See* Objection at 7-9. They assert that the Conroy motion and reply could not possibly have taken any associate attorney 62.5 hours to research and write, pointing out that the preparation of their opposition to the motion required only approximately 14.5 hours of an associate attorney's time. *See id*. at 8-9; Exh. B (ECF No. 188-2) thereto, ¶ 8. They urge the court to compute any fee award using the local hourly rate of $175 for an associate attorney with five years' or less experience rather than claimed rate of $325 per hour for Nicholas. *See* Objection at 9 (citing *Desena v. LePage*, 847 F. Supp.2d 207, 215 (D. Me. 2012); *IMS Health Corp. v. Schneider*, No. 1:07-cv-00127-JAW, 2012 WL 4510634, at *19 (D. Me. Sept. 28, 2012)).

---

[3] Nicholas is an associate at Spears & Imes LLP, of New York, New York. *See* ECF No. 189-5, ¶ 1.
[4] The defendants did not submit their costs of responding to the plaintiffs' objection; they stated that they were prepared to do so if those costs were permitted. *See* Response at 5 n.6.

The defendants rejoin that the number of hours claimed is entirely reasonable given the importance of the issue and the fact that they have refrained from seeking fees for time spent on this matter by partners. *See* Response at 6-7. With respect to the requested hourly rate, they submit evidence that, (i) had Drummond Woodsum handled this matter, Kilbreth and an associate attorney would have charged a blended hourly rate of at least $300 to prepare the papers, and (ii) "it is simply not the case that associates with roughly 5 years of experience are somehow capped at $175 – [Kilbreth is] aware of associate rates at several firms which range from $160-$240 an hour." ECF No. 189-4, ¶¶ 2-3. In addition, they point out that *Desena* and *IMS Health* addressed the recovery of attorney fees pursuant to federal fee-shifting statutes rather than as a court-imposed sanction. *See* Response at 7 n.8.

I agree with the plaintiffs that both the number of hours and the hourly rate for which reimbursement is sought are excessive. I appreciate that the defendants (i) presented papers of excellent quality on an issue of great importance to them, (ii) prevailed (although I imposed a different sanction than that sought), and, (iii) for purposes of this fee request, exercised billing judgment by refraining from seeking reimbursement for time spent by partners or in connection with their own conditional appeal of the Sanctions Order, *see* ECF No. 189-1, ¶¶ 4, 13-14; ECF No. 189-4, ¶¶ 4-5.

Nonetheless, the issue presented was a fairly simple one based on well-understood legal principles: whether the court should strike as untimely the designation of one of the plaintiffs' experts. The defendants addressed that topic in (i) a 10-page motion to which was appended a two-page declaration of Nicholas attaching 10 exhibits, (ii) an eight-page reply memorandum to which was appended a one-page declaration of attorney Michelle Skinner attaching two exhibits, and (iii) an 11-page response to the plaintiffs' appeal of the Sanctions Order to which was

appended a one-page declaration of attorney David Spears and a one-page transcript excerpt. *See* ECF Nos. 141, 143 & attachments thereto, 153 & attachments thereto, 172 & attachments thereto. Little authority was cited in any of the three briefs, and little needed to be. Instead, the fate of the motion turned largely on facts bearing on the timeliness of the Conroy designation and the impact of that timing on the parties and the litigation generally – facts with which both sides presumably were fairly familiar.

The plaintiffs' attorney's time expenditure in preparing his clients' 10-page opposition to the Conroy motion, which likewise cited little authority, together with five attached exhibits including a declaration of that attorney, reasonably aligns with the fundamental simplicity of the matter: he logged 14.5 hours. *See* Response at 8-9; Exh. B (ECF No. 188-2) thereto, ¶ 8; ECF No. 150 & attachments thereto.

In the circumstances, I exercise discretion to pare the number of hours for which the defendants seek reimbursement by approximately 50 percent, from 62.5 hours for work preparing the Conroy motion and reply to 30, and from 39 hours for work preparing the defendants' response to the plaintiffs' appeal to 19, for a total of 49 reimbursable hours *versus* the requested 101.5.

As the plaintiffs also note, *see* Objection at 9, the defendants' hourly rate of $325 is excessive. This court "will approve an out-of-state rate that is higher than the local prevailing rate if the attorney requesting that rate has particular expertise that is not readily available in the local market." *Desena*, 847 F. Supp.2d at 215-16. The work of preparing a motion and briefs on whether an untimely expert designation should be stricken and whether a sanction imposed as a result of that transgression should be upheld on appeal requires no particular expertise that is unavailable in this market.

Nicholas graduated from law school in 2008, served as a law clerk to a judge, and began working at Spears & Imes in 2010. *See* ECF No. 189-5, ¶ 6. This court determined in March 2012 and reaffirmed in September 2012 that $175 is a reasonable local hourly rate for an associate attorney with comparable experience. *See Desena*, 847 F. Supp.2d at 215; *IMS Health*, 2012 WL 4510634, at *19. Kilbreth avers that he is "aware of associate rates at several firms which range from $160-$240 an hour[,]" ECF No. 189-4, ¶ 2. In view of the foregoing, including the fact that the defendants refrained from seeking reimbursement for time spent by partners, a rate of $200 per hour, the halfway point between the associate rates of which Kilbreth is aware and a rate close to that upheld by this court, is a reasonable local hourly rate for an associate of Nicholas' level of experience. Kilbreth also states that, if Drummond Woodsum had handled the issue, he would have worked on it with an associate and that their blended hourly rate would have been at least $300, assuming that the associate spent at least twice the hours he did in drafting the papers. *See id.* ¶ 3. However, the defendants seek an award predicated on the work of Nicholas and are not seeking fees for partner time. *See* ECF No. 189-3. The relevant local fee, thus, is that of a comparable associate, or $200 hourly.[5]

### III. Conclusion

For the reasons discussed above, the Objection is **SUSTAINED IN PART**, to the extent that I deny any award for fees incurred in responding to the Objection, reduce the compensable number of hours incurred in preparing the Conroy motion and reply to from 62.5 to 30 and in preparing the response to the plaintiffs' appeal from 39 to 19, and reduce the hourly rate at which

---

[5] While the defendants point out that the rulings in *Desena* and *IMS Health* were made in the context of statutory fee-shifting provisions rather than awards of attorney fees as sanctions, they do not explain why this is a distinction that matters. *See* Response at 7 n.8. In any event, as recently noted by the United States District Court for the Eastern District of Virginia, "'reasonableness' of a rate is a concept that does not vary depending on whether the hourly rate (or the fee for that matter) is assessed for compensatory purposes or for punitive purposes." *SunTrust*, 2013 WL 870093, at *4 (declining invitation by defendant to apply Second Circuit rule permitting the use of out-of-district rates in assessing sanctions).

fees are awarded from $325 to $200, and otherwise **DENIED**.  The defendants are awarded fees in the total amount of $9,800 for 49 hours of work performed by Nicholas in connection with the Conroy motion, including the defendants' defense of the plaintiffs' appeal of the Sanctions Order.

### *NOTICE*

*In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.*

*Failure to file a timely objection shall constitute a waiver of the right to review by the district court and to any further appeal of this order.*

Dated this 30th day of May, 2013.

/s/  John H. Rich III
John H. Rich III
United States Magistrate Judge