UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL R. GOLDENSON, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 2:10-cv-00440-JAW |
| | ) | |
| JOHN L. STEFFENS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER ON DEFENDANTS' OBJECTIONS AND COUNTER-DESIGNATIONS AND PLAINTIFFS' MOTION TO STRIKE**

With trial scheduled to begin tomorrow, the Defendants just filed a series of objections to the Plaintiffs' June 2, 2014 deposition designations, and have submitted their own designated portions of the deposition testimony. The Plaintiffs are understandably irritated at the late objections. With considerable reluctance, the Court agrees with the Defendants that it inadvertently failed to set a deadline for their objections to the deposition designations; therefore the Court is addressing the Defendants' objections and designations even though they are unusually tardy.

**I. BACKGROUND**

On April 14, 2014, the Court issued a pretrial order setting July 7, 2014 as the trial date and establishing several deadlines, including a June 2, 2014 deadline for deposition designations. *Minute Entry* (ECF No. 244). In accordance with that order, the Plaintiffs designated portions of the depositions of six witnesses: (1) Brian Burns, (2) Fabio Savoldelli, (3) Steven J. Spitz, M.D., (4) Arnold M. Mayberg, CPA, (5) J. Ezra Merkin, and (6) Sonia M. Brooks, CPA. *Pls.' Dep. Designations*

(ECF No. 266) (*Pls.' Dep.*).  On July 7, 2014, the jury was selected and trial is scheduled to begin on July 10, 2014.

The Defendants waited until July 8, 2014 to object to the Plaintiffs' deposition designations of three witnesses, (1) Fabio Savoldelli, (2) Steven J. Spitz, M.D., and (3) Ezra Merkin, and to make counter-designations. *Defs.' Objections and Counter-Designations to Pls.' Dep. Designations* (ECF No. 296) (*Defs.' Objections*). Irritated at the last minute filing, the Plaintiffs fired off a motion urging the Court to strike the Defendants' objections and counter-designations. *Pls.' Mot. to Strike Defs.' Objections and Counter-Designations to Pls.' Dep. Designations* (ECF No. 297) (*Pls.' Mot.*).  Quick to their own defense, the Defendants immediately responded. *Defs.' Resp. to Pls.' Mot. to Strike Defs.' Objections and Counter-Designations to Pls.' Dep. Designations* (ECF No. 298) (*Defs.' Resp.*).

## II. LATE MOTION

A preliminary question is whether the Defendants should have filed their objections to the Plaintiffs' deposition designations earlier.  The Pretrial Order specified when the deposition designations were due, but did not specify a due date for any objections to the designations.  This is a mistake the Court will not make again.  That said, the Defendants are technically correct that they could object and counter-designate at any time up to the presentation of the deposition itself. Whether waiting until the day after the jury is selected and the day before trial to press objections and counter-designations to earlier designated depositions is consistent with the spirit of professional cooperation commonly practiced in this

2

District is another matter. Here, the issue is aggravated by the fact that all the proffered depositions were videotaped and, therefore, adjusting the depositions is not simply a matter of striking and adding testimony from a transcript that would be read to a jury, but also requires the editing of a videotape to play to the jury.

### III. LAY WITNESS AS EXPERT

There is one exception. In their objections, the Defendants contend that Fabio Savoldelli is being offered as an "unqualified expert witness." *Defs.' Objections* at 1. The Plaintiffs deposed Mr. Savoldelli on February 16, 2012 and it is this deposition they intend to introduce as evidence in this case. *Pls.' Dep.* Attach. 2 *Dep. of Fabio Savoldelli*. Presumably the Plaintiffs did not designate Mr. Savoldelli as an expert witness; however, they did list him as a witness in their Pretrial Memorandum. *Pls.' Final Pretrial Mem.* Attach. 1 *Schedule A—List of Potential Witnesses* (ECF No. 241). At least as of the final pretrial conference, the Defendants were aware that the Plaintiffs intended to present Mr. Savoldelli as a witness and as of June 2, 2014, they were aware that the Plaintiffs had designated portions of his deposition testimony to be introduced at trial.

Nevertheless, the Defendants did not mention any issues about Mr. Savoldelli's testimony either in their pretrial memorandum or at the pretrial conference. *See Defs.' Pretrial Mem.* (ECF No. 242). The Court set a deadline of May 7, 2014 for motions in limine and, although the Defendants did file some motions in limine, they did not file a motion concerning Mr. Savoldelli's status as a lay or expert witness. From the Court's perspective, the Defendants should have

brought questions about whether Mr. Savoldelli should have been designated as an expert to the Court's attention long before the day before trial.

If the Defendants wished to contend that the Plaintiffs were presenting an expert witness in lay clothing, they could have (1) alerted the Court to the issue at the pretrial conference; (2) filed a motion in limine on or before May 7, 2014; or (3) filed some other motion in time to allow the Plaintiffs to properly respond and to allow the Court to consider the issue. To determine whether a proposed lay witness is being presented as an expert is a complicated issue because lay witnesses are allowed to testify about things in their particular field that may not be a matter of common knowledge to a jury. Yet, there is a line between lay and expert testimony that a lay witness with specialized knowledge will sometimes cross.

Because the Defendants waited until the day before trial to raise this issue, the Court concludes that the Defendants have waived the right to contend that Mr. Savoldelli is testifying as an expert. At the same time, the Court has quickly reviewed his designated deposition testimony—both by the Plaintiffs and the Defendants—and concludes that his testimony is consistent with that of a lay person with specialized knowledge of a particular field, and not of an expert. On both these bases, the Court overrules the Defendants' objections to Mr. Savoldelli's designated testimony as an expert witness.

## IV. DEFENDANTS' EVIDENTIARY OBJECTIONS

### A. Fabio Savoldelli

With the following exceptions, the Court overrules all of the Defendants' objections. The Court sustains the Defendants' objections to the following:

1) Page 28; Lines 15-17: "People thought he could have been front running, thought a lot of things about what he was doing."

2) Page 32: Lines 1-15.

The Court notes that the Defendants premised some objections on the asserted inadmissibility of the content of documents or papers that Mr. Savoldelli was asked about or mentioned during his testimony. The Court does not know whether these exhibits will be separately admitted into evidence, in which case they would not be hearsay, or whether the documents were being used merely to refresh Mr. Savoldelli's recollection, in which case the content of the document would have been excludable. The Court does not agree with Defendants' objection to any identification of a document used to refresh Mr. Savoldelli's recollection, but agrees that reading the content of the document itself poses an evidentiary issue if the document is not separately admitted into evidence.

### B.     Dr. Spitz

The Court overrules all of the Defendants' objections.

### C.     Ezra Merkin

The Court overrules all of the Defendants' objections.

## V.     DEFENDANTS' COUNTER-DESIGNATIONS

The Court reviewed each of the Defendants' counter-designations and has concluded that they are properly admissible. Because the Plaintiffs focused on the late nature of the Defendants' objections, they did not indicate any specific objections to the Defendants' counter-designations. If the Plaintiffs have any

specific objections, they are free to raise them to the Court—keeping in mind, however, that during trial, it will be more difficult to edit the videotape.

### A. Fabio Savoldelli Deposition Testimony

The Defendants made no counter-designations.

### B. Steven J. Spitz, M.D. and Ezra Merkin Deposition Testimony

Subject to Plaintiffs' objections, the Court approves all Defendants' counter-designations.

## VI. PARTING THOUGHT

In the Defendants' response, they represented to the Court that they could "perform such edits and provide a new version of the video to Plaintiffs so they can confirm the contents." *Defs.' Resp.* at 3. They further represented that "[g]iven the current state of technology, those decisions can easily be implemented in a very short amount of time." *Id.* Especially in view of the extraordinary lateness of the Defendants' actions, the Court intends to hold them to the letter of their representations.

The Court GRANTS IN PART the Defendants' Objections and Counter-Designations (ECF No. 296), to the extent the Defendants object to lines 28:15-17 and 32:1-15 of the deposition of Mr. Savoldelli and to the extent the Defendants offer counter-designations, the latter subject to the Goldensons' objections at trial; otherwise DENIES the Defendants' objections; and DENIES the Goldensons' Motion to Strike (ECF No. 297).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
CHIEF UNITED STATES DISTRICT JUDGE

Dated this 9th day of July, 2014